In The United States District Court
For The Western District Of Texas
Waco Division

Juan Javier Ornelas
TDCJ-CID # 01758617

v.

Alexander Hamilton

Case No.

W-18-CV-056



**FILED**

MAY 0 8 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

<u>Memorandum</u>
Additional Facts And Evidence
<u>Supporting Plaintiff's Complaint</u>

Page 1

On February 23, 2016: at TDCJ Boyd Unit, Officer Boykin found me in possession of K2: at Ex: A-001-2 ___. He then locked me up in the administration building. While I was in lock up, Officer Wickliffe approached my cell and began talking to me about the K2 business at Boyd. He then asked me if I wanted to become an informant and help stop dirty officers from smuggling K2 into Boyd. I agreed to become an informant and wrote a statement for him.

On or about February 25, 2016: Mr. Boykin took me to his office to talk about the statement that I wrote for Mr. Wickliffe. Mr. Boykin told me that he wasnt mad at me because I was just a prisoner who was being taken advantage of by dirty officers. He then told me that he would be contacting TDCJ-OIG Alexander Hamilton to set up a meeting for me to begin informing on dirty officers.

On or about March 4, 2016: I met with Mr. Hamilton and provided him with information on prisoners and officers who were buying/selling K2 at Boyd. Afterwards' Mr. Hamilton asked me if there was something that he could do for me. I told him that I was worried about getting a case and getting transferred to a gang infested unit where I would have problems. Mr. Hamilton told me not to worry about that and to write him if I needed anything else. I was then released to General Population (G.P.).
When I was released to G.P. officers began to tell the prisoners that I had snitched on everyone and didnt get a case. I was labeled a snitch and prisoners began to talk about assaulting me.
Former prisoner James Brown began to use all of this to pressure me for sexual favors. He offered me his protection in exchange for oral sex. When I declined his offer he threatened to tell prisoners that he heard me snitching to induce them to assault me. I feared for my safety and life, and submitted to his demands for oral sex. This was not the first time that he pressured me for sexual favors. In 2015' he repeatedly pressured me for sexual favors.

Page 2

On or about March 17, 2016: Mr. Boykin called me to his office and told me that he heard about everything that was going on in G.P.. He then wrote me a case for the K2 possession at Ex: A-002_____. He said that he thought it was the smart thing to do. I told him that I wanted to go to Safekeeping at Boyd. He said that he couldnt put me there but Mr. Hamilton could if I gave him some good information.

James Brown continued to abuse me physically and sexually. I was afraid to report my abuse because James Brown threatened to kill me if I snitched on him. I couldnt trust any of the officers because they were calling me a snitch and telling prisoners that they should drop me. James Brown and other prisoners began to watch me closely. They also began to watch the administration building to try to find out which prisoners were going in there to snitch.

On or about April 1, 2016: I sent Mr. Hamilton an I-60 (letter) via mail reporting my abuse and requesting his help. But he ignored my I-60 and my abuse continued. A copy of that I-60 was given to officer Haynes at Ex: B-033_____
Mr. Hamilton failed to: separate me from James Brown, investigate my abuse and collect evidence. Mr. Hamilton did not comply with TDCJ policy or the Prison Rape Elimination Act Prisons And Jail Standards (PREA) at Ex: A-003-10_____
On April 7, 2016: I went to see Mental Health Ms. Shelton because I was thinking about reporting my abuse there. But I couldnt do it because I was afraid that James Brown would find out and kill me. It is common practice for TDCJ officials/officers to tell prisoners when a prisoner has reported sexual abuse and/or filed an Offender Protection Investigation (OPI) at Ex: B-007-12
I considered telling my mother about my abuse and letting her report it, but I didnt because I was afraid of how she might react. My mother is Catholic and at that she didnt know that I was homosexual at Ex: A-017_____

Between April 7 and April 14, 2016: James Brown beat me and anal raped me twice.

Page 3

On April 15, 2016: I went to see Mental Health Ms. Shelton again. But again I was afraid to snitch on James Brown. However I did express my fears and told her that I didn't feel safe in G.P. and that I wanted to go to Safekeeping. She told me that I should tell administration. I told her that I had already told Mr. Boykin and Mr. Hamilton. She told me that I should just be patient and wait for Mr. Hamilton to respond to my I-60 at EX: A-018 .

On or about April 17, 2016: I sent Mr. Hamilton another I-60 via mail reporting my abuse and requesting his help. But again he ignored my I-60. A copy of that I-60 was given to Ms. Haynes at EX: B-033 . Again Mr. Hamilton did not comply with TDCJ policy or the PREA.

On April 24, 2016: James Brown attacked and assaulted me after officer Kersten told him that I snitched on him at EX: A-020 . James Brown went to lock up in the administration building and I went back to B-wing due to lock up being full. I was placed in cell B-101 under Pre Hearing Detention Status (PHD). I immediately asked for a grievance but was told that I was getting a case for fighting, not a grievance. I then received a case for fighting at EX: A-019 . Later I asked another officer for a grievance because I wanted to file a grievance while James Brown was in lock up, but the officer told me that I just got my ass kicked for snitching and needed to stop snitching. Prisoners then went to my cell and told me that the officers were calling me a snitch and saying that they weren't going to help me. James Brown told the officers that he assaulted me because I snitched on him but no OPI was initiated at EX: B-005 . Boyd officers did not comply with TDCJ policy.

On May 3, 2016: I was found Not Guilty of fighting with James Brown after evidence showed that he attacked and assaulted me for snitching on him at EX: A-021 . Despite that no OPI was initiated. Disciplinary Captain Howard told me that I was lucky that her son wrote a statement on my behalf at EX: A-020 . She said that the next time that I try to fight back I will get a case.

Page 4

Ms. Howard then told me to get out of her office before she changed her mind. Ms. Howard did not comply with TDCJ policy. I was then returned to G.P. where I continued to be threatened and sexually harassed by James Brown and Tango (gang) members. I feared for my safety and life. Mr. Hamilton continued to ignore my I-60(s) so I had no choice but to stay in my cell as much as possible and wait for help at Ex:B-011 _____.

On May 16, 2016: Mr. Boykin went to my cell and told me that my life was in danger and that I was about to be assaulted again. He and officer Rose searched my cell and found some alcohol that my cellmate was making in my locker. My cellmate was a Tango member. I received a case for the alcohol and then was escorted to the administration building at Ex:B001,5 _____. Mr. Boykin took me to his office and told me that I needed to write an OPI statement for him. Which I didn't want to do due to officers telling prisoners that I was a snitch. It is common practice for TDCJ officials/officers to tell prisoners when a prisoner has reported abuse and/or filed an OPI at Ex:B-007-12 _____. But Mr. Boykin told me that if I didn't write a statement for him he was going to return me to G.P. and allow me to be assaulted again. So I wrote a statement for him as he instructed me to at Ex:B-003 _____. I also requested a Unit Transfer to Safekeeping to remedy my problem. Mr. Boykin got mad because I requested protection and told me that "the OPI doesn't guarantee anything". I was then reassigned to the administration building PHD 06 cell under OPI Status Pending OPI Transfer at Ex:B-001 _____.
Mr. Boykin's OPI contains false and misleading information. He claims that on April 24, 2016 James Brown and I were assigned to the same cell. James Brown and I have "never" been assigned to the same cell. He also falsely claims that on May 16, 2016 I was still a major distributer of K2. I had no K2 in my possession on that date at Ex:B-005 _____

On May 17, 2016: Mr. Boykin took me to his office where he told me that he found a weapon in my former cell. He told me that the weapon could be my ticket off the unit if I wrote a statement for him claiming ownership of it.

I told Mr. Boykin that I couldn't do that. He then said: quote: "Look, you are requesting a Unit Transfer to Safekeeping and TDCJ-SCC is denying a lot of those requests and getting people hurt.", "I don't want to be held liable if anything else happens to you", "So you have to go one way or another.", "You might have to go to Seg". Mr. Boykin then falsely charged me with possession of a weapon and recommended that I be placed in Administrative Segregation at Ex: B-007, 13                . Mr. Boykin then continued his OPI and informed prisoners that I had filed an OPI. At this time he was repeatedly told by prisoners that "everyone" knew that I was snitching. Despite that' Mr. Boykin did not document in his OPI that he and Mr. Hamilton were using me as an informant at Ex: B-007-11            . Word quickly spread that I had filed an OPI. I feared for my safety and life. Mr. Boykin did not comply with TDCJ policy.

<u>On May 18, 2016:</u> Major Benjamin unsubstantiated my OPI. He refused to acknowledge that James Brown assaulted me and that there was a threat of more violence against me. 99% of all OPI (s) filed in TDCJ are unsubstantiated. Mr. Benjamin did not comply with TDCJ policy at Ex: B-006            .
I then asked Mr. Boykin to contact Mr. Hamilton and tell him that I still needed to speak with him. Mr. Boykin told me that he would send Mr. Hamilton my message via Email and that I better have some good info for him.
On this day I had myself tested for HIV and Hep C because when James Brown anal raped me I bled a lot and I was worried about catching an STD at Ex: B-014-15        . While at Medical I thought about reporting my abuse but when Ms. Isbell was drawing my blood she said: quote: "This one here is real girlly", "We can make a lot of money selling her all over the unit", "If she doesn't have the booty flu". So I didn't report my abuse to her.

<u>Around May 25, 2016:</u> I sent Mr. Boykin an I-60 regarding the message that I asked him to send to Mr. Hamilton. Later' he took me to his office where he told me that he sent Mr. Hamilton an Email and that he responded stating that he would speak with me soon. Mr. Boykin also said that he

Page 6

sent Mr. Hamilton a second Email and that Mr. Hamilton responded thanking him for the reminder and said that he needed to speak with me but was very busy and would speak with me later. Mr. Boykin then gave me my I-60 back with a response that stated that he would send Mr. Hamilton another Email. I gave that I-60 to Ms. Haynes at EX: B-033 _____. Later Mr. Boykin told me to write Mr. Hamilton at Coffield Unit, which I did but Mr. Hamilton did not respond to my letter. Mr. Hamilton did not comply with TDCJ policy or the PREA.

On June 13, 2016: I was transferred to Telford Unit for Ad. Seg. placement. Due to my experiences at Boyd I was afraid to report my abuse at Telford. I tried to talk to Mental Health about it but I couldnt. I became severely depressed while at Telford at EX: B-016-17 _____. Mr. Hamilton continued to ignore my I-60(s), letter and the Emails sent to him by Mr. Boykin. So I filed several grievances (at least 3) but the UGI refused to process these grievances. She kept saying that she didnt get them even though I handed one of them directly to her at my cell door. She did not comply with TDCJ policy or the PREA.

On September 15, 2016: I reported all of this to TDCJ-SCC (State Classification Committee) but they just got mad at me and refused to do anything about it. SCC failed to properly document and report my sexual abuse. They did not comply with TDCJ policy or the PREA.
I filed a Step 1 Grievance # 2017008169 appealing SCC's decision, but no OPI was conducted. Warden Facio didnt properly document and report my sexual abuse. He didnt comply with TDCJ policy or the PREA at EX: B-018-19 _____.

On September 19, 2016: I filed an I-60 to Telford's Mental Health Department informing them that I was going on a hunger strike in protest of all of this at Ex: B-020 _____. Despite that they did not properly document and report my sexual abuse. They did not comply with TDCJ policy or the PREA, at Ex: A-003-10 _____.

On September 22, 2016: Officer Clark went to my cell and threatened to shove a tray of food up my ass if I didnt end my hunger strike. I feared for my safety and life, and ended my hunger strike. I also stopped reporting my sexual abuse at Telford at Ex: B-020 _____. Mr. Clark did not comply with TDCJ policy or the PREA.

On November 10, 2016: I was transferred to Eastham Unit. On the bus ride to Eastham gang members tried to cut and stab me. When I arrived at Eastham I was afraid to report my sexual abuse due to my experiences at Boyd and Telford.

On December 2, 2016: after I spoke with Eastham's Mental Health Manager Ms. Klock about my Transgender Status I sent her an I-60 reporting my sexual abuse and requesting medication for my depression. I also sent Classification a copy of this I-60. They did not respond to my I-60(s). They didnt properly document and report my sexual abuse. And they didnt comply with TDCJ policy or the PREA, at Ex: B-025 _____.

On or about December 12, 2016: I filed a Step 1 Grievance on all of this because TDCJ was refusing to comply with the PREA. But the UGI refused to process this grievance. She claimed that she didnt get it. She didnt comply with TDCJ policy or the PREA.

On January 5, 2017: I filed another grievance. But again the UGI refused to process it. She claimed that she didnt receive it at Ex: B-026-28 _____.

On January 21, 2017: I filed another grievance and I told the UGI that I was going to report her at Ex: B-029 _____.

On January 26, 2017: Eastham's UGI processed my Step 1 Grievance #2017079154' which led to the first investigation into all of this at Ex: B-030-31 _____.

On February 8, 2017, Eastham's Safe Prisons PREA officer Ms. Haynes initiated an OPI. She told me that TDCJ-OIG wasn't going to investigate my sexual abuse due to the lapse in time. She was very angry and hostile toward me. She told me that I should've reported my abuse to Mr. Boykin at Boyd. Ms. Haynes and Mr. Boykin are old friends who used to work together at Eastham. I explained to Ms. Haynes that I didn't feel safe reporting my abuse to anyone at Boyd because officers there were telling prisoners that I was a snitch which caused me to be assaulted. I told her that's why I reported my abuse to Mr. Hamilton. I couldn't trust anyone at Boyd. Ms. Haynes asked me for a verbal account of my abuse and after I told her everything she blamed me for being raped. She said I was too passive. She also told me that I couldn't report that James Brown sexually abused me in 2015 because at that time he used threats and intimidation to force me to give him oral sex. She told me that was not sexual abuse because he didn't physically force me to do it. She told me that I could get into trouble for reporting that as sexual abuse. She also told me that I couldn't prove that I was sexually abused in 2016 and if I reported it I would get cases for lying. I no longer wanted to report my sexual abuse but Ms. Haynes told me that I had to write something for her. As I wrote a statement for her she yelled at me that she believed that James Brown was my boyfriend and that I willingly gave myself to him sexually. I told her that I had copies of I-60(s) that I sent to Mr. Hamilton reporting my abuse and pleading for his help. She told me that she wanted those I-60(s). I told her that I had other documents too but she said that she didn't need them because she could get all of the information that she needed from the TDCJ computer. Most of what Ms. Haynes told me was false and misleading. And her threats were illegal. She didn't comply with TDCJ policy or the PREA.

Ms. Haynes then escorted me to Medical for an examination. After Ms. Haynes spoke with L.V.N. Mr. Martin in his office he approached me angrily and asked me why I was just now reporting my abuse. I told him that I reported it several times in 2016. He asked me who I reported it to. And after I told him who, when and where I reported my abuse in 2016 he told me that there was nothing he could do for me. Ms. Haynes then told him that she just needed him to write something for her and she gave him a hard signal. He told her that he would write something for her but whatever he wrote for her is not in my Medical Records. Mr. Martin didn't conduct a medical examination on me. He didn't comply with TDCJ policy or the PREA.

Ms. Haynes then escorted me to Mental Health for an evaluation. When I walked into the office of Mental Health Manager Ms. Klock I asked her: quote: "did you get my I-60?" She responded: quote: "is that what this is about?" To that I nodded my head "yes" at her. She then said: quote: "ok, now we are going to test you". Quote: "it doesnt guarantee that you will get medication, but it will give us an idea of where you are at". She then asked me: quote: "do you want to talk about it?" To that I shook my head "no" at her because Ms. Haynes was standing near by and had already threatened to file cases on me if I reported my sexual abuse. I later discovered that Ms. Klock falsified documents in which she claimed that I never reported my sexual abuse to Mental Health before February 8, 2017 at Ex: B-032 She also falsified other documents in my Mental Health records and denied me proper/adequate Mental Health care. Ms. Klock did not comply with TDCJ policy or the PREA.

Later that day I received a visit from TDCJ-SCFO Attorney Andrew Gastler. When I left my cell for this visit I took the I-60(s) that Ms. Haynes wanted with me. And with Mr. Gastler as my witness I gave the I-60(s) to officer Villanueva for him to deliver them to Ms. Haynes at Ex: B-034

On February 10, 2017: Ms. Haynes and Eastham's UCC (Unit Classification Committee) (to include Warden Johnson) falsely claimed to have evidence that proved that my sexual abuse did not occur and my OPI was "unfounded" at Ex: B-033, A-015. Due to the threats from Ms. Haynes I didn't attend this UCC-OPI Review. So Ms. Haynes gave me a UCC Notification Of OPI Outcome. I tried to speak with her about the OPI Outcome but she told me that I had to stop reporting my sexual abuse or she would file cases on me "criminal and disciplinary". She also refused to give me my I-60(s) back at Ex: B-033. I asked Ms. Haynes to not write a case on me because I didn't want anyone else to know that I was sexually abused and snitched on my abuser. And I reminded her that I had been assaulted in the past after officers and prisoners labeled me a snitch. Ms. Haynes told me: quote: "if you don't stop reporting this I'm gonna file cases on you". Ms. Haynes and Warden Johnson did not comply with TDCJ policy or the PREA.

On February 28, 2017: TDCJ-OIG Mr. Gardner decided to open another investigation into my grievance. I told him that Ms. Haynes was threatening me but he said that he didn't care about what she said because he had a job to do. He then said that he needed to get a statement from me. Due to the threats from Ms. Haynes I reworded my sexual abuse of 2015 not wanting to call it sexual abuse. I then stopped and told Mr. Gardner that I didn't want to write a statement. But he said: quote: "no, if you want me to go after this guy. I'm going after him". Quote: "but I need a statement from you". Mr. Gardner convinced me to finish my statement for him and to press charges on James Brown at Ex: B-035-36. He then asked me for James Brown's TDCJ-CID number. I told him that I didn't have it memorized but I had it in my cell on a disciplinary case. He told me to go back to my cell and send it to him via I-60.

After I participated in Mr. Gardner's investigation Ms. Haynes made good on her threats and filed a false disciplinary case on me at Ex: B-037. The "Disciplinary Procedures Before The Hearing" began and a ranking officer went to my cell door and read the report aloud. This informed the

prisoners around me that I was sexually abused and snitched on my abuser. Prisoners began to laugh, sexually harass and threaten me. This placed my life in danger. At this time I was told that Ms. Haynes filed this case on me because I failed to prove that James Brown sexually abused me. That is not a legitimate reason for Ms. Haynes to charge me with falsely alleging sexual abuse. She only filed this case to get the word out that I was sexually abused and snitched on my abuser because she wanted to label me a snitch to induce prisoners to harass, threaten and harm me. Ms. Haynes did not comply with TDCJ policy or the PREA, at Ex: A-003-10, 14-15.

As Mr. Gardner instructed me to, I sent him an I-60 with James Brown's TDCJ-CID number. I also reported to him that Ms. Haynes had filed a disciplinary case on me at EX: B-039_____, I reported it to him because I had nobody at unit level that I could turn to for help.

On or about March 1, 2017: a Counsel Substitute went to my cell door and again read Ms. Haynes's report aloud. And again the prisoners around me began to laugh, sexually harass and threaten me. At this time I was told that Ms. Haynes filed this case on me because she conducted a computer search for a prisoner in TDCJ by the name of James Brown and did not find one and therefore charged me with falsely alleging that James Brown sexually abused me at Ex: B-038_____. That too is not a legitimate reason for Ms. Haynes to charge me with falsely alleging sexual abuse.

TDCJ Safe Prisons PREA Plan page 28 (#4) states: The departure of the alleged assailant or victim from employment of custody of the TDCJ shall not be the basis for terminating an investigation.

Page 12

TDCJ Safe Prisons PREA Plan page 31 (#8) states: A report of sexual abuse made in good faith based on a reasonable belief that the alleged conduct occurred, shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation. When the preponderance of evidence exists supporting a false allegation, the offender involved in the false allegation shall be disciplined in accordance with the TDCJ Disciplinary Rules and Procedures for Offenders.

TDCJ policy also required Ms. Haynes to review my previous OPI as part of her investigation/OPI and my only previous OPI clearly identified James Brown as the assailant in that OPI, at Ex: B-002, 5 _____.

Furthermore, Nell Sylvia Gaither of Trans Pride Initiative accessed the TDCJ online "Offender Information Search" tool and searched the records for persons in TDCJ custody by the name of James Brown. The search returned "28" hits at Declaration of Nell Sylvia Gaither.

Ms. Haynes clearly retaliated against me for reporting my sexual abuse. She did not comply with TDCJ policy or the PREA.

On March 2, 2017: I was escorted to the Unit Safe Prisons PREA Manager officer Ms. Steel. She was quick to say that they weren't accusing me of lying. She said that they just couldn't find any prisoner in TDCJ's computer by the name of James Brown. I told Ms. Steel about everything that Ms. Haynes did to me and she got mad and blamed me for the misconduct of Ms. Haynes. Ms. Steel accused me of withholding information and documents from Ms. Haynes. Which was not true. Ms. Steel then gave me page 2 of the OPI and I wrote a new statement at Ex: B-040 _____. Ms. Steel admits in her OPI that all of James Brown's information was in my previous OPI of May 16, 2016. They had all the information that they needed in "my" records at Ex: B-040 _____ (Cf.) at Ex: B-002, 5 _____.

Ms. Steel's OPI contains false and misleading information. She claims that I filed my OPI of May 16, 2016 against James Brown (10) days after he departed the Boyd Unit. A proper review of that OPI clearly shows that the OPI was initiated because Boyd officials received threats against me after James Brown departed the unit. Those threats were from Tango (gang) members - not James Brown at Ex: B-001-11 .

Ms. Steel's OPI also contains a statement from Mr. Boykin which also contains false and misleading information. Mr. Boykin claims that I was caught with K2 on 3-22-2016 and he was unable to test it and therefore charged me with possession of contraband (minor case) instead of possession of K2 (major case). The truth is I was caught with K2 on 2-23-2016 at Ex: A-001-2 , it was tested, but I didnt get a case at that time because I agreed to be an informant for Mr. Boykin and Mr. Hamilton. But later they reneged on the deal and filed a disciplinary and criminal case on me at Ex: A-001-2 . Mr. Boykin also claims that he provided all of his knowledge regarding me while I was assigned to Boyd. But he said "nothing" of the OPI that "he" conducted on me on May 16, 2016 and said "nothing" of the fact that he used me as an informant while I was at Boyd. If anyone withheld information from Ms. Haynes it was Mr. Boykin - not me, verbally I told Ms. Haynes "everything". And Mr. Boykin didnt withhold my previous OPI of May 16, 2016 from Ms. Haynes. He simply didnt go into it because Ms. Haynes already had that information in my records / TDCJ computer.

Ms. Steel knew that the case that Ms. Haynes filed on me was false and retaliatory but she did nothing to stop it. Instead, she told me that she too was going to file a case on me. I asked her why and she said: quote: "you wanted our attention and now you're gonna get it". Ms. Steel did not comply with TDCJ policy or the PREA.

Ms. Steel then escorted me to Medical for an examination but again L.V.N. Mr. Martin told me that there was nothing he could do for me. Mr. Martin then falsified documents in which he claimed that Ms. Haynes didn't take me to Medical on February 8, 2017, and that there was no record of my sexual abuse taking place until February 8, 2017 at EX: B-041 _____, (Cf.) at Ex: B-018-20 _____. Ms. Haynes did take me to Medical on February 8, 2017 as she was obligated to do so by TDCJ policy and the PREA at Ex: A-009 _____. Mr. Martin lied and falsified documents during this OPI. He did not comply with TDCJ policy or the PREA.

On March 6, 2017: Ms. Steel's OPI was "unsubstantiated". Warden Johnson told me that there was no evidence to prove or disprove my allegations. This is the same Warden who on February 10, 2017 falsely claimed to have evidence that proved that my sexual abuse did not occur at Ex: B-033 _____.

Ms. Steel then filed a false disciplinary report on me charging me with "engaging in consensual homosexual conduct by self admission on March 2, 2017 at EX: B-042 _____.

Mr. Herrington then went to my cell door and read Ms. Steel's report aloud. Which informed the prisoners around me that I participated in a TDCJ-OIG official investigation. Again the prisoners laughed, sexually harassed and threatened me. This placed my life in danger, at EX: B-043, 48 _____.

On March 16, 2017: Ms. Steel lied to my Counsel Substitute by telling her that on March 2, 2017 I admitted to having consensual sex with James Brown and thats why she initiated an OPI at Ex: B-044 _____ (Cf.) at Ex: B-040 _____. I asked my Counsel Substitute to get my OPI statement of March 2, 2017 from Ms. Steel, but Ms. Steel gave her my statement of February 28, 2017 instead at Ex: B-035-36 _____. Ms. Steel retaliated against me for reporting my sexual abuse and other PREA violations. She did not comply with TDCJ policy or the PREA.

Page 15

Warden Johnson knew what Ms. Haynes and Ms. Steel were doing but did nothing to stop them. Instead' he participated in their actions. He too falsely claimed that I withheld information from them and admitted to having consensual sex with James Brown <u>at Ex: B-046</u>.

Word quickly spread that I was sexually abused and snitched on my abuser. I was labeled a snitch and prisoners sexually harassed and threatened me. I tried to verbally complain to various ranking officers but they told me that I needed to stop complaining before I got myself hurt. I feared for my safety and life. I wanted to report Ms. Haynes and Ms. Steel for retaliating against me but they were threatening me and filing cases on me to label me a snitch and to induce prisoners to harass, threaten and harm me. The Wardens, ranking officers, Medical and Mental Health all knew what was going on but none of them would do anything to stop it because they said that I was making them look bad.

<u>On March 19, 2017</u>: I was told that I was going on Medical Chain to Estelle Unit Brace & Limbs on March 20, 2017. So I filled out a Step 2 Grievance <u>at Ex: B-050-51</u>. At Step 2 I stated that I was dissatisfied with the response at Step 1 because TDCJ did not fully comply with the PREA as I requested to resolve my Step 1 at <u>Ex: B-031</u>. Instead' Ms. Haynes and Ms. Steel responded to my Step 1 by retaliating against me. They did not comply with TDCJ policy or the PREA.

<u>On March 20, 2017</u>: I dropped my Step 2 in the Grievance Box on my way out to Medical Chain, <u>at Ex: B-050-51</u>.

<u>On March 22, 2017</u>: I was returned to Eastham.

<u>On March 24, 2017</u>: I went to see Mental Health Ms. Klock. I told her that Ms. Haynes and Ms. Steel were retaliating against me and that I was depressed about everything that was happening to me. But she refused to do anything to stop it <u>at Ex: B-052</u>. She didn't comply with TDCJ policy or the PREA.

On March 24, 2017: Eastham's Disciplinary Captain began a disciplinary hearing on the case that Ms. Haynes filed on me. At this time Ms. Haynes admitted that she didn't speak with me on February 28, 2017 as she alleged in her report at Ex: B-031 _____. And she claimed that she wrote the report because there was no James Brown in the TDCJ computer. She said "nothing" about me withholding information from her. She then claimed that there was an emergency at her home and hung up the phone on us. The hearing was recessed. I tried to tell the Captain that the case was false and retaliatory but he said that his officer's word was gold and mine wasn't worth shit. He then told me to keep my mouth shut or he would slam me on my head. He did not comply with TDCJ policy or the PREA.

On March 27, 2017: I was reassigned to Estelle (H.S.) Unit. I was told that I was only there for therapy and that I would be returned to Eastham in a few weeks. I was also told that they knew all about my OPI (s).

On May 2, 2017: I was told that I was on commissary restriction but nobody would tell me why. So I filed a Step 1 at Ex: B-053-54 _____, but still TDCJ would not tell me why I was on restriction. But I felt that Ms. Haynes and Ms. Steel were behind it.

On May 15, 2017: I wrote to Nell S. Gaither of Trans Pride Initiative and asked her to help me block my return to Eastham due to the retaliation and threats that I was experiencing there.

On June 12, 2017: Tyler Freeland of Trans Pride Initiative filed a complaint with the TDCJ Ombudsman on my behalf in which it was requested that I not be returned to Eastham due to the retaliation and threats that I was experiencing there at Ex: B-055-56 _____.

On July 24, 2017: I discovered that I had been placed on commissary restriction due to the case that Ms. Steel filed on me. Eastham transferred the case to Estelle in April and Estelle's Disciplinary Captain Cook ran a hearing on it on April 18, 2017 without notifying me or giving me an opportunity to participate in it at Ex: B-048, 45 ____. Mr. Cook did not comply with TDCJ policy or the PREA. The law library sold me a copy of Ex: B-048 ____, but refused to sell me anything related to the case that Ms. Haynes filed on me.

On August 10, 2017: State Classification Committee (TDCJ-SCC) Bonnie Fiveash told me that she was labeling me "sexually assaultive" and leaving me in Ad. Seg for a long time for reporting my sexually abusive experiences at Boyd at Ex: B-057-58 ____.

On August 16, 2017: I wrote to Trans Pride Initiative and told them about everything that was going on (to include the fact that the law library was interfering with my legal research).

On September 2, 2017: Nell S. Gaither of Trans Pride Initiative filed another complaint with the TDCJ Ombudsman on my behalf at Ex: B-059-060 ____.

On September 21, 2017: I received a letter from Safe Prisons PREA Program Manager Ms. Steinbecker informing me that TDCJ-OIG "unsubstantiated" my allegations of sexual abuse at Ex: B-067 ____.

On October 23, 2017: I received a letter from the TDCJ Ombudsman Ms. Hosea in response to the letter of Nell S. Gaither at Ex: B-068-69 ____. Ms. Hosea told me that all of my allegations had been previously reported and investigated and they would take no further action.

On May 17, 2018: Assistant Region Director Mr. Gross finally informed me that the case that Ms. Haynes filed on me was dismissed and they would take no further action, at Ex: B-070-73 ____.

## Conclusion

Congress enacted the Prison Rape Elimination Act Prisons And Jail Standards to protect prisoners from the type of actions and inactions that I have described herein. In response to the PREA' TDCS established the Safe Prisons PREA Program to prevent, detect and respond to sexual abuse, sexual harassment, extortion and other acts of violence perpetrated against an offender/prisoner. However' TDCS is not fully complying with its policy or the PREA. My constitutional and PREA rights have been violated.

## Declaration

I declare under penalty of perjury that the foregoing is true and correct. The attached copies are true and correct copies. Executed at 264 FM 3478 Rd. Huntsville Tx. 77320 on April 30, 2019.

*Juan Javier Ornelas*

Juan Javier Ornelas

## Certificate Of Service

I hereby certify that a copy of this Memorandum has been served by regular mail upon the attorney for Defendant at: Ken Paxton Attorney General Of Texas P.O. Box 12548  Austin Tx. 78711-2548 on April 30, 2019.

*Juan Javier Ornelas*

Juan Javier Ornelas
TDCS-CID # 01758617
Estelle (H.S.) Unit
264 FM 3478 Rd.
Huntsville Tx. 77320

**CASE NO. 16-165CR**
INCIDENT NO./TRN: 924-271-0539

FILED
3:13 O'CLOCK ___M
MAR 09 2017
TERESA BLACK
DISTRICT CLERK
FREESTONE COUNTY, TEXAS
BY_____DEPUTY

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **77TH JUDICIAL DISTRICT COURT** |
| | § | |
| v. | § | **OF** |
| | § | |
| | § | |
| **JUAN J. ORNELAS** | § | **FREESTONE COUNTY, TEXAS** |
| | § | |
| **STATE ID NO.: TX04787572** | § | |

### JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | **HON. Patrick H. Simmons** | Date Judgment Entered: | **March 9, 2017** |
| Attorney for State: | **Cindy Maria Garner, Special Prosecution Unit** | Attorney for Defendant: | **Andrew Gastler, State Counsel for Offenders** |

Offense for which Defendant Convicted:

**Prohibited Substance in a Correctional Facility (Synthetic Marijuana—XLR-11)**

| | |
|---|---|
| Charging Instrument: **INDICTMENT** | Statute for Offense: **38.11 Texas Penal Code** |

Date of Offense:
**February 25, 2016**

| | | |
|---|---|---|
| Degree of Offense: **Third Degree Felony (Enhanced to Habitual Status)** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |

Terms of Plea Bargain:  In exchange for Defendant's plea of guilty to the offense set forth above, Defendant will be sentenced to the Texas Department of Criminal Justice—Institutional Division for a term of four (4) years.  Defendant shall receive credit on such sentence from the date of Indictment to the date of Judgment.  The sentence shall run concurrently with Cause No. 16-166CR, State vs. Juan J. Ornelas, in the 77th Judicial District Court of Freestone County, Texas wherein the Defendant is convicted of the offense of Prohibited Substance in a Correctional Facility (Synthetic Marijuana—fluoro--ADB). The sentence shall run consecutively as provided below.

| | | |
|---|---|---|
| Plea to 1st Enhancement Paragraph: | **True** | Plea to 2nd Enhancement/Habitual Paragraph: **WAIVED BY STATE** |
| Findings on 1st Enhancement Paragraph: | **True** | Findings on 2nd Enhancement/Habitual Paragraph: **WAIVED BY STATE** |
| Date Sentence Imposed: | **See Date of Judgment** | Date Sentence to Commence: **See Date of Judgment** |
| Punishment and Place of Confinement: | **Four (4) years Texas Department of Criminal Justice—Institutional Division** | |

**This Sentence shall run CONSECUTIVELY TO THE SENTENCE ASSESSED IN CAUSE NO. A11372, STATE OF TEXAS VS. JUAN J. ORNELAS, IN THE 216TH JUDICIAL DISTRICT COURT OF KERR COUNTY, TEXAS WHEREIN THE DEFENDANT WAS CONVICTED OF THE OFFENSE OF DEADLY CONDUCT.**

☐ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .**

| Fine: | Court Costs: | Attorney's Fees: | Restitution Payable to: |
|---|---|---|---|
| **$ N/A** | $ _____ | $ __0.0__ | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| | | |
|---|---|---|
| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | |
| | From **11/30/2016 to Date of Judgment**   From    to   From    to | |
| | From    to   From    to   From    to | |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | |
| | **N/A DAYS     NOTES: N/A** | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Freestone County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

XX  Defendant appeared in person with Counsel.

☐  Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

RECORDED Vol.__93__ Crim Min Page 477

Judgment of Conviction by Court (Synthetic Marijuana)(XLR-11).doc   Page 1 of 2

Ex: A-001

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

**XX  Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Office of the District Clerk of Freestone County, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement or Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of          County, Texas on the date the sentence is to commence. Defendant shall be confined in the          County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the          . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the          County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

**XX** The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:  None

Signed and entered on March 9, 2017.

x _____

**PATRICK H. SIMMONS,**
**JUDGE PRESIDING**

Clerk:   Office of the District Clerk
        Freestone County, Texas

STATE OF TEXAS
COUNTY OF FREESTONE
I,   Teresa Black,  District Clerk of Freestone County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, filed on:
5-9-11
as appears of record in my office, this 25th day of April 20 17

*Teresa Black,* DISTRICT CLERK
FREESTONE COUNTY, TEXAS

Kristi Rose

**Right Thumbprint**



Judgment of Conviction by Court (Synthetic Marijuana)(XLR-11).doc   Page 2 of 2

478

CASE: 20160209164 TDCJNO:01758617 NBM: ORNELAS, JUAN JAVIER          EA: 10.3
UNIT:BY  HSNG: B2      13 T.      JOB: FIELD SQ 02              IQ: 096
CLSS: L3  CUST: G4  PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS:   NONE
GRDE: MA / KB  OFF.DATE: 02/23/16  11:00 AM  LOCATION: BY MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT BY B217, OFFENDER: ORNELAS, JUAN
JAVIER, TDCJ-ID NO. 01758617, DID POSSESS CONTRABAND, NAMELY, 18 LATEX GLOVE
FINGER TIPS THAT CONTAINED A GREEN LEAFY SUBSTANCE.


CHARGING OFFICER: BOYKIN, B. SGT.            SHIFT/CARD: 1 M

OFFENDER NOTIFICATION (IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 830 /05-17-16 BY: (PRINT) Martinez CS2
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES / NO. IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:_____  DATE: 05-17-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:_____          DATE:_____

## HEARING INFORMATION

HEARING DATE:_____ TIME:_____ UNIT____FOLDER____FILE____DSFILE____
COUNSEL SUBSTITUTE AT HEARING:_____FOLDER____FILE____DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)_____


OFFENDER STATEMENT:_____


OFFENSE CODES:          16.0
OFFENDER PLEA: (G, NG, NONE) |____|____|____|____|
FINDINGS:  (G, NG, DS)      |____|____|____|____|
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)____ (HEARING)____ BY:(INITIAL)____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL:_____


## PUNISHMENT

LOSS OF PRIV(DAYS)____   REPRIMAND...............____   SOLITARY(DAYS).......____
 *RECREATION(DAYS)____   EXTRA DUTY(HOURS).....____   REMAIN LINE 3........____
 *COMMISSARY(DAYS)____   CONT.VISIT SUSP.THRU __/__/__   REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS)..____   CELL RESTR(DAYS).......____   GOOD TIME LOST(DAYS).____
 * OTS(DAYS)....____   SPECIAL CELL RESTR(DAYS).____   DAMAGES/FORFEIT.$____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:_____


CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)____  NO / NA
DATE PLACED IN PRE-HEARING DETENTION:_____  HEARING LENGTH _____(MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:_____

HEARING OFFICER (PRINT)  WARDEN            REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

EX: A-002

reporting information about prior sexual victimization that did not occur in an institutional setting, unless the offender is under the age of 18.

IV.   Reporting Allegations

An OPI may be requested by anyone who has information that an offender may be in need of protection. This information can come from the offender in need of protection, other offenders, the offender's family, TDCJ staff, or others. An OPI shall be conducted in accordance with the procedures outlined in the SPPOM.

A.   Offender Reporting of Allegations

1.   Offenders shall be provided multiple internal methods to privately report sexual abuse, sexual harassment, and other acts of aggression including, but not limited to, extortion and violence.



   a.   Offenders may report retaliation by other offenders or staff for reporting sexual abuse and sexual harassment, and staff neglect or violation of responsibilities that may have contributed to the incidents.

   b.   Offenders may report allegations directly to the major, the Office of Inspector General (OIG), or the PREA ombudsman. Reports to the PREA ombudsman may be made confidentially and in accordance with ED-02.10, "Prison Rape Elimination Act Complaints and Inquiries."

2.   Appropriate steps shall be taken to ensure offenders with disabilities, including offenders who are deaf or hard of hearing, those who are blind or have low vision, or those who have intellectual, psychiatric, or speech disabilities, have an equal opportunity to participate in or benefit from all aspects of TDCJ efforts to prevent, detect, and respond to sexual abuse and sexual harassment. Staff shall provide access to qualified interpreters, when necessary, to ensure effective communication with offenders who are deaf or hard of hearing. Written materials shall be provided in accordance with TDCJ policies and procedures, to ensure effective communication with offenders with disabilities, limited reading skills, or who are blind or have low vision.

3.   Offenders with limited English proficiency shall be provided meaningful access to information regarding TDCJ efforts to prevent, detect, and respond to sexual abuse and sexual harassment, including steps to provide interpreters who can interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabularly.

Ex: A-003

a.   When seeking interpreters, staff shall not rely on offender interpreters, offender readers, or other types of offender assistants except in limited circumstances where an extended delay in obtaining an effective interpreter could compromise the offender's safety, the performance of first-response duties described within this plan, or the investigation of the offender's allegations.

b.   Staff shall follow appropriate TDCJ policies and procedures for obtaining a qualified interpreter.

4.   Staff shall accept reports made verbally, in writing, anonymously, and from third parties, and shall promptly document any verbal reports.

5.   Third parties, including fellow offenders, staff members, family members, attorneys, and advocates, shall be permitted to assist offenders in filing requests for administrative remedies relating to an allegation of sexual abuse, and shall also be permitted to file these requests on behalf of offenders.

a.   If a third party files a request on behalf of an offender, the unit may require, as a condition of processing the request, the alleged victim to agree to have the request filed on his or her behalf, and may also require the alleged victim to personally pursue any subsequent steps in the administrative remedy process in accordance with the TDCJ *Offender Grievance Operations Manual.*

b.   If the offender declines to have the request processed on his or her behalf, the decision shall be documented in accordance with the TDCJ *Offender Grievance Operations Manual.*

6.   A time limit shall not be imposed on when an offender may submit a grievance regarding an allegation of sexual abuse.

a.   Time limits to any portion of a grievance that does not allege an incident of sexual abuse shall be managed in accordance with the TDCJ *Offender Grievance Operations Manual.*

b.   Offenders shall not be required to use any informal grievance process, or to otherwise attempt to resolve with staff, an alleged incident of sexual abuse.

ESTELLE UNIT LAW LIBRARY

 EX. A-004

7.   In accordance with the TDCJ *Offender Grievance Operations Manual*:

   a.   An offender who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the complaint; and

   b.   A grievance of this nature shall not be referred to a staff member who is the subject of the complaint.

8.   A final decision shall be made on the merits of any portion of a grievance alleging sexual abuse within 90 days of the initial filing of the grievance.

   a.   Computation of the 90-day time period shall not include time used by offenders for preparing an administrative appeal.

   b.   If the 90-day time period is insufficient to make an appropriate decision, an extension of up to 70 days may be granted. The offender shall be notified in writing of the extension and a date by which the decision will be made.

9.   An emergency grievance alleging substantial risk of imminent sexual abuse shall be filed and managed in accordance with the TDCJ *Offender Grievance Operations Manual*.

10.   When an emergency grievance is received, any portion that alleges the substantial risk of imminent sexual abuse shall be forwarded to a level of review for immediate corrective action. An initial response shall be provided within 48 hours of receipt, and a final decision rendered within five calendar days. The initial response and final decision shall document whether the offender is in substantial risk of imminent sexual abuse and the action taken. Information related to this item may be found in the TDCJ *Offender Grievance Operations Manual*.

11.   An offender may be disciplined for filing a grievance related to alleged sexual abuse only when the investigation determines the offender filed the grievance in bad faith.

12.   At any level of the grievance process, including the final level, if the offender does not receive a response within the allotted time, including any properly noticed extension, the offender may consider the absence of a response to be a denial at that level. A response shall be provided to the offender in accordance with the TDCJ *Offender Grievance Operations Manual*.

13.   Staff shall not reveal any information related to a sexual abuse report to anyone other than designated supervisors or officials, and only to the



ESTELLE UNIT LAW LIBRARY

Ex. A-005

extent necessary to make informed treatment, investigative, security, and management decisions.

14.  An offender may report allegations verbally or in writing to any staff member pursuant to all standards defined in Section IV of this plan.

**B.  Staff and Third-Party Reporting of Allegations**

1.  All staff members shall immediately report, according to TDCJ policy, any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred on a unit, whether or not it is a TDCJ facility; retaliation against offenders or staff who reported an incident; and any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation.



2.  A method shall be provided for staff to privately report sexual abuse and sexual harassment of offenders. Staff shall accept reports made verbally; in writing, including by letter, Inmate Request to Official (I-60), sick call form, or a grievance submitted through the grievance process; anonymously; and from third parties. All verbal reports shall be promptly documented.

3.  Family members or other individuals may report verbally or in writing to unit administration, the TDCJ Ombudsman office, OIG, or PREA ombudsman office any time they have knowledge of or suspect an offender has been sexually abused, sexually harassed, or requires protection.

4.  Unless otherwise precluded by federal, state, or local law, and at the initiation of services, medical and mental health practitioners shall be required to report sexual abuse pursuant to Section IV.B.1 of this plan, and to inform offenders of the practitioner's duty to report, as well as the limitations of confidentiality.

5.  Suspected or reported staff-on-offender sexual abuse, staff neglect, or violation of responsibilities shall be reported in accordance with the guidelines in PD-29, "Sexual Misconduct with Offenders."

**C.  Protection from Retaliation**

1.  Offenders and staff who report sexual abuse or sexual harassment or cooperate with sexual abuse or sexual harassment investigations shall be protected from retaliation by other offenders or staff. The USPPM shall monitor for incidents of retaliation in accordance with the SPPOM.


ESTELLE UNIT LAW LIBRARY


Ex:A-006

2.  As appropriate, multiple protective measures may be taken, such as housing changes or transfers for offender victims or abusers, removal of alleged staff or offender abusers from contact with victims, and emotional support services for offender or staff who fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

3.  For at least 90 days following a report of sexual abuse, the USPPM shall monitor and document the conduct and treatment of offenders or staff who reported the sexual abuse, and of offenders who were reported to have been victims of sexual abuse, for changes that may indicate possible retaliation by offenders or staff, and shall act promptly to address any retaliation.



4.  Monitoring shall include a review of offender disciplinary reports and housing or program changes; and negative performance reviews and reassignments of staff. The monitoring shall continue beyond 90 days if circumstances dictate the need.

5.  The monitoring shall also include periodic status checks of offenders.

6.  The USPPM on the facility where the incident was originally reported shall coordinate continued monitoring with the receiving USPPM in the event the offender is transferred.

7.  If any other individual who cooperates with an investigation expresses a fear of retaliation, the TDCJ shall take appropriate measures to protect that individual against retaliation.

8.  If the TDCJ investigation determines the allegation to be unfounded, the monitoring shall be discontinued.

D.  Reporting to Other Confinement Facilities

1.  After receiving an allegation that an offender was sexually abused while confined at another facility, such as a county jail or out of state facility, the individual taking the initial report shall immediately notify the USPPM. The USPPM shall provide the SPPMO with the details of the alleged incident so the SPPMO may initiate notification to the appropriate office of the outside agency where the alleged abuse occurred.

    a.  The SPPMO shall provide the notification to the appropriate agency as soon as possible, but no later than 72 hours after receiving the allegation.

    b.  The SPPMO shall document the notification.

EX. A-007

2. Any TDCJ warden or departmental office receiving notification from an outside agency that an offender in the outside agency's custody alleged sexual abuse while assigned to TDCJ custody shall ensure the allegation is forwarded to the PREA ombudsman in accordance with ED-02.10, "Prison Rape Elimination Act Complaints and Inquiries," for possible investigation.

V.   Investigations

A.   General Considerations

1. All allegations of sexual abuse shall follow a uniform evidence protocol that maximizes the potential for obtaining usable physical evidence for administrative proceedings and criminal prosecutions.



2. The protocol shall be developmentally appropriate for youth, where applicable, and, as appropriate, shall be adapted from or otherwise based on the most recent edition of the U.S. Department of Justice Office on Violence against Women publication, *"A National Protocol for Sexual Assault Medical Forensic Examinations, Adults/Adolescents,"* or similarly comprehensive and authoritative protocols developed after 2011.

3. Investigations of sexual abuse and sexual harassment shall be conducted promptly, thoroughly, and objectively for all allegations, including third-party and anonymous reports.

4. Investigations involving allegations of sexual abuse shall be conducted by investigators who have received special training in sexual abuse investigations pursuant to this plan.

B.   Response to Reports of Sexual Abuse

1. After learning of an allegation that an offender was sexually abused, the first correctional officers responding to the report shall:

a.   Notify a security supervisor;

b.   Separate the alleged victim and assailant;

c.   Preserve and protect the crime scene, if applicable, until appropriate steps can be taken to collect any evidence;

d.   Monitor the alleged victim and assailant to ensure physical evidence is not destroyed, including washing, brushing teeth, changing clothes, urinating, defecating, or eating, if the abuse

ESTELLE UNIT LAW LIBRARY

Ex. A-008

occurred within a time period that still allows for the collection of physical evidence.



      e.     Refer the alleged victim and assailant to medical and mental health services for examination and evaluation. If medical and mental health staff are not available at the time the allegation is made, staff first responders shall take preliminary steps to protect the victim and shall notify on-call medical or mental health staff. The nature and scope of treatment shall be determined by medical and mental health practitioners in accordance with CMHC policies and Section II.G of this plan.

      f.     As appropriate, the services of a victim advocate or an OVR shall be made available in accordance with this plan.

      g.     Additional information regarding coordinated response procedures may be found in the SPPOM.

    2.     If the first staff responder is not a correctional officer, the responder shall monitor the alleged victim to ensure physical evidence is not destroyed, and shall immediately notify a correctional officer.

    3.     Any use of protective custody to protect an offender who is an alleged sexual assault victim shall be subject to the requirements of Section III.C.3-7 of this plan.

    4.     An administrative and criminal investigation, as appropriate, shall be completed for all allegations of sexual abuse and sexual harassment.

C.    Offender Notification by Type of Investigation

    1.     Allegations of sexual abuse and sexual harassment shall be referred to the OIG for investigation. These referrals shall be documented on the appropriate investigative forms contained within AD-02.15, "Operations of the Emergency Action Center and Reporting Procedures for Serious or Unusual Incidents," for staff-on-offender allegations and the SPPOM for offender-on-offender allegations.

    2.     Sexual abuse response and notification procedures contained within this plan and the SPPOM shall be followed to coordinate actions taken in response to an incident of sexual abuse.

    3.     Offenders shall be notified of relevant information regarding criminal investigations, in accordance with the SPPOM.



Ex. A-009

4. If an offender is determined to have been a victim of staff-on-offender sexual abuse, the warden shall inform the offender when:

    a. The staff member is no longer assigned to the offender's unit; or

    b. The staff member is no longer employed by the TDCJ.

5. If an offender is determined to have been a victim of staff-on-offender sexual abuse and the abuse is determined criminal, the SPPMO shall inform the offender when:

    a. The staff member has been indicted on a charge related to sexual abuse within the unit; or

    b. The staff member has been convicted on a charge related to sexual abuse within the unit.

6. If an offender alleges to have been a victim of offender-on-offender sexual abuse, the SPPMO will subsequently inform the alleged victim when:

    a. The alleged assailant has been indicted on a charge related to sexual abuse within the unit; or

    b. The alleged assailant has been convicted on a charge related to sexual abuse within the unit.

7. The TDCJ SPPM shall ensure the relevant criminal information is received from the OIG in order to inform the offender.

8. All offender notifications or attempted notifications described in items 4-6 of this section shall be documented.

9. The requirement to provide offender notification shall terminate if the offender is released from the custody of the TDCJ.

D. Investigators and Investigation Criteria

1. Sexual abuse and sexual harassment investigations alleged against staff shall only be conducted by a staff member with the rank of captain or above. Unit administrators shall ensure the investigating staff member is at least one rank above the accused staff member. If the OIG conducts administrative investigations against staff, the investigation shall be performed in accordance with OIG policies and procedures.


ESTELLE UNIT LAW LIBRARY

EX. A-010

| VIDEO | AUDIO |
|---|---|
| Cam follows as they walk past & away. | from other violent offenders or gangs. Sometimes this threat of violence can be real, but sometimes, it is created by predators just so they can manipulate you. The protection they offer comes with a price, and the predator will be looking for payment eventually. |

## 10

1. Cut to MS OPE screen left

2. Dis in CG screen right: **Avoid talking about sex and nudity!**

3. Take out CG

4. Dis in CG screen right: **Don't accept commissary items or gifts!**

5. Take out CG

6. Dis in CG screen right: **Don't use contraband substances!**

7. Take out CG

8. Dis in CG screen right: **Avoid secluded areas!**

9. Take out CG

10. Dis in CG screen right: **Trust your instincts!**

OFFENDER PEER EDUCATOR:

Avoid talking about sex and nudity. These things may be considered a come-on and make another offender think you're interested in a relationship.

Don't accept commissary items or gifts. This puts you in their debt, and you will be expected to repay.

Don't use contraband substances such as drugs or alcohol; these can weaken your ability to stay alert and make good judgments.

Avoid secluded areas such as behind furniture or in corners. Try to stay in well lit, public areas of the facility. Position yourself so you can be easily seen by unit staff.

Trust your instincts. If you sense a situation may be dangerous, it probably is. If you fear for your safety, report your concerns to staff.

09/05/13

EX: A-011

10.

| VIDEO | AUDIO |
|---|---|
| 11. Cut to MCU OPE | Finally, choose the company you keep wisely. |
| 12. Dis to classroom, church service, etc. | Look for people who are involved in positive activities like educational programs, religious services or other structured unit activities. Get involved with these activities yourself and develop relationships with others who are trying to make positive changes in their life. |
| 13. Fade to black | |
| **11** | CHARMA BLOUNT - SEXUAL ABUSE NURSE PRACTITIONER (SANE): |
| 1. Fade up to Charma Blount: CG **Charma Blount, Sexual Abuse Nurse Examiner (SANE)** | If you're the victim of sexual abuse, harassment or assault, you may find it difficult to report your victimization for fear of retaliation, |
| 2. Dis to WS offender in cell, seated on floor, back against wall, head in hands | but it is TDCJ policy to act in your best interest and protect you from any additional harm. |
| 3. Offender looks up, cam pans across to bed & continues slow pan around cell | It's also important to remember that evidence can only be gathered during the first 96 hours after the incident, so it's critical that you notify agency staff as soon as possible and do your best not to disturb the evidence. |
| | Don't wash your clothes or your bedding. |
| | Don't move anything in your cell or from the location of the assault. |
| 4. Dis to running shower head | Don't take a shower, wipe your body clean, or wash your hands. |
| 5. Cut to CU hand holding toothbrush near faucet | Don't brush your teeth, rinse your mouth, use the |

**09/05/13**

Ex. A-012

13.

| VIDEO | AUDIO |
|---|---|
| 4. Dis in BLOUNT over Shot 2 action | Try to make mental notes about the time, location and specific details of the event. Conversations and activities leading up to the assault may be critically important to the investigation. |
| 5. Dis to offender & CO walking into infirmary | You will be escorted to the unit infirmary to receive a medical exam and treatment for any injuries or to prepare you for transfer to an outside medical facility. |
| 6. Dis to MS nurse examining offender | During the medical exam, you will be checked for injuries in the areas you were abused. Remember, not all injuries can be seen on the outside of your body. |
| 7. Nurse w/camera enters & takes pictures | Photographs will be taken of any injuries you received. |
| 8. Cut to investigator enters room | An investigator with the Office of the Inspector General's office |
| 9. Cut to nurse looking at investigator | will be informed of the situation and |
| 10. Cut to investigator nodding | will determine |
| 11. Cut to nurse opening cabinet & pulling out kit - show kit | if a Sexual Assault Evidence Collection Kit should be utilized. |
| 12. Dis to MS BLOUNT | You will also have the option to speak with a mental health professional and a representative trained to counsel victims of sexual assault. Depending on the nature of the situation, you may be placed in another housing location on the unit while the investigation is being completed. |
| *14* | |

EX: A-013

14.

| VIDEO | AUDIO |
|---|---|
| | CARY BURNETT: |
| 1. Cut to **Cary Burnett, Peer Education Coordinator** | Depending on the nature and severity of the circumstances surrounding the investigation, there could be a number of people involved with your case. |
| 2. Push in CG: **State Classification Committee; TDCJ Classification and Records Department; CID Regional Director's Office; Agency Safe Prisons PREA Compliance Management Office** | Others who may assist in the investigation include members of the State Classification Committee, the TDCJ Classification and Records Department, members of the CID Regional Director's Office, the Agency Safe Prisons PREA Compliance Management Office or other agency staff. |
| 3. Push in photo of unit classification committee | Once the investigation is complete, you will appear before a Unit Classification Committee, which may include a warden, a major, a representative from Classification or a ranking security supervisor. |
| 4. Push in photo of courtroom | Depending on the outcome of the OIG investigation, and if criminal charges are pressed, you may need to testify in court. |
| **15** | BURNETT: |
| 1. Push in CG title: **Offender Protection Investigation (OPI) outcomes** | The results of an Offender Protection Investigation, or OPI, may have three different outcomes: |
| 2. Cut in CG: **Substantiated - enough evidence to determine the events occurred** | A **substantiated** OPI means that there was enough evidence to determine that the events occurred; |
| 3. Cut in CG: **Unsubstantiated - not sufficient evidence to prove** | An **unsubstantiated** OPI means there was not sufficient evidence to prove the alleged events either |

09/05/13

EX: A-014

15.

| VIDEO | AUDIO |
|---|---|
| | did or did not occur; |
| 4. Cut in CG: **Unfounded – alleged events did not happen** | And an **unfounded** OPI means the evidence presented proves that the alleged events did not occur. |
| 5. Cut to MS BURNETT | Once an OPI investigation is complete, there are a number of different actions the unit or State Classification Committee might take. Their recommendation depends on the outcome of the investigation and is intended to work in the best interest of the victim and TDCJ. |
| 6. Cut to CU BURNETT | You will be notified of the outcome of the OPI investigation during the Unit Classification Committee hearing. |
| | If you are unable to attend, you will receive a written notice of the outcome. Furthermore, if the Office of Inspector General pursues criminal charges against your assailant, you will be notified of that outcome as well. |
| 7. Host slides to screen left, CG screen right: **housing change; job change; unit transfer; safekeeping; protective custody; no action taken**<br><br>Fade out | Recommendations might include a housing change, job change, unit transfer, safekeeping or protective custody, or they may recommend no action at all. |
| **16**<br><br>1. Fade up to MCU SHARP | <u>LYNNE SHARP:</u><br><br>Those who sexually abuse others while in the custody of TDCJ will be disciplined and prosecuted |

09/05/13

16.

| VIDEO | AUDIO |
|---|---|
| | to the full extent of the law. If you are an inmate assailant, you will be monitored by the Safe Prisons/PREA Compliance Management Office and security staff, and you will be referred to Mental Health for a risk assessment, treatment and special management needs. If you feel you need help to stop sexually abusive behaviors, psychological services and programs are available. |
| **17** | LYNNE SHARP: |
| 1. Cut to MS SHARP screen left, CG screen right: **TDCJ has a ZERO-TOLERANCE policy!** | You should always remember that the Texas Department of Criminal Justice has a zero-tolerance policy regarding sexual abuse and sexual harassment, and |
| 2. Change CG: **You have a legal right to be free from sexual abuse, sexual harassment, and retaliation for reporting such abuse or harassment.** | you have a legal right to be free from sexual abuse, sexual harassment and retaliation for reporting such abuse or harassment. |
| 3. Cut to MCU SHARP | Accusations of sexual abuse are very serious in nature, and each allegation is treated as being unique, and with the highest level of professionalism. |
| | Because substantiated allegations result in a severe, negative impact on the predator, false allegations will be taken just as seriously, and when discovered, will result in disciplinary action. |
| 4. Dis to peer counseling session shots | If you are interested in learning more about sexual abuse in the prison environment, most TDCJ units |

EX: A-016

# CORRECTIONAL MANAGED CARE
# OUTPATIENT MENTAL HEALTH SERVICES

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617   **Date:** 04/07/2016 09:27 **Facility:**  BOYD (BY)

He did gain weight in 2015 because he stated he was a cook and ate a lot of the food; however, his weight has been a steady size for over a year.  His depression claim is related to the fact that he is bisexual and is contemplating telling his mother.  He also is a graduate inmate and he finds that it is an effort to keep from his old ways when other inmates "tease me about being homosexual".  Offender's stated that his greatest fear was letting his mother down for his homosexual acts, but states that he wants to tell her.  MHC invited offender to think about how he would tell his mother over the weekend and come back on Tuesday and process his thoughts.  He denied having any suicidal ideations or hallucinations.  Continue see as scheduled.


O:  Mental Status Exam (may use decision tree)

Level of Consciousness:  Alert
Oriented X 4
Appearance:  Neat and clean, Normal TDCJ attire
Behavior:  Calm and cooperative
Motor Functioning:  No psychomotor agitation
Speech:  Normal rate and volume
Mood:  Euthymic
Affect:  Appropriate to mood
Thought process:  Logical and goal directed
Thought content:  No delusions/hallucinations; appropriate to conversation
Judgment:  Good
Insight:  Good
Memory:  Appears in tact
SI/HI:  Both denied

A:  Diagnostic Impression:  MHNCMHN

P:

____  No further intervention indicated at this time.  Access to care procedure explained to Offender.
____  Refer offender to                              or consultation with other treatment staff.
____  Transfer offender to:
       ____  Crisis management/inpatient care, DDP, PAMIO or other mental health facility or program
       ____  Outpatient mental health observation
____  Schedule for MHE
_x_  Continue to be seen as scheduled
____  Reschedule x

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 4/7/2016 09:35AM | MH OP SICK CALL/REFERRAL TRIAGE (F) | no current mental health needs | | |

Electronically Signed by SHELTON, VERONICA MA, MHC on 04/07/2016.
##And No Others##

EX: A-017

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

## MENTAL HEALTH STATUS CHECK/CASEMANAGEMENT

Patient Name: ORNELAS, JUAN J          TDCJ#:1758617          Date:  04/15/2016 10:05
Facility:  BOYD (BY)
Age:33   Race:  H   Sex:  male
Patient Language:  ENGLISH    Name of interpreter, if required:
**Most recent vitals from 4/7/2016:** BP: 120 / 61 (Sitting) ; Wt: 203 Lbs.; Height: 70.5 In.; Pulse: 76 (Sitting) ; Resp: 16 / min; Temp: 97.2 (Oral)  BMI: 29

**Allergies:** NO KNOWN ALLERGIES
**Current Medications:**

| | | |
|---|---|---|
| **IBUPROFEN 600MG TABLET** | ORDERING FACILITY: BOYD (BY) | LAST DATE GIVEN KOP: 03/29/2016 08:28:02AM |
| 1 TABS ORAL TWICE DAILY for 30 | ORDERING PROVIDER: WILLIAMS, CARL R | REFILLS: 0 / 2 |
| Days KOP | | |
| TAKE WITH FOOD | | EXPIRATION DATE: 6/22/2016 12:10:00PM |

## Seen this date at (time):  0810

S:      Offender seen to check mental status. Offender reported: that he is continuing to adjust.  Offender is a recent arrival at the unit of which he had completed the grad program.  Offender continues to make strides in leaving  his past hostile acts behind and maintain and calm attitude.  He also continues to struggle in his personal life and sexual preferences while keeping his mother in the "dark" about his preferences.  Offender was able to express fears and wants in a safe environment.  Offender also understands ATC should he find himself in conflicting situations that may cause him to go against making good decisions.  He denied having any SI/HI/AH/VH.  See as requested.


O:      Mental Status/Behavioral Observation (can use decision tree)

Level of Consciousness:  Alert
Oriented X 4
Appearance:  Neat and clean, Normal TDCJ attire
Behavior:  Calm and cooperative
Motor Functioning:  No psychomotor agitation
Speech:  Normal rate and volume
Mood:  Euthymic
Affect:  Appropriate to mood
Thought process:  Logical and goal directed
Thought content:  No delusions/hallucinations; appropriate to conversation
Judgment:  Good
Insight:  Good
Memory:  Appears in tact
SI/HI:  Both denied


A:      MHNCMHN

P:      _x___    Follow up: __as requested_____
        ____     Refer to: _____

Procedures Ordered:

EX A-018

(7)

Texas Department of Criminal Justice
INSTITUTIONAL DIVISION

## Inter - Office Communications

Date: 04-27-16

DISCIPLINARY HEARING OFFICER

From: Manther          CS 2   Subject:   WITNESS STATEMENT

TIME: 1530pm
OFFICER: Howard, J          CASE# 20160253174
INMATE/OFFENDER:          RANK: CO III   SHIFT/CARD ASSGN: 2/7
          TDCJ#          HOUSING ASSIGN:

STATEMENT OF FACTS BY WITNESS:

Brown was talking with Kersten it was during a
search. I could tell Brown was upset. He went
to B-wing and hit Ornelas in the face. I
grabbed my radio to call ICS. From there I did
not get to see everything that happened. Other
people got there. I had to open doors, answer
the phone and use the radio. I did get to
see them get sprayed. The offenders were
wrapped up around each other and would not
seperate. At one time they were on the floor.
But I do not know if Ornelas got to hit. I
was not able to see everything.
          Interviewed by phone: A Martinez CS2

Entered per D request AM.

Ex. ████ A-020

ER: 13.
NONE

BY J-1 9-WING DAYROOM, OFFENDERY ORNELAS, JUAN TDCJ NO. #1796177 DID ENGAGE IN A FIGHT WITHOUT A WEAPON WITH OFFENDER BROWN, JAMES TDCJ NO. 1981212, BY STRIKING OFFENDER BROWN SEVERAL TIMES IN THE UPPER BODY WITH CLOSED FISTS. MOREOVER, THE FIGHT DID NOT RESULT IN ANY INJURIES.

CHARGING OFFICER: BAILY, E. COII                     SHIFT/CARD: 2 4

OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 1130 /04-26-16 BY:(PRINT) Warner CSS
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES/ NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:x_____      DATE: 04-26-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING
OFFENDER WAIVER SIGNATURE:x_____            DATE: 04-26-16

HEARING INFORMATION
HEARING DATE: 5-3-16 TIME: 11.02 UNIT BY FOLDER D FILE 002 DSFILE 247420
COUNSEL SUBSTITUTE AT HEARING: Am  FOLDER____ FILE____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) 1) gathering witness statements

OFFENDER STATEMENT: confirm I was defending myself from
an offender who was attacking me. I put him down but it
OFFENSE CODES: was to stop me.
OFFENDER PLEA: (G, NG) NON )
FINDINGS: (G, NG, DS)
REDUCED TO MINOR (PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS (TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: Due to Offender's testimony and written
statement

PUNISHMENT
LOSS OF PRIV(DAYS)____   REPRIMAND____        SOLITARY(DAYS)........ __
*RECREATION(DAYS)____   EXTRA DUTY(HOURS).... __  REMAIN LINE 3........ __
*COMMISSARY(DAYS)____   CONF.VISIT SUSP.THRU_/_/_  REDUC.CLASS FROM__ TO__
*PROPERTY(DAYS)____     CELL RESTRIC(DAYS)____     GOOD TIME LOST(DAYS)__
) OTS(DAYS)..__         SOLICIAL CELL RESTRIC(DAYS)__  DAMAGES/FORFEIT $__
SPECIFIC FACTUAL REASON FOR DOCKET OR PUNISHMENT IMPOSED  N/C

CREDIT FOR PRE HEARING DETENTION GIVEN YES/NO (NO)
WAS PLACED IN PRE HEARING DETENTION  4-24-16 HEARING DATE  7
OFFICER SIGNATURE                           WITNESS SIGNATURE
Capt. Howard

Ex: A-021

# OPI Reference offender Ornelas, Juan # 1758617 x-MM aka "Mad Man"/ Threat of Violence

**Benny Boykin**

Mon 5/16/2016 2:27 PM

Sent Items

To Cynthia Tilley ▆▆▆▆ @tdcj.texas.gov>; Jody Hefner ▆▆▆ @tdcj.texas.gov>; Kevin Benjamin ▆▆▆ @tdcj.texas.gov>; Jon Harrison ▆▆▆ @tdcj.texas.gov>;

Cc Rachel West ▆▆▆ @tdcj.texas.gov>; Kevin Stipe ▆▆▆ @tdcj.texas.gov>, Monika Howard ▆▆▆ @tdcj.texas.gov>;

On 5-16-2016 anonymous information was received that offender Ornelas, Juan # 1758617 assigned to C-201 on J1 building was going to be assaulted due to the offender population believing he was informing to the administration. Offender Ornelas was interviewed and asked if he felt his life was in danger. He stated he did not know but a rumor was going around that he was a "snitch" ( informant) for the administration. Due to the offender's statement he was placed in transient status and an Offender Protection Investigation was initiated.

Placement: Transient status # 06 cell
Time and date: 5-16-2016 at 1430
Reason: Threat of Violence
Investigator: Sgt. Boykin

Benny Boykin Sergeant
Boyd USTGO

Ex: B-001

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISONS/PREA PROGRAM
**Offender Protection Investigation**

Emergency Action Center
Incident # I-07304-05-16

## Section I: Offender Information

Offender Name: Ornelas, Juan                    TDCJ#: 1758617        Unit: Boyd

AKA: Mad Man          Age: 33    Sex: M    Height: 5'8"    Weight: 202 lbs.   Race: H

Status at the time of the request: Custody: _____ G4 _____   Housing Location: C-201T   Work Assignment: Field Sqd #1

Was offender removed from GP during the investigation?   ☐ No   ☑ Yes  If Yes, identify location: #06

Gang status (verify with UCR-07):   ☐ Suspected   ☑ Confirmed   ☐ Monitored   Gang Affiliation: x-MM

Sexual Orientation/Gender Identity:   ☐ Lesbian   ☐ Gay   ☐ Bisexual   ☐ Transgendered   ☐ Intersex   ☑ N/A

Date/Time Staff Aware of Possible Protection Situation (start of investigation): Date: 5-16-2016   Time: 1430

## Section II: Current Protection Request Information

Mark the box that most accurately describes the allegation.  Check all that apply when multiple issues exist.

☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☑ Threat of Violence   ☐ Retaliation

Date and Time the Alleged Incident Occurred:  Date: 4-24-2016   Time: 1800

Incident General Location:   ☑ Housing Area   ☐ Recreation Yard   ☐ Dining Hall   ☐ Work Area   ☐ Other
Specific Area (explain): C wing on J1building

Did this incident occur at another unit: (if Yes, indicate unit name): No

Method of report (Check one): ☐ Written   ☐ Verbally   ☐ Staff   ☐ Third Party   ☑ Anonymous   ☐ Other (explain): _____
N/A

Name of person reporting the situation (if third party reporting): N/A

Was the Office of the Inspector General Notified (OIG)? ☐ Yes   ☑ No
Full Name of the OIG Investigator Contacted: Stephen Hem                Date & Time: 5-17-2015 @ 1150am
Was the Offender taken to Medical?  ☐ Yes  ☑ No   (If Yes Indicate) Date: N/A   Time: N/A
Was the Emergency Action Center (EAC) Notified? ☑ Yes  ☐ No   (If yes, see text box on top of page to document Incident #)
Full Name of the EAC Staff Contacted: Amber Rash          Date: 5-17-2016   Time: 12:09 pm

## Section III: Other Offender Involvement

| Offender Name | TDCJ # | Race | Assailant or Witness (A or W) | Custody Status | Housing Assignment | Gang Code | AKA |
|---|---|---|---|---|---|---|---|
| 1. Brown, James | | B | A | G4 | Released | | N/A |
| 2. Medina, Raymond | | H | W | G4 | C-114T | | N/A |
| 3. Ochoa, Roger | | H | W | G4 | C-204B | | N/A |
| 4. Gutierrez, David | | H | W | G4 | C-213T | | Chuco |
| 5. Alvarez, Gabriel | | H | W | G4 | C-201B | | N/A |
| 6. | | | | | | | |

Safe Prisons/PREA Operations Manual (07/2014)            Attachment J            Page 1 of 6

Ex. B - 002

Offender Name: __Omelas, Juan__                    TDCJ #: __1758617__

## Section IV: Offender Statement *(For completion by offender; staff members shall assist with this section if offender has difficulty reading/writing. Utilize page 6, continuation page for additional pages)*

Alleged Incident or Complaint: __RUMOR IS I AM SNITCHING__

Where did the incident occur? __BOYD UNIT   MED/CUSTODY__   Date/Time this occurred? __4-24-2016__

Were any activities taking place when your situation occurred? ☒ Yes ☐ No *(if yes, list activities)*: __CHOW TIME - WE WERE IN THE DAY ROOM - I WAS ATTACKED...__

What action do you think should be taken to solve your problem *(i.e., Job/Housing Change, Unit Transfer, Safekeeping, Protective Custody, etc.):* __UNIT TRANSFER / SAFE KEEPING__

Offender Statement: __I DONT WANT TO LEAVE THIS UNIT BECAUSE I FEEL SAFE HERE - OTHER UNITS ARENT SO SAFE FOR ME. IM G.R.A.D. IM HERE ON A GANG RELATED CRIME AND IM BISEXUAL... SO YOU CAN SEE WHY I WOULD HAVE PROBLEMS ON A LOT OF UNITS... I DONT WANT TO GET HURT OR HURT ANY ONE ELSE. IM NO SAINT' - BUT I AM WANTING TO CHANGE MY LIFE. ITS JUST HARD. BUT I DONT WANT TO HURT ANYONE OR GET HURT. IF I CAN GO TO PLACE THATS SAFE I THINK THAT WOULD BE BEST. IT WOULD BE A FRESH START AWAY FROM HERE WHERE IM INVOLVED WITH K2 AND STUFF. I WANT TO STOP ALL THAT. IM JUST WORRIED ABOUT BEING PUT ON A UNIT WITH ACTIVE GANG MEMBERS (MEXICAN MAFIA)... IM G4 AND I KNOW G4 AND G5 HAVE A LOT OF GANG MEMBERS. SORRY ABOUT ALL THIS. I KNOW I DONE THIS TO MYSELF...__

## Section V: Allegations of Sexual Abuse *(complete this section only following a sexual abuse allegation)*

What type of coercion or physical force did the assailant use prior to or during the incident? *(Check all that apply)*

☐ Persuasion or talked into sexual activity out of fear
☐ Bribed or blackmailed
☐ Was given drugs or alcohol
☐ Was offered protection from other offenders

☐ Threatened with harm
☐ Physically held down or restrained in some way
☐ Physically harmed or injured
☐ Threatened with a weapon

☐ Other *(describe)*

## Section VI: Offender Certification of Allegations

I have written/read the foregoing statement and it contains all of my complaint(s), all names of witnesses, and all names of individuals to whom I reported the alleged incident. I have stated my preferred remedy for this complaint and a summary of the alleged complaint without coercion or intimidation on the part of TDCJ or any other individual(s).

__Juan J. Ornelas__ 01758617            __Juan J. Ornelas__ (signature)      __5-16-2016__
Offender Printed Name/TDCJ# 01758617     Offender Signature                  Date

__Tamu Jaylin SQ3__                      (signature)                         __5-16-2016__
Staff Witness Printed Name/Title          Staff Witness Signature            Date

__Mechery Gibbs UPPO__                    __M. Gibbs__                        __5-16-2016__
Staff Witness and/or Interpreter Printed Name/Title   Staff Witness Signature   Date

Ex. B - 003

Offender Name: Ornelas, Juan                                    TDCJ #: 1758617

| Section VII: Previous Protection Request Facts |
|---|

Have there been similar incidents or prior protection requests?   ☐ Yes  ☑ No

If yes, document date of incident/Offender Protection Investigation and unit of assignment on which the incident occurred:

N/A

Check the box describing the final outcome/action taken of the most recent Offender Protection Investigation.

☐ Housing Change   ☐ Job Change   ☐ Unit Transfer   ☐ Safekeeping   ☐ Protective Custody   ☐ No Action Taken

☑ Not Applicable (no prior requests)   ☐ Other (describe)

N/A

Has the offender had previous assignments in safekeeping or protective custody?   ☐ Yes  ☑ No   ☐ Currently Assigned

| Section VIII: Resources/Information Used to Investigate Allegations (Check all that apply and attach copies of only those documents used as evidence. It is unnecessary to copy the UCC History Form, Admission Summary, OPI's and Disciplinary Reports as they are a permanent part of the offender's record.) |
|---|

☐ UCC History Form        UCC committee Date:_____  UCC Unit: _____

☐ Admission Summary and Additional Information

☑ Disciplinary Report:  Offense Date and Disciplinary Report Number: 20160253174,20160209164,20160245085

☐ Previous Offender Protection Investigation: OPI date: N/A _____ OPI Unit: N/A _____

☑ Computer Screens: (List and attach screens used)
05, Classification profile

☐ Photo Line-up: Number of Offenders Reviewed:_____ (Attach photocopy of line up with TDCJ# below each photo)

☑ Offender Witness Statements (Attachment K)     Number of statements included: 4 _____

☐ Staff Witnesses Statements (Attachment K)     Number of statements included: _____

☐ Medical Reports or Clinic Notes (Attach copy of medical exam(s))

☐ Property Forms (list attached forms) _____

☐ Travel Card

☐ Housing Locators

☐ Job Rosters

☐ Grievance Reports

☐ Trust Fund/Commissary History

☐ Security Threat Group Staff Statements

☐ Unit Safe Prisons/PREA Manager Statement

☐ Outside agencies contacted (law enforcement/civilian agencies/county jails)

☐ Visitors Lists

☐ EAC Reports

☑ Other (list sources)

Email initiate OPI

Offender Name: Ornelas, Juan                                      TDCJ #: 1758617

**Section IX:  Additional Information**

Has the property of offenders identified as assailants been searched?  ☐ Yes  ☑ No   If yes, identify by name and TDCJ#
N/A

Did the offender make any contradictory statements during the investigation? ☐ Yes  ☑ No  If yes, describe:
N/A


Other important information:
N/A




**Section X: Investigation Summary** *(Utilize continuation page 6 for additional writing space)*

On 5-16-2016 anonymous information was received that offender Ornelas, Juan # 1758617 assigned to C-201T on J1 building was going to be assaulted due to the offender population believing him to be an informant for the administration. Offender Ornelas was summoned to the Security Threat Group office for interview. Offender Ornelas stated that the rumor he was an informant had been circulating around the unit for a while. He stated he was most recently confronted by a black offender on 4-24-2016 that resulted in a fight (verified). He claimed that he had not heard anything in the last few days but the offender appeared to be apprehensive about his situation. Consequently, the decision was made to place the offender in transient status and conduct an Offender Protection Investigation.

Offender Ornelas is a 33 year old Hispanic male G4 custody x-Mexican Mafia aka "Mad Man" admitted bi-sexual serving a 15 year sentence from Kerr County for Evading Arrest, Unlawful Possession of a Firearm by a Felon and Deadly Conduct. Offender Ornelas completed page 2 of attachment J. His written statement reflects he is concerned about his current situation because he is involved with K2 and other stuff as he puts it. He stated he feels he needs a transfer but is concerned about being sent to another unit that has active gang members.

Due to the information received concerning the safety of offender Ornelas, his cell was searched prior to initiating the Offender Protection Investigation. Offender Ornelas had in his possession paraphernalia consistent with the packaging and distributing of synthetic marijuana (K2). No K2 was found, however, it was clear that offender Ornelas who has been caught multiple times on the Boyd Unit with K2 is still a major distributor of that product. He was found with homemade alcohol and a disciplinary case written.

Interviews were conducted with two offenders affiliated with the ███████████ assigned to G4 custody. Offender Medina, Raymond # ██████ monitored for affiliation with the San Antonio Tango. Offender Medina confirmed the word among the offender population is that offender Ornelas is a "snitch". He stated the offender has been caught multiple times with K2 and he is still on the unit. He stated anybody else would have been transferred. Offender Medina stated he had not heard that offender Ornelas would be assaulted but offenders were jealous of him because he is openly dealing with K2 and the administration has let it happen.

Offender Ochoa, Roger # ██████ a Confirmed ██████████████ was also interviewed. He stated that he did not associate with offender Ornelas because everybody knows he is "snitching" to you Boykin. He further stated that he would not lay a hand on him but it was suspicious that a guy that has been caught as many times with K2 as offender Ornelas is still on the unit.

Offender Brown, James # ██████ has been released from TDCJ custody. He was charged with assaulting offender Ornelas on 4-24-2016. According to interviews conducted with offender Brown by security staff the assault occurred because that he thought offender Ornelas had informed on him to security staff. Offender Brown and Ornelas were assigned in the same cell at the time. Security searched the cell and because of offender Ornelas's reputation, offender Brown felt that Ornelas was responsible and consequently assaulted him.



Benny Boykin  Sergeant                                                              5-16-2016
Investigator's Printed Name/Title          Investigator's Signature              Date

Ex. B - 005

Offender Name: Ornelas, Juan                              TDCJ #: 1758617

**Section XI: Investigation Review** *(Check all that Apply)*

## Major or Above

☐ Return to Investigator for additional information   Date Returned:_____ Time Returned: _____

Comments: _____

☑ **Investigation Complete** –*(official completion of investigation)* Date Completed: 5-18-16  Time Completed: 10:10 AM

☑ **Forwarded to Unit Classification** - Date Forwarded: 5-18-16  Time Forwarded: 10:11 PM  5-18-16

K Benjamin/Major          K Benjamin
Reviewing Authority Printed Name/Title      Signature                    Date

### Extension Authorization

The signature below provides authorization to extend the Offender Protection Investigation 72-hours beyond the original 72-hours to collect additional facts and evidence for completion of the investigation.

Justification for investigation extension: _____

_____     _____     _____
Major or Above Printed Name/Title      Signature                    Date

**Section XII: UCC Review and Recommendation** *(please print clearly)*

Based on the preponderance of evidence contained within the investigation, the UCC determined the allegations of this investigation to be: *(When multiple issues exist, select the appropriate investigative outcome followed by the type of allegation.)*

☐ **Substantiated** – *Based on facts and evidence from the investigation, the incident was determined to have occurred.*
  ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

☑ **Unsubstantiated** – *Evidence was insufficient to make a final determination that the incident may or may not have occurred.*
  ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☑ Threat of Violence   ☐ Retaliation

☐ **Unfounded** -- *Based on facts and evidence from the investigation, it was determined the incident did not occur.*
  ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

*Note: Ensure a disciplinary case is processed for all substantiated and unfounded outcomes as appropriate.*

Committee recommends the following action *(Check all that applies)*:

☐Housing Change   ☐Job Change   ☑Unit Transfer   ☐Safekeeping   ☐Protective Custody   ☐ No Action Taken

Justification for decision: Unable to substantiate the threat of violence but, the investigation found that offender Ornelas has been labeled as an informant. Furthermore the fact that offender Ornelas had received a weapon

Indicate by TDCJ# the offenders to be noted as not for same unit: for protection the best Unit Administration option may be in regard

K Benjamin Major          K Benjamin                      5-18-16
UCC Chairperson's Printed Name      UCC Chairperson's Signature          Committee Date

**Offender Acknowledgement**

☐ Offender refused to sign   ☐ Offender was absent from UCC (Complete "UCC Notification of OPI Outcome" form)

Offender's signature below acknowledges that he or she was present and was made aware of the investigative outcome.

_____ 01758617
Offender Signature/TDCJ#

Ex. B - 006

Offender Name: Ornelas, Juan                                     TDCJ #: 1758617

| Section XIII. Continuation Page (use only as needed) | |
|---|---|
| **Information Provided By** | |
| Benny Boykin | Sergeant |
| Printed Name of Staff or Offender | Rank/Title or TDCJ # |
| **Additional Information or Comments** | |

Continuation from OPI Page #: _____ 4 _____ Section #: _____ X _____          Page ____ 1 ____ of ____ 1 ____

On 5-17-2016 the Region Contraband Interdiction Team was on the Boyd Unit to search areas of concern identified by the administration. Due the contraband found the previous day on 5-16-2016 in cell C-201 the decision was made to have the team search that area removing light fixtures and wall sockets. In the cell vent a metal rod was found. It was retrieved and found to be 8 inches in length with a sharpened point. A chain of custody was established. The only occupant in the cell at the time of the search was identified as Alvarez, Gabriel # 1904451. Offender Alvarez was questioned and stated he had no idea the item was in the vent. Offender Ornelas was questioned even though he had been moved from the cell on 5-16-2016. Offender Ornelas admitted that the weapon was his and he had placed it in the vent prior to being moved out. He stated he had gotten the weapon to protect himself in the event he got jumped on.

A chain of custody was established on the weapon and the appropriate notifications made to OIG and the Emergency Action Center. The Emergency Action Center assigned incident number # I-07304-05-16. Offender Ornelas was apprised he would receive a disciplinary case for Possession of a Weapon and be recommended by the unit for Security Detention Administrative Segregation.

Investigation finds that offender Ornelas has been labeled as an informant by other offenders. From interviews it was determined that the fact he has been found with K2 on multiple occasions and is still on the Boyd Unit has caused the offender population to think that he is an informant. Furthermore, the fact that offender Ornelas had procured a weapon for protection certainly leads any prudent individual to think that his safety may be in jeopardy if returned to general population on the Boyd Unit.

_____          5-17-2016
Staff or Offender Signature                      Date

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page ___1___ of ___1___

| | |
|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617   Unit: Boyd |
| Witness Name: Gutierrez, David | Title/TDCJ #: ███████ |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 0845 |

**Report Type:** ☐ **Witness Statement** ☑ **Report of Interview** *(check one)*

Offender Gutierrez, David # ███████ is an x ███████ assigned to A wing on J1 building. He was interviewed regarding allegations received that offender Ornelas's safety was in jeopardy. He agreed to be interviewed but declined to provide a written statement.

Offender Gutierrez was reluctant to talk but did state the word was that the Tango was going to drop offender Ornelas because they think he is an informant for the administration. He stated the dude has been caught with K2 more than once and he is still on the unit. He stated "what's up with that?"

Report of Interview

| Witness Printed Name | Signature | Date |
|---|---|---|
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| | | |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation.***

Safe Prisons/PREA Operations Manual  (07/2014)

SPPOM 05.03
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page    1    of    1

| | |
|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617    Unit: Boyd |
| Witness Name: Medina, Raymond | Title/TDCJ #: ▓▓▓ |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 0900 |

**Report Type:**   ☐ **Witness Statement**   ☐ **Report of Interview**   *(check one)*

Offender Medina, Raymond # ▓▓▓▓ was interviewed regarding any knowledge he might have of any life endangerment issues of offender Ornelas, Juan # 1758617. Offender Medina declined to provide a written statement.

Offender Medina is a G4 custody offender, Monitored for affiliation with the ▓▓▓ stated that he had not heard offender Ornelas was to be assaulted but there was a rumor that he was a "snitch". He stated Ornelas had been caught with K2 several times and is still on the unit operating and offenders think he is an informant. He went on to say there were a lot offenders that were jealous of him.

Report of interview

Witness Printed Name _____ Signature _____ Date _____

Benny Boykin                                                          5-17-2016

Investigator's Printed Name _____ Signature _____ Date _____

Interpreter Printed Name _____ Signature _____ Date _____

*Following completion, attach this form to the Offender Protection Investigation.*

Ex. B - 009

SPPOM 05.05
Attachment R

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### SAFE PRISON/PREA PROGRAM
#### Offender Protection Witness Statement/Report of Interview

Page ____1____ of ____1____

| | | |
|---|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617 | Unit: Boyd |
| Witness Name: Ochoa, Roger | Title/TDCJ #: ███████ | |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 0940 | |

**Report Type:**    ☐ **Witness Statement**    ☑ **Report of Interview**  *(check one)*

Offender Ochoa, Roger # ███████ is a G4 custody offender assigned to C wing where offender Ornelas was assigned. He is a Confirmed ███████ He was questioned about the life endangerment issues being investigated regarding offender Ornelas. He agreed to give a verbal statement but declined to provide a written statement.

Offender Ochoa stated he did not associate with offender Ornelas because he is a "snitch". He stated he had not heard he was to be assaulted. He stated he was not going to bother him but he knew what he was.

Report of interview

| | | |
|---|---|---|
| Witness Printed Name | Signature | Date |
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| | | |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation.***

Safe Prisons/PREA Operations Manual   (07/2014)

Ex. B - 010

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page ___1___ of ___1___

| | |
|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617      Unit: Boyd |
| Witness Name: Alvarez, Gabriel | Title/TDCJ #: ▮▮▮▮▮ |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 1400 |

**Report Type:**     ☐ **Witness Statement**     ☑ **Report of Interview**   *(check one)*

Offender Alvarez, Gabriel # ▮▮▮▮▮ was interviewed due to him being cellmates with offender Ornelas prior to offender Ornelas being locked up. Offender Alvarez refused to give a written statement.

Offender Alvarez stated he had not been in the cell with offender Ornelas very long and he (Ornelas) never mentioned to him about having any problems. He stated offender Ornelas stayed in the cell a lot but he had not heard about any life endangerment issues.

Report of interview

| | | |
|---|---|---|
| Witness Printed Name | Signature | Date |
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| | | |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation.***

Safe Prisons/PREA Operations Manual   (07/2014)

Ex. B - 011

## PREA and Transportation Department Abuses

**Recommendation 18: Extend PREA standards to transportation.** TDCJ appears to not hold the Transportation Department to PREA standards because the standards are facility-based, a loophole the agency is unethically allowing. This is very likely a problem, or potential problem, in all prison systems. The existence of this loophole, however, does not abrogate agency responsibilities under section 115.11 to have—as an agency—"zero tolerance toward all forms of sexual abuse and sexual harassment."

## PREA Confidentiality

**Recommendation 19: Confidential correspondence for anti-violence advocates.** Under PREA Standard 115.53, facilities "shall provide inmates with access to outside victim advocates for emotional support services . . . of local, state, or national victim advocacy or rape crisis organizations . . . in as confidential a manner as possible." TDCJ and all jails and prisons in Texas should implement a class of confidential correspondence so that community advocates and sex abuse survivor advocates are not required to have an attorney on staff to receive confidential mail from incarcerated persons.

**Recommendation 20: Keep reports of violence confidential.** PREA § 115.61(b) notes that "[a]part from reporting to designated supervisors or officials, staff shall not reveal any information related to a sexual abuse report to anyone other than to the extent necessary." It is common practice for guards and administration to disclose, directly or indirectly, that someone reported violence or details about the report. Privacy is not respected; one of our correspondents, a transgender woman being transported to a SANE exam after being raped, experienced guards yelling across the yard that she was "going to get her butt checked." Not only does that disrespect personal privacy rights, it also increases endangerment by announcing she reported a rape. Information is passed to trustees or SSIs (staff support inmates), who provide the information to associates, endangering the lives of anyone filing a report. Staff and investigators discuss reports in non-private settings, such as at a distance with a loud voice through a cell door where others can easily hear, most likely to discourage further reports and encourage the case to be dropped.

## PREA Data Collection and Disclosure

**Recommendation 21: Track and make available disciplinary cases against survivors.** Track disciplinary cases received by all who are associated with reports of violence to identify potential retaliation. The cases should be available to victim advocacy organizations on request.

**Recommendation 22: Monitor transgender housing practices.** Collect aggregate data noting the number of persons in the prison system identified as transgender, the gender of the housing, and the presence or absence of genital reconstruction surgery. Unit level data must be provided to PREA auditors as part of the facility assessment, and audit interviewees must be clearly invited to discuss their housing as appropriate or inappropriate to their gender with PREA auditors. Aggregate data should be available to community advocate organizations on request.

**Recommendation 23: Track persons with non-substantiated reports of violence.** Far too many incidents of sexual violence are found unsubstantiated or unfounded. Each person with an

*continued on page 15*

Ex: B-012

impacts their mental health and they request not to be isolated. We have received numerous non sequitur explanations from TDCJ staff that this is not solitary because it is not for punishment. Solitary confinement is housing as a single occupant with limited human interaction for 22 or more hours a day, regardless of the purpose of that solitary confinement.

**Recommendation 13: Institute independent grievance oversight.** The grievance process at TDCJ is highly problematic and easily manipulated by persons in power at the units. Suggestions from advocates include establishing an Office of Independent Ombudsman or expanding the Texas Juvenile Justice Department Office of Independent Ombudsman to review grievances not handled at the unit level. Regardless of specifics, the grievance process must be made more accountable through strong independent oversight with input from advocates with a vested interest in eliminating abuse and violence in prisons.

**Recommendation 14: End abusive interpretation of PREA § 115.42(g).** Clearly define that placing transgender persons together in a cell does not in itself infringe on prohibitions against "dedicated facilities" under PREA § 115.42(g) and may be the best way to house some transgender persons. Transgender persons should always be provided this option for housing where available.

## Searches

**Recommendation 15: End routine strip searches.** TDCJ and many prison systems engage in routine daily—sometimes multiple times a day—strip searches of persons in certain custody levels. These are conducted so often and unnecessarily that they exceed any legitimate security or penological interest. Unnecessary routine strip searches are a form of sexual abuse and have a disproportionately negative affect on LGBTQ persons, particularly those who have suffered sexual trauma and those for whom such searches increase the likelihood of additional victimization by others. This is especially problematic for transgender persons housed in gender segregated facilities that do not conform to their gender.

**Recommendation 16: Follow PREA search best practice guidelines.** The four options for transgender and intersex persons are: 1) searches are conducted only by medical staff; 2) pat searches of adult inmates are conducted by female staff only, especially given there is no prohibition on the pat searches female staff can perform (except in juvenile facilities); 3) asking inmates/residents/detainees to identify the gender of staff with whom they would feel most comfortable conducting the search, and 4) searches are conducted in accord with the inmate's gender identity.

## PREA Audit Reports

**Recommendation 17: Require external comments on audit reports where a potential conflict of interest exists.** PREA auditor certification allows employees of correctional agencies to conduct audits, and this is a potential conflict of interest with the Auditor Code of Conduct requirement that "PREA auditors must be independent, objective, and credible in evaluating the extent to which confinement facilities comply with the PREA Standards" (PREA Management Office, 2017, p. 8). Reports for all audits where the lead auditor is a current correctional agency employee or has been an employee of any correctional agency in the past 10 years should be required to include review by an external advocacy agency.

*continued on page 14*

CASE: 20160281695 TDCJNO: 01758617 NAME: ORNELAS, JUAN JAVIER          EA: 10.3
UNIT:BY  HSNG: PHD    06        JOB: TRANSIENT PENDING OPI TRANSFER IQ: 096
CLSS: L3  CUST: 3A  PRIMARY LANGUAGE: ENGLISH   LMHA RESTRICTIONS:   NONE
ORDE: MA / KB   OFF.DATE: 05/17/16  11:30 AM  LOCATION: BY MISCELLANEOUS
TYPE: ID

OFFENSE DESCRIPTION
ON THE DATE AND TIME LISTED ABOVE, AND AT BY J1 BUILDING CELL NO. C-201,
OFFENDER: ORNELAS, JUAN JAVIER, TDCJ-ID NO. 01758617, DID POSSESS A WEAPON
INTENDED TO BE USED TO INJURE ANOTHER PERSON, NAMELY, AN 8 INCH METAL ROD
SHARPENED TO A POINT.

CHARGING OFFICER: BOYKIN, B. SGT              SHIFT/CARD: 1 H
                          OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER.
TIME/DATE NOTIFIED: 115  05-20-16 BY:(PRINT)  Wagner (05)
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:                      DATE: 05-20-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:                            DATE: 05 20 16
                          HEARING INFORMATION
HEARING DATE: 5/20/16  TIME: 115  UNIT BY FOLDER D  FILE 064  DSFILE 2474182
COUNSEL SUBSTITUTE AT HEARING:    AM    FOLDER    FILE    DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____

recess 1:48

OFFENDER STATEMENT: I was removed from C-201, the cell was
searched, I was searched too, It was found the following day,
OFFENSE CODES:                    06.0
OFFENDER PLEA: (G, NG) NONE) |   NG  |____|____|____|____|   It was found in the
FINDINGS: (G) NG, DS)        |   G   |____|____|____|____|   ventilation system
REDUCED TO MINOR(PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY:(INITIAL) ___   It was not mine I
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF   I was not
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.   even assigned
EXPLAIN IN DETAIL: B) officer report                                            to that cell
D) testimony of A & C/O during the hearing                                      when it was
                                                                                found.

PUNISHMENT
LOSS OF PRIV(DAYS) ___  REPRIMAND............   SOLITARY(DAYS)....... 15
*RECREATION(DAYS) 45  EXTRA DUTY(HOURS)......   REMAIN LINE 3........ RL3
*COMMISSARY(DAYS) 45  CONT.VISIT SUSP.THRU _/_   REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS)___   CELL RESTR(DAYS)....... 45  GOOD TIME LOST(DAYS).
*  OTS(DAYS).. 45  SPECIAL CELL RESTR(DAYS).   DAMAGES/FORFEIT. $
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: modify by
between 3rd Major case w/ last 70 days.

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) NO (NO) / NA  9
DATE PLACED IN PRE-HEARING DETENTION: 5-17-16 HEARING LENGTH 9  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: In hand restraints
K.Stim Cpt.
HEARING OFFICER (PRINT)    WARDEN              REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

Ex:B-013

```
Patient Name :
Patient Id      : 1758617
Patient Phone :
Date of Birth : 1
SS#             : --     Sex  : Male
```

```
Ordering
Physician    : ISBELL, WANDA
Facility     : BOYD (BY)
               6 MILES NE ON I84
               TEAGUE  TX  75860
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|

Accession: 16H-139C2035    Requistion: C55611046002
Drawn:05/18/16 06:42    Received:05/18/16 23:36    Reported: 05/19/16 01:08

Procedure: GALV ONLY - HIV  TYPE 1 AND 2 ANTIBODY TESTING
     HIV Interpretive Data:

     Negative:  0.00-1.00
     Reactive:  >1.00

| Test Name | Result | | | Reference Range | LAB ID |
|-----------|--------|--|--|-----------------|--------|
| HIV 1/2 ANTIBODY QUANTITATIVE | 0.10 | | | | HG |
| HIV 1/2 TESTING | Negative | | | Negative | HG |

Test Performed at:  HG
UTMB Lab Pathology Clinical Services
301 University Boulevard
Galveston, TX 77555     Timothy C Allen, MD

L Low, LL Panic Low, H High, HH Panic High, A Abnormal, AA Panic

Ex:B-014

Lab Data Imported From UTMB - Galveston Lab System

```
Patient Name  : ORNELAS, JUAN J
Patient Id    : 1758617
Patient Phone :
Date of Birth : ▓▓▓▓▓▓▓▓
SS#           : --    Sex  : Male
```

```
Ordering
Physician     : ISBELL, WANDA
Facility      : BOYD (BY)
                6 MILES NE ON I84
                TEAGUE  TX  75860
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|

Accession: 16H-139C2035    Requistion: C55611046003
Drawn:05/18/16 06:42   Received:05/18/16 23:36   Reported: 05/19/16 01:08

Procedure: HCV ANTIBODY

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|
| HCV ANTIBODY | Negative | | | | HG |
| HCV ANTIBODY QUANTITATIVE | 0.01 | | | | HG |

Test Performed at:  HG
UTMB Lab Pathology Clinical Services
301 University Boulevard
Galveston, TX 77555    Timothy C Allen, MD

L Low, LL Panic Low, H High, HH Panic High, A Abnormal, AA Panic

Ex: B-015

**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 7-5-16

Offender's Name: JUAN J. ORNELAS                         TDCJ No.: 01758617

Work Assignment: AD. SEG                                 Work Hours: N/A

Wing No: 12-F-69                          ...urs: N/A

Service needed:   ☐ Medical   ☐ Dental   ☑ Mental Health   ☐ Other: _____

Reason for Health Services Appointment: REQUESTING TO SPEAK WITH YOU IN PRIVATE - SEVERELY DEPRESSED

How long have you had this problem?   Hours: _____   Days: _____

> "In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

_____                  2016 JUL 6   9:55
**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: _____ Appt Scheduled Clinic
                        to talk to psych
_____ Medical Staff Member's Signature         Date 7/6/16

HSA – 9 (Rev. 2/12)

---

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 8-10-16

Offender's Name: Juan Javier Ornelas                    TDCJ No.: 01758617

Work Assignment: Ad-seg.                                 Work Hours: ——

Wing No: 12-F-69                           ...rs: ____

Service needed:   ☐ Medical   ☐ Dental   ☑ Ment...alth   ☐ Other: MHMR

Reason for Health Services Appointment: Severely depressed, trouble eating and sleeping. I need to talk to you a.s.a.p.

How long have you had this problem?   Hours: ——   Days: ——

> "In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

_____                  2016 AUG 11   8:41
**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: Appt w/MHC scheduled
"Severely depressed, trouble eating sleeping"
12 F 69
_____ Medical Staff Member's Signature          Date

M-R-1

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 8-18-2016

Offender's Name: Juan Javier Ornelas              TDCJ No.: 01758617

Work Assignment: Ad. Seg                          Work Hours: —

Wing No: 12-F-69

Service needed:  ☐ Medical  ☐ Dental  ☑ Mental Health

Reason for Health Services Appointment: not feeling w    till depressed, not eating
or sleeping n     nally, lost 14 lbs...

How long have you had this problem?    Hours: _____    Days: _____

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."                2016 AUG 18    8:44

_____
**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)

Medical Reply: _____ Appt Scheduled Clinic

_____              Date 8/19/16
Medical Staff Member's Signature

HSA – 9 (Rev. 2/12)

---

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 2-26-2017

Offender's Name: Juan Javier Ornelas              TDCJ No.: 01758617

Work Assignment: Ad. Seg                          Work Hours: _____

Wing No: C-2-12                       School H

Service needed:  ☑ Medical  ☐ Dental  ☐ Mental Health  ☐ Other: _____

Reason for Health Services Appointment: Requesting Acetaminophen 325 MG tablets
for headaches, stomach pain and nausea

How long have you had this problem?    Hours: _____    Days: _____

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

Paid in full / Covered till 3/29

**SCANNED**

_____
**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)

Medical Reply: RECEIVED FEB 27 2017      you will be scheduled
                                          with a provider        BABUM
                                                                2/27/17
Medical Staff Member's Signature

EX: B-017

Texas Department of Crimir        .ice

## STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2017008169 |
| Date Received: | 9-16-16 |
| Date Due: | 10-26-16 |
| Grievance Code: | 202 |
| Investigator ID #: | I0282 |
| Extension Date: | |
| Date Retd to Offender: | OCT 11 2016 |

Offender Name: Juan Javier Ornelas TDCJ # 01758617

Unit: Telford          Housing Assignment: 12-B-77

Unit where incident occurred: Telford

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? State Classification Committee   When? 9-15-2016

What was their response? Stated that I      to spend time in ad. seg

What action was taken? Remain on current     s until 3/17

---

State your grievance in the space provided. Please state who, what, wh  ; where and the disciplinary case number if appropriate

I would like to appeal the SCC's decision made on 9-15-16. I feel that the decision is invalid and not in harmony with the TDCJ ad seg plan. The review hearing was a rushed mess and in it's process my verbal statement was cut short, my documentary evidence was not thoroughly reviewed and errors were made by SCC in documenting my statements and evidence. Furthermore SCC based their decision on 1 weapon possession case that did not involve any threats or assaults of any kind. I would also like to add that I feel that my documentary evidence was not taken into consideration nor was my disciplinary record (which reflects that I am a non assaultive non aggressive offender) I am also a level 1 ad seg offender with a clear disciplinary record while in ad seg. If you review the SCC review hearing record and compare it with my written statement you will see that I never stated or requested to return to GP as SCC documented. This should show you that the review hearing was truely a rushed mess. This is an injustice. When TDCJ officials do not do their job accordingly people get hurt. Now this is my life at risk here. I requested to be placed in protective custody or safe keeping and provided documentary evidence to show

---

I-127 Front (Revised 11-2010)      YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix F

Ex. ███ B-018

that I was being threatened, assaulted, and pressured into doing sexual favors for other offenders in GP. The offenders who did this to me got commissary restriction but I got thrown in ad seg. How is that fair, right or justifiable? I served my punishment for my bogus weapon possession case. Now I am being subjected to further cruel and unusual punishment. Enough is enough! How much more do I need to suffer? Do you want me to let other offenders rape me? Is that it? I got to let others rape and assault me

**Action Requested to resolve your Complaint.**

Requesting 90 day special review/requesting PC or Safekeeper

Offender Signature: _Juan Javier Pinelosa_   Date: _9-15-2016_

**Grievance Response:**

Information received from Chief of Unit Classification R Walter reveals the decision of State Classification Committee is final however, you will be reviewed again by SCC in 6 months. No further action is warranted.

Signature Authority: _____ _Facio_   Date: _11/11/16_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant. Refer to grievance #
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission          UGI Initials:

Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2nd Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

Ex. ████ B-019

I-60

TO: MHMR  Telford Unit

Address: 3899 State Hwy 98, New Boston, Tx. 75570

Subject:

I would like to inform you that I will be going on a hunger strike on 9-20-2016 to peacefully protest the following:

1.) TDCJ's failure to protect me from threats, assaults and sexual abuse, from other offenders.

2.) TDCJ's failure to respond according to TDCJ's policies and procedures to threats, assaults and sexual abuse done to me by other offenders.

3.) SCC's decision - made on 9-15-2016.

4.) The punishment that I am being subjected to. Ad. seg is a form of torture. It is cruel and unusual punishment.

5.) Telford Unit's grievance department throwing away my grievances and documentary evidence.

Note:
    In case of an emergency contact my mother Yolanda A. Lerma at (830) 370-1423.

Name: Juan Javier Ornelas   TDCJ No: 01758617
SSNG: 12-B-77   Date: 9-19-2016

- Reply: per Lt. Clark to break fast meal 9/22/2016
    Hunger strike ended -
        Unfounded R5

(F)

Ex: B-020

**Texas Department of Criminal Justice**

## STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: Juan Javier Ornelas   TDCJ # 01758617

Unit: Eastham   Housing Assignment: B-2 Row-5 Cell

Unit where incident occurred: Telford

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Telford Unit officer   When? 11-10-16

What was their response? If there is any 'fighting' it wont be much

What action was taken? Placed me on bus with STG's

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 11-10-16' on 'Telford Unit' TDCJ officers failed to properly search inmates for contraband and properly secure their restraints in advance of an emergency transport of dangerous & seg offenders from Telford Unit' to Eastham Unit. Their actions resulted in multiple offenders boarding the bus on Telford Unit' armed with razors and homemade shanks' and en route to Eastham Unit' multiple offenders were assaulted with deadly weapons' and other offenders engaged in fights with and without weapons' all of which resulted in multiple offenders suffering serious bodily injuries. Some of this was gang related and some of it was not. I file this complaint because I was placed in danger of serious bodily injury and I fear for my life. Prior to being placed on the bus at Telford Unit' I spoke with an officer at 12-F-T3 (camera check will verify this) about the dangers of placing me on the bus in proximity of 'known enemies' and stg offenders. (I am a G.R.A.T. offender). I feel that this practice is reckless and dangerous. I verbally requested to be seperated from stg offenders during transport to Eastham Unit' and was denied. I was told that I would be safe because everyone was going to be secured in cuffs, chains and locks. Obviously' that did not happen. I continue to be transported and housed with stg's without any regard for my safety and life. I feel that this

27 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Ex. ████ B-021

is a violation of my eighth amendment constitutional right
(cruel and unusual punishment clause). I live in constant fear
for my safety and life. In TDCJ' restraints and other locking
mechanisms can be easily manipulated and security can be
breached.

Filed in preparation of litigation / exhausting state remedies.

ction Requested to resolve your Complaint.
Do not house and transport me with known enemies and
STG offenders.

ffender Signature: _Juan Javier Orselan_          Date: _11-14-2016_

rievance Response:

gnature Authority: _____                          Date: _____
you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
ite the reason for appeal on the Step 2 Form.

turned because:        *Resubmit this form when the corrections are made.

| 1. Grievable time period has expired.
| 2. Submission in excess of 1 every 7 days. *
| 3. Originals not submitted. "
| 4. Inappropriate/Excessive attachments. *
| 5. No documented attempt at informal resolution. *
| 6. No requested relief is stated. *
| 7. Malicious use of vulgar, indecent, or physically threatening language. *
| 8. The issue presented is not grievable.
| 9. Redundant, Refer to grievance # _____
| 10. Illegible/Incomprehensible. *
| 11. Inappropriate. *

**NOV 14 2016**

GI Printed Name/Signature: _Delores Washington_   NOV 14 2016
                            _DWashington UGI III_

plication of the screening criteria for this grievance is not expected to adversely
fect the offender's health.

dical Signature Authority: _____

OFFICE USE ONLY
Initial Submission           UGI Initials: _____
Grievance #: _2017039811_
Screening Criteria Used: _08_
Date Recd from Offender: **NOV 14 2016**
Date Returned to Offender: _NOV 14 2016_
2nd Submission              UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission              UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Ex. ███ B-022

Offender Name: *Ovachor, Juan* TDCJ #: *1758617* Unit: *EE* Grievance #: *2017-03981*

## Emergency Checklist

An Emergency complaint is defined as a written complaint requiring immediate action about matters that would subject the offender to substantial risk of personal injury or cause other serious or irreparable harm for incidents such as sexual assault, requests for protection, extortion, or medical emergencies.

The following checklist may be used to determine if the matter presented in the complaint should be processed as an emergency. It is imperative that the following questions be answered as fairly, impartially and objectively as possible. If the answer is "yes" to questions 1-5, the complaint should be processed as an emergency in accordance with agency policy. When applying Checklist question #6, questions #1-#5, should reflect N/A, and the grievance shall be coded as a regular grievance subject to all screening criteria.

This checklist must be maintained with the grievance in the offender's file (subject to record retention requirements).

1. Does the allegation describe an incident of sexual abuse, sexual assault without that person's consent?

   ☐ YES   ☒ NO   ☐ N/A, see #6

2. Does the allegation describe an incident of unwelcome sexual advances, requests for sexual favors, verbal comments, gestures, or actions of a derogatory or offensive sexual nature?

   ☐ YES   ☒ NO   ☐ N/A, see #6

3. Does the allegation describe an unreported use of force or any physical contact that would present a substantial risk to the offender, irreparable harm, or place the offender in serious danger?

   ☐ YES   ☒ NO   ☐ N/A, see #6

4. Does the allegation describe a situation, or a specific threat by a staff member or another offender that would present a substantial risk to the offender, cause irreparable harm, or place the offender in serious danger?

   ☐ YES   ☒ NO   ☐ N/A, see #6

5. Does the allegation involve the denial of treatment that would present a substantial risk to the offender, cause irreparable harm, or place the offender in serious danger?

   ☐ YES   ☒ NO   ☐ N/A, see #6

6. Does the allegation describe an incident that has been previously identified and/or addressed in another grievance?

   ☐ YES   ☒ NO

   Grievance Number: _____

   If the response to question #6 was yes, were the following actions taken in regards to this incident?

   - Telephone call to highest ranking security supervisor        ☐ YES   ☐ NO
   - Immediate written notification (email) to appropriate staff   ☐ YES   ☐ NO
   - Copy of narrative provided to appropriate staff               ☐ YES   ☐ NO
   - Investigation was initiated                                   ☐ YES   ☐ NO

I have thoroughly reviewed the information that was provided to me. All of the answers given to the above questions are true and correct to the best of my knowledge.

*Delores Washington* _____ *D Washington UGI-III* ____ *11/16/16* ____
Printed Name of Reviewer    Signature of Reviewer                    Date

OG-004 08/2014 (Rev. 6/2016)

Ex. ▉▉▉ B-023

**Texas Department of Criminal Justice**
*INSTRUCTIONS ON HOW TO WRITE AND SUBMIT GRIEVANCES*

1. *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office. After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. Step 2 appeals must be accompanied by the original, answered Step 1.*

2. An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 Form to respond. Disciplinary appeals are required to be completed within 30 days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step 1 to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3. *Additional time may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case; you will be notified of the extension in writing.*

4. *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5. *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
   * The interpretation or application of TDCJ policies, rules, regulations, and procedures.
   * The actions of an employee or another offender, including denial of access to the grievance procedure.
   * Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
   * The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
   * Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6. *You may not grieve:*
   * State or federal court decisions, laws and/or regulations;
   * Parole decisions;
   * Time-served credit disputes which should be directed to the Classification and Records, Time Section;
   * Matters for which other appeal mechanisms exist;
   * Any matter beyond the control of the agency to correct.

7. *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly; however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.*
   * Grievable time period has expired. (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
   * Submission in excess of 1 every 7 days. (All grievances received in the grievance office will be reviewed, however, only one grievance will be processed every Seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
   * Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
   * Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
   * No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance. Remember, the attempt must be documented in the space provided on the I-127 form.)
   * No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
   * Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
   * The issue presented is not grievable. (Refer to #6 above.) Disciplinary appeals will not be processed until after the disciplinary hearing.
   * Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance.)
   * The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
   * Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*

Offender Grievance Operations Manual
Appendix B
Revised July 2016

Ex. ▓▓▓ B-024

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** Ornelas, Juan   **TDCJ#** 1758617 **Date** 12/2/16   **Facility:** EA

Sex: Male

Patient Language:  Name of interpreter, if required: no interpreter available

Seen this date at (time): 1245

S: Offender seen for Clinical Interview as referred by:
___   Results of Intake and Transfer Mental Health Screening
___   Results of the Intake Mental Health Appraisal
___   Mental Health Sick Call/Referral Triage        **Date received:**
X   Staff Referral
x   Reason for interview and limits of confidentiality were explained to the offender prior to the interview.  Informed consent has been obtained and documented in this record.

Reason for referral/presenting problem (if SCR state problem on request): referral form security – pt. claims he is transgender.

Information from clinical interview:  States in the free world he lived and thought of himself as a female. When he came to prison, he did not to protect himself. Pt. has been in prison for over 12 years, with no mention until this date of being transgender. Will make referral to further departments. No distress seen. Denied .shi.

O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM
          Appearance
              Age
                  Appears Stated Age
              Stature
                  Average Height
              Weight
                  Average Weight
              Clothing
                  Clean, Neat
              Grooming
                  Normal
              Posture/Gait
                  Normal
              Motor Activity
                  Unremarkable
          Sensorium
              Attention
                  Normal
              Concentration
                  Normal
              Orientation
                  Oriented X 4
              Recall/Memory
                  Normal

1 of 3

Ex: B-025

## I-60 Inmate Request To Official

To: Grievance Department,   Delores Washington
          Eastham Unit
Address: 2665 Prison Rd. #1
          Lovelady, Tx. 75851

Subject:
          Requesting Grievance # for Step 1
          filed on: 1-5-2017

Thank you Delores Washington.

Name: Juan Javier Ornelas   No: 01758617   Unit: Eastham

Living Quarters: C-2-12     Work Assignment: Ad. Seg

                    Carbon Copied: Date: 1-9-2017

Disposition:

Ex: B-026

There is no grievance on file for I-5-17.

I-60 Inmate Request To Official

To: Grievance Department Delores Washington
    Eastham Unit
Address:
    26665 Prison Rd. # 1
    Lovelady, Tx. 75851

Subject:
    Requesting Grievance # for Step 1
              filed on: 1-5-2017

Ms. Washington, I sent you this same request last
week and you told me my Step 1 filed on: 1-5-17
was not received by your office.
This is just a follow up to see if that Step 1
found its way to your office.

Thank you Ms. Washington.

Name: Juan Javier Ornelas   No: 01758617   Unit: Eastham

Living Quarters: C-2-12      Ad. Seg.
                            Carbon Copied: 1-18-17
Disposition:

This office has not received a gv on 1-5-17

K Holmes

Ex: B-028

**SUBJECT:** State briefly the problem on which you desire assistance.

D. Washington / T. Hall

I really dont see how my grievances continuously go missing when I file them with your office. I've dealt with this same issue before on Telford and Boyd Unit.

It's all good. I will get with your wardens here and your Director in Huntsville.

I dont see why yall cant pick up grievances at my cell and give me a grievance # right then and there. That would remedy this problem.

Name: Juan Javier Ornelas

Unit: Eastham

Work ssignment: Ad. Seg

ving Quarters: C-2-12

A758617

**DISPOSITION:** (Inmate will not write in this space)

Upon grievance phone to be read and then put in computer.

☆I-60 (Rev. 11-90)

Ex: B-029

# Texas Department of Criminal Justice

## STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2017079154

Date Received: JAN 2 6 2017

Date Due: 03·07·17

Grievance Code: 008

Investigator ID #: I2474

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Juan Javier Ornelas   TDCJ # 01758989

Unit: Eastham   Housing Assignment: C-2-12   C-2-7

Unit where incident occurred: Boyd Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Boyd Unit's O.I.G investigator   When? Ongoing Issue

What was their response? No time to talk now, will talk to you later

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Boyd Units O.I.G investigator is purposely ignoring my reports/ allegations' of sexual abuse. I have sent this individual several I-60's/letters reporting that I was sexually abused on Boyd Unit and requesting to speak with him. He continuously ignores my I-60's/letters and fails to investigate my reports, or refuses to do so. Boyd Units O.I.G investigator is responsible for investigating all allegations of sexual abuse on Boyd Unit immediately. This is a failure to respond reasonably and according to the PREA law and TDCJ's PREA/Safe Prison Plan. He not only refuses to do the required "minimum" such as interview me (the victim) and my victimizer, document the reports, ect', -he refuses to do anything at all. He is purposely ignoring me' and I dont know why. I have also reported this to: SCC on Telford Unit on 9-15-2016, MHMR on Telford Unit on 9-22-2016, UCC on Eastham Unit and MHMR on Eastham Unit, and I have filed several grievances on this issue (however all of my grievances on this issue keep on disappearing' and I dont know why). JAN 2 6 2017

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

Ex: B-030

**Action Requested to resolve your Complaint.** Requesting that Boyd Units O.I.G investigator and TDCJ fully comply with the PREA Law.

**Offender Signature:** _Juan Javier Orrelas_   **Date:** 1-21-2017

**Grievance Response:**

An investigation was done concerning your allegations. There are no records found by any auxiliary or department on the Boyd Unit concerning your claims of being sexually abused at anytime by another Offender while assigned to the Boyd Unit. An offender was found who fit the description of the alleged assailant but is no longer incarcerated in the Texas Department of Criminal Justice. However, it is the decision of the Office of the Inspector General to open a case for further investigation if needed. At this time there is no further action warranted.

**Signature Authority:** _Cynthia D. Gilley_   **Date:** 3-7-2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      ***Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Ex: B-031

# CORRECTIONAL MANAGED CARE
# OUTPATIENT MENTAL HEALTH SERVICES

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617   **Date:** 02/08/2017 14:45 **Facility:** EASTHAM (EA)

|   | Mental Health Sick Call/Referral Triage | **Date received:** |
|---|---|---|
| X |   |   |
| X | Staff Referral |   |
| X | Reason for interview and limits of confidentiality were explained to the offender prior to the |   |
| X | interview.  Informed consent has been obtained and documented in this record. |   |

Reason for referral/presenting problem (if SCR state problem on request):
Referral from security due to sexual assault in March of 2016.

Information from clinical interview: pt. reports he is depressed about being involved in sexual assault nearly a year ago. He will not describe the incident and there is no reference to it in his chart despite his report of discussing it with MH before. He reports to being depressed which he described as "down and out, not having any energy". No signs of depression or distress seen. He is not on the MH caseload. Will schedule for PAI testing for further evaluation. Denied s.hi.

O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM
    Appearance
        Age
            Appears Stated Age
        Stature
            Average Height
        Weight
            Average Weight
        Clothing
            Clean, Neat
        Grooming
            Normal
        Posture/Gait
            Normal
        Motor Activity
            Unremarkable
    Sensorium
        Attention
            Normal
        Concentration
            Normal
        Orientation
            Oriented X 4
        Recall/Memory
            Normal
    Relating
        Eye Contact
            Normal
         Facial Expression
            Happy

Ex: B-032

C212

SPPOM 05.05
Attachment M

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### SAFE PRISONS/PREA PROGRAM
UCC Notification of OPI Outcome

_____   Ornalas Veron   _____   1758017
Incident #        Offender Name            TDCJ #

This notification is to advise you of the Offender Protection Investigation outcome that was performed on your behalf under the above referenced Incident #. The UCC decision that was made is based on the preponderance of evidence contained within the investigative report and supporting documents.
The UCC determined the investigation to be:

☐ **Substantiated** – *Based on facts and evidence from the investigation, the incident was determined to have occurred.*
   ☐ Extortion ☐ Sexual Abuse ☐ Sexual Harassment ☐ Violence ☐ Threat of Violence ☐ Retaliation

☐ **Unsubstantiated** – *Evidence was insufficient to make a final determination that the incident may or may not have occurred.*
   ☐ Extortion ☐ Sexual Abuse ☐ Sexual Harassment ☐ Violence ☐ Threat of Violence ☐ Retaliation

☑ **Unfounded** – *Based on facts and evidence from the investigation, it was determined the incident did not occur.*
   ☐ Extortion ☑ Sexual Abuse ☐ Sexual Harassment ☐ Violence ☐ Threat of Violence ☐ Retaliation

_B. Johnson Warden_   _____   _2/10/17_
UCC Chairperson's Printed Name   UCC Chairperson's Signature   Committee Date

Statements were put with investigations I-605 along with [signature]

EX: B-033



## State Counsel for Offenders

### Texas Department of Criminal Justice

P.O. Box 4005

Huntsville, TX 77342-4005

(936) 437-5203

April 19, 2017

Mr. Juan Ornelas
#1758617
Estelle Unit
264 FM 3478
Huntsville, TX 77320-3320

Mr. Ornelas

I contacted prosecutor Cindy Garner and Ben Gardner of OIG regarding your documents. Mr. Gardner maintains that he has never come into possession of any documents from you or the law librarian.

I, of course remember you handing off the documents to the ranking officer. While Investigator Gardner has suggested that he might follow up on the issue, I believe your best course of action is to contact the law librarian yourself. Then again, remember that if an OIG investigation is still in progress, you might not receive your original copies until the investigation is concluded. It is also possible that the documents are in the possession of your local PREA representative.

I regret that I have so far been unable to track down your files. Please let me know if there is anything more I can do to assist you.

Sincerely,

Andrew Gastler
Staff Attorney
State Counsel for Offenders

Ex: B-034



Texas Department of Criminal Justice
OFFICE OF THE INSPECTOR GENERAL

## CRIMINAL CASE
## OFFENDER - WRITTEN STATEMENT

STATEMENT OF _K Juan Javier Ornelas_

GIVEN THIS _28th_ DAY OF _Feb_ , _2017_ AT _1:50_ O'CLOCK ☐ AM ☑ PM

My name is _K Juan Javier Ornelas_ and I am currently incarcerated

in the _Eastham Unit_ Unit of the Texas Department of Criminal Justice.

My Offender number is _01758617_ , and my Date of Birth is _10/13/82_

I am freely and voluntarily making the following statement. I understand that I am not a suspect in a criminal case based on the subject matter of my statement. I further understand that I am not the subject of any Disciplinary Rules Violation case based upon the subject matter of my statement. I have not been forced or coerced into making this statement, further I have not been promised anything in return for making this statement. This statement is true and correct and voluntarily given. I first met James Brown at Byrd Unit C wing. We had sexual relations at that time. Later I was moved to B wing. Thats when I stopped fooling around with James Brown. I ended up getting caught on B wing with K2. To try to get out of trouble I made a deal with TDCJ officers and oig. The TDCJ officer that help set up the deal later on told inmates of the deal. At that time I had returned to B wing. That was in March of 2016. Thats when James Brown started to pressure me into doing sexual favors for him in return for protection from inmates who wanted to kill me

Subscribed And Sworn To Before Me By: _x Juan J. Ornelas_

Signature

_K Juan Javier Ornelas_

Printed Name

On this the _28th_ day of _Feb 2017_

Notary Public In and For The State of Texas

OR

Witness: _____

Signature                                    Police Officer's Signature

_____

Printed Name                            Printed Name, Rank, and ID Number

Page ____ of ____

CC-0147 (07/2005)

**Office of the Inspector General**

**(Continuation)**

Voluntary Statement of: _____

for giving info to the OIG. I gave him oral sex about 3x in the shower at R wing and then later on he demanded anal sex x2. I didn't want this to happen especially not the anal sex. But when I told James Brown that I didn't want to do anal he got mad and punched me in the back of the head. I reported this to the OIG assigned to Boyd Unit at the time but he never responded. On 4/24/2016 James Brown physically attacked me and assaulted me and was given a case for it. About 2 weeks later I was placed on OPI status. At that time two Emails and one letter was sent to the OIG assigned to Boyd Unit and still no reply. I do want to try to press charges on James Brown.

_____

_____

_____

_____

_____

_____

**Subscribed And Sworn To Before Me By:** _____
Juan E. Ornelas
<span style="font-size:smaller">Signature</span>

Juan Javier Ornelas
<span style="font-size:smaller">Printed Name</span>

On this the _____ day of _____

<span style="font-size:smaller">Notary Public In and For The State of Texas</span>

*OR*

Witness: _____

<span style="font-size:smaller">Signature</span>

<span style="font-size:smaller">Police Officer's Signature</span>

_____

<span style="font-size:smaller">Printed Name</span>

<span style="font-size:smaller">Printed Name, Rank, and ID Number</span>

Page _____ of _____

CC-0147 (07/2005)

Ex. B - 0█ 36

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20170190784 TDCJNO:01758617 NAME: ORNELAS, JUAN JAVIER                     DA: 10.3
UNIT: B1   HSNG: D-2      12              JOB: SEC DET LEVEL 1                     ID: 096
LLSS: L3   CUST: 1A  PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS: NONE
GRDE: MR / BR    OFF. DATE: 02/28/17  12:30 PM  LOCATION: E3 MISCELLANEOUS
TYPE: ID.

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT E3 AD-SEG OFFICE, OFFENDER, ORNELAS,
JUAN JAVIER, (TDCJ-ID NO. 01758617), DID MAKE A FALSE STATEMENT TO OFFICER L.
HAYNES, RAPE PRISONS OFFICER DURING AN OFFICIAL INVESTIGATION, SPECIFICALLY
ALLEGING HE WAS SEXUALLY ASSAULTED BY A BLACK OFFENDER (JAMES BROWN) BETWEEN
LATE MARCH AND EARLY APRIL 2016, BUT COULD/WOULD ONLY IDENTIFY AS OFFENDER BROWN
AS A BLACK MALE AGE 25 OR 30, KNOWING AT THE TIME SUCH STATEMENT WAS FALSE,
CHARGING OFFICER: HAYNES, L. CO III                        SHIFT/CARD: I H.

OFFENDER NOTIFICATION    X HEARING DISABLED INTERPRETER:
OFFENDER NOTIFIED: DATE ___ 3/1/7 ___ REPORTED: _____ (S)
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (___) NO / YES, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY)
OFFENDER NOTIFICATION SIGNATURE: _____ DATE: 3/1/17
BY SIGNING BELOW YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____  DATE 3/1/17

HEARING INFORMATION

HEARING DATE: _____ TIME: _____ UNIT / ____ FOLDER ____ FILE ____ DSFILE ____
COUNSEL SUBSTITUTE AT HEARING: _____ FOLDER ____ FILE ____ DSFILE ____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OR A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____

OFFENDER STATEMENT: _____

OFFENSE CODES: _____ 29.0
OFFENDER PLEA: (G, NG, NONE) [_____|_____|_____|_____]
FINDINGS: (G, NG, DS) [_____|_____|_____|_____]
REDUCED TO MINOR (MAJOR TO IN-DIRECT) (DOCKET) (HEARING)  BY (INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER,
EXPLAIN IN DETAIL)

PUNISHMENT

LOSS OF PRIV. (DAYS) _____   REPRIMAND _____       SOLITARY (DAYS) .........._____
RECREATION (DAYS) _____   EXTRA DUTY (HOURS) ...._____  REMAIN LINE 3 ............_____
COMMISSARY (DAYS) _____   CONT. W/SUSP. SUSP. THRU __/__  REDUC. CLASS FROM ___ TO ___
PROPERTY (DAYS) _____   CELL RESTR. (DAYS) ..._____  GOOD TIME LOST (DAYS) ...._____
     CTS (DAYS) ....._____   SPECIAL CELL RESTR. (DAYS)..._____  DAMAGES/FORFEIT. $_____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS) _____ NO / NA
DATE PLACED IN PRE-HEARING DETENTION: _____ HEARING LENGTH: _____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____

HEARING OFFICER (PRINT) _____ WARDEN               REVIEWER SIGNATURE
(FORM 1-47 AND CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM)

EXH B 037

two years. Information regarding not guilty findings shall only be used for legal or grievance issues.

IV.    Major Disciplinary Hearing: Procedures Before the Hearing

    A.    Notice of Charges

        1.    Offenders shall be served with notice of disciplinary charges by a counsel substitute at least 24 hours prior to the hearing and within 30 days of discovery of the alleged violation. The hearing shall be classified as major prior to notice being served, or the accused offender shall be given 24 hours from the time the offender is notified that the hearing is classified as major until the hearing is conducted.

        2.    Notice after 30 days shall be allowed only if unforeseen circumstances arise, such as the offender is temporarily transferred to another unit, and the warden's written approval, including the reasons for the delay, is obtained before the offender is served with notice.

        3.    Offenders may not be subject to any form of coercion designed to persuade them to waive the right to 24-hour notice. If offenders are offered the opportunity to waive 24-hour notice, they shall be fully informed, in terms intelligible to them, of the nature of the rights at stake. The DHO shall record on the recording of the hearing an offender's decision to waive the right to 24-hour notice.

        4.    An offender accused of disciplinary charges may waive attending the disciplinary hearing. At the time of notice of charges, the offender shall be asked if the offender wishes to attend the hearing. The offender's decision (yes or no) shall be documented on the Disciplinary Report and Hearing Record. If the offender elects not to attend the hearing, the offender shall be asked for a plea, and then advised that if the offender later decides to attend the hearing, the offender shall submit a written request to the DHO before the hearing is held. The DHO shall review the offender's decision to waive attending the hearing, conduct the hearing in the offender's absence, and document the absence on the report by writing: "Offender waived attending the hearing."

        5.    Notice of the charges shall include a copy of the Disciplinary Report. Items of information which, if disclosed to the accused offender, would seriously jeopardize the safety of other offenders shall not be provided to the accused offender.

        6.    At the time an offender is served with notice pursuant to a major disciplinary hearing, the offender shall be informed of the right to present documentary evidence and to request witnesses. The offender shall be informed that a counsel substitute will be assigned unless the offender waives representation. The offender's decision shall be noted on the Service/Investigation Worksheet, along with the names of the witnesses requested, and the information shall be given to the DHO. However, either the offender or the counsel substitute may

Ex: B-038

inform the DHO at any time prior to and at the hearing of any changes to the list of witnesses requested. Offenders who are not assigned counsel substitutes shall be allowed to communicate directly with a reasonable number of potential witnesses in advance of the hearing.

7.  The investigation report shall be attached to the disciplinary report and submitted to the DHO.

8.  An offender who successfully appealed a disciplinary conviction may be served with notice of a rehearing, if at the initial hearing the offender was served with notice of charges timely and was given a timely disciplinary hearing. A rehearing may not be conducted on an overturned conviction for which an offender did not receive either notice of charges or a disciplinary hearing within the established time limits. The 30-day time limit for serving the offender with notice begins on the date of the decision granting the appeal. After notice has been served, the rehearing shall be held in accordance with established time limits.

B.  Counsel Substitutes

1.  Assignment - Counsel substitutes are non-uniformed employees who represent offenders in disciplinary hearings by advocating on behalf of the offender and keep related records. Offenders shall be provided with counsel substitutes prior to a major hearing when any of the following are met. This requirement does not apply to state jail offender disciplinary hearings, except when state jail offenders are brought before major hearings for assessment of monetary damages for destruction of state property.

a.  When the offender is developmentally disabled as defined in the *Developmentally Disabled Plan*, for example has a WAIS-R full scale IQ of 73 or below, a Vineland Score equivalent to an IQ of 73 or below, and a social history indicative of retardation. Additionally, a counsel substitute shall be assigned when the offender's mental ability to understand and respond to disciplinary charges and proceedings is questionable, even though the offender is not developmentally disabled as defined in the *Developmentally Disabled Plan*.

b.  When the offender is assigned to a psychiatric inpatient facility or has been placed on an outpatient psychiatric caseload.

c.  When the offender's literacy or understanding of English is questionable. A counsel substitute shall be assigned in every case in which the offender's Educational Achievement score is below 5.0 on reading.

d.  When the offender, because of the complexity of the issue, shall be unlikely to be able to collect and present the evidence necessary for an adequate comprehension of the case.

O.I.G. Eastham Unit                                    (2-28-2017)

RE: Juan Javier Ornelas   TDCJ # 01758617

Sir here is James Brown's TDCJ # 01981212

If I may I would like to express that I did my best to report this matter a long time ago sir. Its not my fault that I was repeatedly ignored. I reported everything to O.I.G. Alexander Hamilton in April and May of 2016 and then to SCC on Telford Unit in September of 2016. But they ignored me. So I went on a hunger strike. Still I was ignored. When I came to Eastham Unit in November of 2016 I reported everything again to MHMR and UCC. Still I was ignored. All of this is documented sir. Finally after I filed 2 grievances on this an investigation was started by L. Haynes here on Eastham. She now claims that I lied about everything and wrote me a disciplinary case. If my earlier reports were responded to according to the PREA Law there might have been enough evidence to convict James Brown back then. But instead now I am being given a disciplinary case because L. Haynes claims that I cant prove the sexual abuse that I reported. All I ever wanted was TDCJ to protect me and place me in safe keeping. But they dont seem to want to do that. I dont understand any of this sir. Nonetheless I do appreciate whatever you can do to help me. Thank you and God Bless you.

Ex: B-039

**Offender Name:** Omelas, Juan                                    CJ #: 1758617

## Section XIII.   Continuation Page (use only as needed)

### Information Provided By

| Susan Steel | USPPM / CO V |
|---|---|
| Printed Name of Staff or Offender | Rank/Title or TDCJ # |

### Additional Information or Comments

Continuation from OPI Page #: _____4_____   Section #: _____X_____        Page __1__ of __2__

A review of the UCR 22 screen (Prior Disciplinary Record) showed Offender Brown did received a disciplinary offense on 4-24-16 for 2.21.0 – Fighting Without a Weapon against Offender Ornelas. It was also discovered that Offender Brown departed the Boyd Unit on 5-6-16 enroute to Hutchins State Jail to be discharged 5-13-16. Further it was discovered that Offender Ornelas filed the OPI against Offender Brown on 5-16-16, ten (10) days after Offender Brown departed the Boyd Unit and twenty two (22) days after the assault.

Offender Ornelas was interviewed by Officer Steel, USPPM in the Ad Seg Office on 3-2-17 at 9:15 am and was asked why did he not provide all the information on the previous OPI and why did he not report the incident when he filed his OPI on the Boyd Unit on 5-16-16. Offender Ornelas stated "He did not feel comfortable talking to anyone and he did not trust anyone". Offender Ornelas also stated that he sent two (2) I-60's to Alexander Hamilton, OIG at the Boyd Unit but never received a response from him, he also stated he reported it to SCC in September of 2016 at the Telford Unit when he was transferred. Offender Ornelas stated that Officer Boykin, STGO Sgt. at the Boyd Unit had sent him two emails and then was told to write him at the Coffield Unit but never received a response, Offender Ornelas also stated to Officer Steel that he had provided a statement to Mr. Gardner, OIG - Eastham Unit on 2-28-16. Offender Ornelas was given the page 2 of the Offender Protection Investigation to complete. Photo's of Offender Ornelas was taken at 9:50 am and was escorted to medical at 9:55 am. Duty Warden Vaughn was notified at 9:55 am. Ben Gardner, OIG was notified at 10:15 am and Stacy Salle of Emergency Action Center was notified at 10:59 am and stated due to Offender Ornelas' allegations being the same but only providing additional information, use the same EAC #I-02319-02-17 but complete an update on the EAC.

On February 8, 2017, Officer Haynes contacted STG Sgt Boykin in reference to Offender Ornelas' allegations and obtained a witness statement from him. Sgt Boykin's statement is as follows: Offender Ornelas, Juan #1758617 was assigned to the Boyd Unit for the time period beginning 7-17-15 and ending 6-10-2016. Offender Ornelas is an Ex-Mexican Mafia member having completed the GRAD program. Offender was found with K2 on 3-22-2016. Due to being unable to test the substance the offender was charged with Possession of Contraband. He was later found again with a substantial amount of K2 and charged with a Code 12.0 on 4-21-2016 I had several conversations with the offender during this time as he claimed he wanted to provide information regarding the K2 being introduced into the unit. I arranged for the offender to speak with an OIG Investigator from the Coffield Unit. During the numerous interviews, Offender Ornelas told me he was afraid of getting transferred from the Boyd Unit due to his sexual orientation (claimed he was gay). He stated he knew on a large unit he would have problems because he used to be MM. Offender Ornelas at no time ever indicated or stated that he had been sexually assaulted on the Boyd Unit to me. Offender Ornelas was found in possession of a weapon on 5-20-2016 and was subsequently placed in Administrative Segregation and transferred from the unit. This statement is the extent of my knowledge regarding Offender Ornelas while he was assigned to the Boyd Unit. (See attached)

On March 2, 2016 at 10:15 am, I, Officer Steel interviewed Mr. Gardner, OIG in reference to Offender Ornelas. Mr. Garnder stated that Offender Ornelas was interviewed on 2-28-17 at 1:50 pm and provided a written statement regarding sexual allegations on James Brown while assigned to the Boyd Unit. Mr. Gardner stated that this information was referred to Mr. Lee Duran, OIG at the Boyd Unit and Case #170000248 had been issued. Mr. Gardner also provided a copy of Offender Ornelas' written statement to OIG. Offender Ornelas' written statement to OIG states: "I first met James Brown at Boyd Unit C Wing. We had sexual relations at that time. Later I was moved to B Wing. That's when I stopped fooling around with James Brown. I ended up getting caught on B Wing with K2. To try to get out of trouble I made a deal with TDCJ Officers and OIG. The TDCJ Officer that help set up the deal "later on" told inmates of the deal. At that time I had returned to B Wing. That was in March of 2016. Thats when James Brown started to pressure me into doing sexual favors or him in return for protection from inmates who wanted to kill me for giving info to the OIG. I gave him oral sex about 3X in the shower at B Wing and then later on he demanded anal sex x2. I didn't want this to happen especially not the anal sex. But when I told James Brown that I didn't want to do anal he got mad and punched me in the back of the head. I reported this to the OIG assigned to Boyd Unit at the time but he never responded. On 4-24-2016 James Brown physically attacked me and assaulted me and was given a case for it. About 2 weeks later I was placed on OPI status. At that time two emails and one letter was sent to the OIG assigned to the Boyd Unit and still no reply. I do want to try to press charges on James Brown". (See attached)

| | |
|---|---|
| _(signature)_ | March 2, 2017 |
| Staff or Offender Signature | Date |

EX: B-040

**Correctional Managed Care**
**Urgent / Emergent Care Record**

**Patient Name:** ORNELAS, JUAN J  **TDCJ#:** 1758617  **Date:** 03/02/2017 12:40  **Facility:** EASTHAM (EA)

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| x | R | | | L | x | Use of accessory muscles | Last BM: | | Mottled | | R | L | Flaccid |
| **Bleeding** | | | | | | | **Abdomen** | | Cyanotic | | **Leg Strength** | | |
| x | None | | | | | | Soft | | Jaundiced | x | R | L | x | Normal |
| | Controlled | x | R | L | x | Clear | Firm | | Flushed | | R | L | Weak |
| | Excessive | | R | L | | Crackles | Distended | | Intact | | R | L | Flaccid |
| Location: | | | R | L | x | Wheezes | x | Obese | **Ortho** | x | N/A | **Pupils** | |
| Est. Blood Loss | | | R | L | | Diminish | Tender | | Deformity | x | Equal | | |
| cc: | | | R | L | | Absent | Location: | | Swelling | | Unequal | | |
| **Capillary Refill** | | **GU** | | x | N/A | Rebound | Location | x | R | L | x | Reactive |
| x | Normal | Burning | | | | **Bowel Sounds** | | **ROM** | | R | L | Nonreactive |
| | Delayed | Frequency | | | | Normoactive | x | Full | | R | L | Dilated |
| **Edema** | | Urine Odor | | | | Hyperactive | | Limited | | R | L | Constricted |
| Upper | | Hematuria | | | | Hypoactive | | Absent | | R | L | Fixed |
| 0  1+  2+  3+ | | Incontinent | | | | Absent | | | | | | |
| R | L | Anuric | | | | NG/G tube | | **Name** | | **Time** | | |
| Lower | | Vag. Discharge | | | | **Initial Assessment** | | | | | | |
| 0  1+  2+  3+ | | Vag. Bleeding | | | | **Completed By:** | | s. martin LVN | | 10:05 | | |
| R | L | Catheter | | | | | | | | | | |

## **Contact Provider**

| Name of Provider Notified: | DR. Hall  MD | | Time: | |
|---|---|---|---|---|
| Provider Orders: | Referrer to Mental Health  and OIG , | | | |
| | | | | |
| | | | | |
| | | | | |
| Orders obtained  and read back/verified by: (Name) | | S. Martin LVN | | |

| Time | Nursing Notes | Initials | |
|---|---|---|---|
| 10:00 | Pt. was brought in clinic by security due to had given more info on an sexual assault that happen to him 3-16. Pt. has seen mental health on 2-8-17 due to security brought pt. to them due to claiming he was sexual assaulted back in 3-16. Had no record of the assault taking place until 2-8-17. Pt. was not seen by medical for assault until 3-2-17. Pt. has seen medical many times and no mention of being assaulted until now. Pt. denying any mental issues. | | Details of abnormal findings and ongoing assessment and care. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **VITAL SIGNS** | | | |

Ex: B-041

20170207590

**Informal Resolution App?**
Accusing Officer   Y   (N)
Supervisor   Y   (N)

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**OFFENSE REPORT**

Case No.
Interpreter Required?   Y   (N)
MHMR Rest?   Y   (N)
PHD   Y   (N)

(1) TDCJ- No: 1758617   (2) Offender: Ornelas, Juan J.   (3) Unit: EA
(Last Name, First)

(4) Housing Assign: C-2-12   (5) Job Assignment: Sec det level I

(6) Offense Level, Code Title: Level 2 Code 20.3 - Engaging in Consensual Acts w/ others

OFFENSE DESCRIPTION: On 3/2/17 at 10:15 (AM)/PM, and at OIG Office
(7) date   (8) time   (9) Enter Specific Location

Offender Ornelas, Juan J.   TDCJ No. 1758617
did engage in a consensual acts sexual act
with James, Brown # ███████ by engaging
in homosexual conduct, by self Admission in
a written statement.

(10) Additional Information:

On the date & time listed above, Offender Ornelas,
Juan J. #1758617 did engage in a consensual
sexual act with James Brown # ███████ by
self Admission in a written statement.
(See Attached Statement)

Said offender was identified by his
TDCJ ID Card.

RECEIVED
MAR 1 6 2017
BY: CP

(Continue on an additional sheet if necessary)

(11) Witnesses: n/a

(12) Accusing Officer/Employee: Printed Name/Rank: J. Steel, USPPM

(13) Signature: J Steel   (14) Shift/Card: 1/4   (15) Date 3/6/17   (16) Time 8:00 Am

(17) Approving Supervisor's Printed Name: J. Herrington / Sgt   (18) Date 3/6/17

(19) Grading Official (Print) Broman   (20) Rank Ny   (21) Date MAR 1 6 2017

(22) Grade: (Circle One) IR  UP  MI (MA)   (23) Justification to override Informal Resolution: _____

I-210 (Rev. 04/12)

Ex: B-042

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary Investigation should not be completed by the charging officer or a person involved in the incident.

Offender: **Ornelas, Juan**                              TDCJ No. **1758617**

Date & Time Investigation started: **3/6/17      1155 am**

1.   **ELEMENTS OF CHARGE.**   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "no," have charging officer add needed information.

Offense Code **20.3**  Yes [✓] No [ ]          Offense Code _____  Yes [ ] No [ ]
Offense Code _____  Yes [ ] No [ ]          Offense Code _____  Yes [ ] No [ ]

2.   **ADDITIONAL INFORMATION.**   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below (Write "Yes", "No", or "NA" [not applicable] by each item)

_**NO**_ a.   listing other witnesses to the incident,
_**Yes**_ b.   documentary evidence, e.g., photographs of contraband, etc.
_**Yes**_ c.   additional information about the offense.

3.   **ACCUSED OFFENDER STATES THAT:**   (Printed and signed interpreter's name if applicable):

_Not Guilty_

4.   **ACCUSING OFFICER** states that _said offender did engage in a_
_consensual act with another_

5.   **WITNESS STATEMENTS** (List employee or offender name and attach statements to report)

_NoNE_

6.   **DOCUMENTATION.**   Documents reviewed (lay-ins, appointments, medical records, etc)
[ ] Lay-ins, [ ] Roster, [ ] Medical Records, [ ] Picture, [ ] Other (List & attach to report)

_See attached CC-0147_

_J. Herrington_                    _Sgt_        _3/6/17      1200 pm_
Name of Investigating Officer (Print)      Rank       Date & Time Investigation Completed

7.   **INFORMAL RESOLUTION** was not appropriate or not possible because.

_engaging in consensual acts with others will not be_
_tolerated_

_J. Herrington_                    _Sgt_        _3/6/17_
Approving Supervisor's Printed Name        Rank       Date

Back side of I-210 (Rev. 4/12)

EX: B-043

CSOSP0400                     T.D.C.J.                    20170503/16
EA - 2742         SERVICE INVESTIGATION WORK SHEET          08:34:30

CASE#: 20170207590,   TDCJ # 01758617,   NAME: ORNELAS,JUAN JAVIER

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
A. 3·10·17, REVIEWED CASE
A. 3·10·17, INTERVIEWED ACCUSED
C. NAME OF INTERPRETER USED: na

D) Contacted ao

E) reviewed documents

F) obtained CSO9

                  7

3:24:17, Invest Termn.

3:24:17, CONCLUDE INVESTIGATION

4. ON 3·10·17, THE ACCUSED OFFENDER PRESENTED NON-FRIVOLOUS EVIDENCE,
   THE CHARGING OFFICER/STAFF WITNESS WAS PRESENTED WITH A SUMMARY OF
   THE ACCUSED STATEMENT, ADDITIONAL STATEMENT IS AS FOLLOWS:

During a Investigation is admitted to having
consensual sex acts with offender Brian and I
a cpi was unaware

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED:

1:210

ao stmt

documents

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES:

   D STMT

COUNSEL SUBSTITUTE PRINTED NAME: awalker      TITLE: CSI

COUNSEL SUBSTITUTE SIGNATURE: awalker         DATE: 3·24·17
CS-10.11A                                     REVISED 08/2005

```
CSDSP040                        T.D.C.J.                    2017/03/16
EA - 2742                   HEARING WORK SHEET               08:54:30

CASE#: 2017020759O,  TDCJ # 01758617,  NAME: ORNELAS,JUAN JAVIER        ,
CURRENT UNIT: EA,   HOUSING: C-2    07  B, CLASS: L3,  CUSTODY: 1A,  TYPE: S,
OFFENSE DATE:  030217, TIME: 10 : 15 AM, LOCATION: EA MIS MISCELLANEOUS
CHARGING OFFICER: STEEL, S. USPPM                          SHIFT/CARD: 17H,
OFFENSE CODES: A) 20 . 3,    B)    . ,    C)         ,    D)    . ,
DESCRIPTORS:   A) SM         B)         ,  C)         ,    D)          ,
PLEA:          A) _____     B) _____ , C) _____ ,     D) _____   ,
FINDING        A) _____     B) _____ , C) _____ ,     D) _____   ,
DRO: _____ , CS: _____                      SERVICE DATE: _____
HEARING DATE/TIME: _____  WAIVE 24 HRS YES: _ NO: _  SERVICE TIME: _____
```

A. ACCUSED OFFENDER'S STATEMENT AT HEARING: _____

B. CHARGING OFFICER'S STATEMENT: _____

C. CROSS EXAMINATION/QUESTIONS: _____

D. HEARING NOTES: _____

WITNESSES: _____
DOCUMENTARY EVIDENCE: _____
E. OBJECTIONS: YES ___ NO ___ IF YES, EXPLAIN: _____

F. SUMMATION/MITIGATION _____

OFFENDER ORNELAS, JUAN JAV WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ___ NO ___

```
CS CHECK LIST            YES NO N/A                       YES NO N/A
OFFENDER PRESENT                      NON-FRIVOLOUS EVIDENCE
CS-14                                 CROSS EXAMINATIONS
INTERPRETER USED                      CREDIT (PHD)
                                      MODIFICATION
INTERPRETER'S NAME _____             APPEALABLE
SANCTIONS ASSESSED:                   DRUG TEST DISCLAIMER READ
  LOSS OF PRIV. ___ , REPRIMAND ___     SOLITARY      ___
  RECREATION    ___ , EXTRA DUTY ___     REMAIN L 3   ___
  COMMISSARY    ___ , CONT. VISIT THRU ___ , REDUC CLASS FROM ___ TO ___
  PROPERTY      ___ , CELL REST ___       GOOD TIME LOSS ___
  OIS           ___ , SPECIAL CELL ___    DAMAGES       $_____
CS-12                                        REVISED 05/2014
```

Texas Department of Criminal Justice
INSTITUTIONAL DIVISION

## Inter - Office Communications

To: __DISCIPLINARY HEARING OFFICER__      Date: __3·24·17__

From: __auuuler__                    CS      Subject: __WITNESS STATEMENT__

TIME: __12:25 pm__                          CASE# __20170207590__
OFFICER: __Johnson B.__                     RANK: __Warden__ SHIFT/CARD ASSGN: __1-1+__
INMATE/OFFENDER: __—__                      TDCJ# __—__   HOUSING ASSIGN: __—__

STATEMENT OF FACTS BY WITNESS:

during the investigation the ∆ ~~didnt~~
~~give any information~~ did admit in a written
stmt. to have engaged in a consensual
act. w+n Jame Brown. #

CSDSP0040                          I. D. C. J.                        7017/03/16
EA - 2742              SERVICE INVESTIGATION WORK SHEET              08:34:30

CASE#: 201/020/590,   TDCJ # 01758617,   NAME: ORNELAS, JUAN JAVIER          ,
CURRENT UNIT: EA,    HOUSING: C-2    W/ B, CLASS: L3,   CUSTODY: 1A,  TYPE: S,
OFFENSE DATE: 030217, TIME: 10 : 15 AM, LOCATION: EA MIS  MISCELLANEOUS
CHARGING OFFICER: STEEL, S. USPPM              ,           SHIFT/CARD: 1/H,
OFFENSE CODES: A) 20 . 3,    B)         , C)         , D)       ,
DESCRIPTORS:  A) SM       , B)         , C)         , D)       ,
PLEA:         A) _no___   , B) __/__   , C) __/__   , D) __/__   ,
CLERK RCVD: 031617, SERVICE LAPSE DATE: 040117 ,     SERVICE DATE: 3.10.17
CS ASSIGNED: _Qualler CS_____,           SERVICE TIME: 9:10am

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

(A.) ACCUSED IN ANY FORM OF           E.  ACCUSED HAS REQUESTED COUNSEL
     SEGREGATION  Ad seg                   SUBSTITUTE
 B.  EA BELOW 5.0  IQ BELOW 73        F.  ACCUSED HAS REQUESTED WITNESS WHO
 C.  LITERACY IS QUESTIONABLE              CAN NOT ATTEND THE HEARING
 D.  ACCUSED HAS DIFFICULTY UNDER-   (G.) COMPLEXITY OF CASE WARRANTS COUNSEL
     STANDING ENGLISH                     SUBSTITUTE

=========================================================================
 A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:   YES _/_ NO___
 B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                      RULES AND PROCEDURES: YES _/_ NO___
 C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                                      ALLEGED OFFENSES WERE VIOLATED: YES _/_ NO___
    IF NO, EXPLAIN: _na_____

=========================================================================
1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:              YES   NO
 A. TO CALL AND QUESTION WITNESSES                                 _/_   ___
 B. TO PRESENT DOCUMENTARY EVIDENCE                                _/_   ___
 C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                        _/_   ___
 D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING       _/_   ___
 E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  _/_  ___
 F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING     _/_   ___

=========================================================================
2. THE ACCUSED REASONS AND/OR DEFENSE: _____
_See attached_____
_____
_____
_____
_____

A. REQUESTED WITNESSES: _See attached_____
_____
_____

B. REQUESTED DOCUMENTARY EVIDENCE: _none_____
_____
_____

CS-10.11A                                            REVISED 10/02

EX: B-047

TDCJ DISCIPLINARY REPORT AND HEARING RECORD



CASE: 20170207590 TDCJNO:01758617 NAME: ORNELAS, JUAN JAVIER                    EA: 10.3
UNIT:EA   HSNG:                           DOB: SEC DET LEVEL I                  ID: 096
CLSS: L3   CUST: 1A  PRIMARY LANGUAGE: ENGLISH      LMHA RESTRICTIONS:   NONE
GRDE: MA / BN   OFF.DATE: 03/02/17  10:15 AM  LOCATION: EA MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT EA OIG OFFICE, OFFENDER:  ORNELAS, JUAN
JAVIER, TDCJ-ID NO. 01758617, DID ENGAGE IN A CONSENSUAL ACT WITH JAMES BROWN
#1981212, BY ENGAGING IN HOMOSEXUAL CONDUCT, BY SELF ADMISSION IN A WRITTEN
STATEMENT.

CHARGING OFFICER: STEEL, S. USPPM                         SHIFT/CARD: 1 H

TIME/DATE NOTIFIED: 9:10am  3.16.17 BY:(PRINT) Qwaller CSI
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES / NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X_____  DATE: 3.16.17
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING
OFFENDER WAIVER SIGNATURE: _____  DATE: _____

## HEARING INFORMATION

HEARING DATE: 4-18-17  TIME: 12.05  UNIT EZ FOLDER D  FILE 103 DSFILE 241882
COUNSEL SUBSTITUTE AT HEARING:  Smith  FOLDER____ FILE____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) (7) transfer case from Ea
_____
_____

OFFENDER STATEMENT: _____ NO Stmt

OFFENSE CODES:              20.3
OFFENDER PLEA: (G, NG, NONE) | NG |_____|_____|_____|
FINDINGS: (G, NG, DS)        | G  |_____|_____|_____|
REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: B officers report D written statement & Written Statement
by the offender

## PUNISHMENT

LOSS OF PRIV(DAYS)____  REPRIMAND............ ____  SOLITARY(DAYS).......____
*RECREATION(DAYS)____  EXTRA DUTY(HOURS).....____  REMAIN LINE 3........ ✓
*COMMISSARY(DAYS) 45  CONT.VISIT SUSP.THRU__/__/    REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS).. ____  CELL RESTR(DAYS)........ 15  GOOD TIME LOST(DAYS).____
* OTS(DAYS)..____ __  SPECIAL CELL RESTR(DAYS)..____  DAMAGES/FORFEIT.$____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: This type of
behavior will not be toleted.

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) NO ✗ / NA
DATE PLACED IN PRE-HEARING DETENTION: / N/A  HEARING LENGTH 3.54 (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: _____ Refsd
Cpt Curl
HEARING OFFICER (PRINT)   WARDEN                 REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA.  048

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Dear Ms. Klock

      I was told to send you an I-60 and request for you to sign me up for the Mental Health Therapeutic Diversion Program.

      I would really like to participate in this program because I want to receive all the help that I can get to remedy my depression. I am really desperate for help right now. Every day my depression worsens. You told me that I need to find something to do' so I did'. I found this MHTDP and I really want to do it.

Name: Juan Javier Ornelas     No: 01758617     Unit: Eastham

Living Quarters: C-2-7  G-2-10     Work Assignment: Ad. Seg

**DISPOSITION:** (Inmate will not write in this space)

appt 3/20/17
w/KK
K Coconara

RECEIVED MAR 1 7 2017   SCANNED

I-60 (Rev. 11-90)

Ex: B-049



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER
### GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 00170 79154

UGI Recd Date: MAR 2 1 2017

HQ Recd Date: MAR 2 3 2017

Date Due: 4·30

Grievance Code: 008

Investigator ID#: _____

Extension Date: _____

Offender Name: Juan Javier Ornelas    TDCJ # 0758617

Unit: Eastham    Housing Assignment: C-2-7

Unit where incident occurred: Boyd Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

Alexander Hamilton, a former OIG inspector who was assigned to Boyd Unit in 2016, acted with a reckless disregard of my right to be free from sexual and physical assaults by another offender (James Brown TDCJ # 01981212) and refused to fully comply with the PREA Law and TDCJ's Safe Prisons / PREA Plan. His actions caused me to be repeatedly, sexually and physically abused/assaulted, which caused me serious physical and mental injury, pain and suffering and violated my rights under the Eighth Amendment to the United States Constitution. Copies of I-60's sent to Alexander Hamilton requesting his assistance in April of 2016 were given to L. Haynes of Eastham Unit on 3/8/17. Alexander Hamilton was fired for (according to an investigator) some sort of sexual misconduct with a TDCJ staff member. I reported this issue to SCC on Telford Unit on 9/15/16 to: Warden Townsend, Case Manager Karen Norris and SCC member (X.B.) who also refused to comply with the PREA Law and TDCJ's Safe Prisons / PREA Plan. Their actions caused a delay in the investigation into this issue and also a delay in my medical and mental treatment which caused me unnecessary serious physical and mental injury, pain and suffering that violated my rights. Other TDCJ Telford Unit employees who witnessed this illegal action and failed to correct that misconduct and encouraged the continuation of the misconduct and also refused to fully comply with the PREA Law and TDCJ's Safe Prisons / PREA Plan are the following: MHMR Manager, Lt. Clark, R. Walter, Facio and B. Howard. These

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    **(OVER)**

Appendix G



EX: B-050

individuals also violated my rights by causing me pain, suffering, physical injury and emotional distress. Documentary evidence supporting these facts were given to S. Steel of Eastham Unit on 3/2/17 (i-60 to MHMR of Telford Unit X SEE Also: Grievance # 2017008169 X SEE Also: see file written statement on 9/15/16) L. Haynes and S. Steel of Eastham Unit then retaliated against me for reporting all of this with meritless disciplinary cases - violating my rights by causing me pain, suffering, physical and mental injury.

Offender Signature: _Juan Javier Arnelan_     Date: 3/19/17

Grievance Response:

Your allegation of this incident has been forwarded to the Office of the Inspector General. Based on their review of your grievance, they have assigned OIG case #1700002448.

Signature Authority:    C. MARTINEZ       Date:   APR 0 5 2017

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☑ 6. Inappropriate. *

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2ⁿᵈ Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3ʳᵈ Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)

COPY    Appendix G

Ex. B-051

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617    **Date:** 03/24/2017 13:34**Facility:** EASTHAM (EA)
Information from clinical interview: pt. reports he is upset over "some bogus cases from those two in Safe Prisons".
Allowed him to vent his frustrations. Discussed stress management skills. he declined needing anger management
counseling. No distress noted. Denied s.hi.


O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM
      Appearance
          Age
               Appears Stated Age
          Stature
               Average Height
          Weight
               Average Weight
          Clothing
               Clean, Neat
          Grooming
               Normal
          Posture/Gait
               Normal
          Motor Activity
               Unremarkable
   Sensorium
          Attention
               Normal
          Concentration
               Normal
          Orientation
               Oriented X 4
          Recall/Memory
               Normal
   Relating
          Eye Contact
               Normal
          Facial Expression
               Happy
          Attitude Toward Examiner
               Cooperative
   Affect & Mood
          Affect
               Appropriate
          Mood
               Euthymic
   Speech & Thought
          Speech Flow
               Normal
          Thought Content
               Appropriate To Mood/Circumstances
          Preoccupations

Ex: B-052

# Texas Department of Criminal Justice

## STEP 1

# OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: ___05-05-17___

Date Due: ___06/04/19___

Grievance Code: ___100___

Investigator ID #: ___I-2468___

Extension Date: _____

Date Retd to Offender: _____

**Offender Name:** Juan Javier Ornelas   **TDCJ #** 01758617

**Unit:** Estelle (H.S.)   **Housing Assignment:** H-224

**Unit where incident occurred:** Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Ad. Seg. Commissary Officer   When? 5-2-2017

What was their response? I don't know why you are on commissary restriction.

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Im not sure whats going on here. All I know is that I was placed on commissary restriction without any due process at all. To my knowledge I have not been given any type of disciplinary case while assigned to Estelle High Security Unit. The only thing that I can think of that would cause all of this is 2 old major cases that I received on the Eastham Unit while assigned there. But those cases are "old" and I made it clear to Eastham Unit that I did indeed want to attend the disciplinary hearings on those cases and defend myself from those false allegations. I do not understand how I could be denied my due process rights and railroaded this way. I want to know whats going on here. Why was I placed on commissary restriction without any due process? Another thing if a disciplinary hearing was held on me without me being there I am still supposed to receive some type of notice and an opportunity to appeal its results. I have not received any type of notice "at all". I received no Form I-47 MA Disciplinary Report and Hearing Record.

050517

---

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

EX: B-053

**Action Requested to resolve your Complaint.**

I want my due process rights: notice : and opportunity to appeal case that placed me on commissary restriction. 050517

**Offender Signature:** _Juan Javier Orrelas_          **Date:** 5-2-2017

**Grievance Response:**

**Signature Authority:** _____          **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☑ 1. Grievable time period has expired.  050517
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _R. Lerma_ 050517

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _1-2193_ |
| Grievance #: | _2017131989_ |
| Screening Criteria Used: | _01_   _499_ |
| | _050517_ |
| Date Rec'd from Offender: | _050517_ |
| Date Returned to Offender: | _____ |
| **2nd Submission** | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **3rd Submission** | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |

**Appendix F**

EX: B-054



**TRANS PRIDE INITIATIVE**

Texas Department of Criminal Justice
Ombudsman Coordinator
P.O. Box 99
Huntsville, Texas 77342-0099

June 12th, 2017

re: request for safekeeping, Juanita(Juan Javier) Ornelas, TDCJ #1758617

To the Texas Department of Criminal Justice Ombudsman Coordinator:

I am writing on behalf of a transgender woman, Ms. Ornelas, Texas Department of Criminal Justice (TDCJ) number #1758617, currently incarcerated at the Estelle Unit.

As per request by Gigi Jamison of UTMB Quality Services, and as coordinated by Ms. Jamison with the Ombudsman Office in a telephone call on February 11, 2016, I am directing this to your office for distribution to the proper TDCJ offices. This letter should be forwarded to the PREA Ombudsman.

Ms. Ornelas is temporarily housed at Estelle Unit because she is undergoing physical therapy for her right hand and wrist. She is unsure, but she feels as if she will be transferred back to Eastham after the physical therapy is complete. She is worried that Eastham Unit is unsafe for her due to threats she has received and instances of sexual abuse she has experienced in the past. The following paragraphs will explain her past experiences that have lead us to believe that she is in need of safekeeping.

**Rape on April 24th, 2016 and subsequent problems at Boyd Unit**

While on the Boyd Unit, Ms. Ornelas was sexually abused multiple times by another incarcerated person named James Brown. After continually harassing and intimidating her, he coerced her into sex with threats that he would tell people she was an informant for the Office of the Inspector General. On the occasions she would refuse to give in to these threats, he punched her in the back of the head. She allegedly reported this to O.I.G. Alexander Hamilton and asked for help, but she was ignored.

This sexual abuse went on for a time, culminating in forced anal rape on April 24th, 2016. Mr. Brown reportedly punched her in the head then forced himself onto her. She informed Alexander Hamilton about this once again, claiming that she was bleeding and in pain, but was ignored once again. Later, she reports experiencing retaliation for reporting the abuse to the O.I.G. Alexander Hamilton.

---

*Reducing Stigma, Building Confidence*

EX. B-055



# TRANS PRIDE INITIATIVE

The Boyd Unit's administration allegedly received reports that Ms. Ornelas' life was in danger, and for that reason they placed her in Administrative Segregation. It seems as if she was asked by the administration to file an OPI. Instead of referring to the threats they have received, they told her to reference the assault that occurred on April 24th, 2016. She complied with these instructions, and also requested a transfer as well as to be given safekeeping status during this time. She was denied safekeeping status, but was transferred to Telford and then to Eastham.

## Subsequent events at Eastham

It seems as if Eastham Unit conducted an investigation into her sexual abuse at Boyd Unit. Despite this investigation, apparently she reports some PREA violations at Eastham. She reports filing either formal or informal complaints about these violations at Eastham, and later experiencing retaliation for that.

Because of these events, we feel that Ms. Ornelas shouldn't be transferred back to Eastham on release from her medial treatment at Estelle, and that she meets the qualifications for safekeeping. We highly recommend that she be transferred to a unit other than Eastham once she leaves Estelle unit, or that she should be designated for safekeeping status.

We look forward to receiving communication from your office that this issue is being addressed.

Sincerely,

Tyler Freeland
Trans Pride Initiative

---

*Reducing Stigma, Building Confidence*

Ex: B-056



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2017187649

Date Received: AUG 1 1 2017

Date Due: 09/20/17

Grievance Code: 209

Investigator ID #: JH7802168

Extension Date: _____

Date Retd to Offender: SEP 0 7 2017

Offender Name: Juan Javier Ornelas   TDCJ # 01758617
Unit: Estelle (H.S.)   Housing Assignment: H-204
Unit where incident occurred: Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? SCC                     When? 8-10-2017
What was their response? You are going to stay in seg for a long time.
What action was taken? Held in ad. seg illegally.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Appealing SCC's decision made on 8-10-2017. I was told that I am now being held in ad. seg due to being "sexually assaultive". I am "not" sexually assaultive! I have never threatened or assaulted anyone sexually or in any other way. SCC mentioned disciplinary case # 20170207590 to support their decision. That case is "not" a sexual assault case, and it was written in retaliation of me reporting violations of the PREA law and sexual abuse done "to me"! "I was the one who was sexually assaulted"! All of this is currently being investigated by the O.I.G. case # 1700002448. This is completely outrageous!!!
Now I have been asked to give SCC 6 months in ad.-seg. I did that. Then I was asked to give them 1 year. I did that. I have now been in ad.seg for a total of 1 year and 3 months.
I have just completed months of physical therapy in which I physically interacted with medical staff in close proximity to other inmates (G.P.) while wearing no restraints and without causing any type of threat or danger to them or security. This shows that I am no threat to staff, inmates or security.
To say that I am "sexually assaultive" is a false statement. And to place that statement on state

AUG 1 1 2017

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

EX: B-057

document's manufactured statement/documents and to use such false statements / documents as tools to restrain me in my liberty in extreme conditions' is a violation of my state and federal constitutional rights. I do not willingly accept these actions and therefore respectfully appeal SCC's decision.                AUG 1 1 2017

(2.) Attachments (documentary evidence/pertinent info). Filed in preparation of litigation and LGBT media release.                                                                    AUG 1 1 2017

　　　*Note: Please return my attachments - thank you.

**Action Requested to resolve your Complaint.**
Requesting: a thorough investigation into this legal matter, a 90 day special review and release from ad. seg.

**Offender Signature:** _Juan Javier Ornelas_ **Date:** 8-10-2017

**Grievance Response:**

　　Your complaint has been noted by this office. According to Classification, you were placed into

　　Administrative Segregation (Ad-seg) due to a weapon. In regards to the disciplinary of sexual

　　misconduct, it states consensual act by self admission. Your custody level LEVEL 1 mandates you are

　　housed in Ad-seg. It was State Classification decision on 08/11/2017 that you remain in Ad-seg for

　　these reasons. No further action is warranted by this office.

　　　　　　　　　　　　　　　　　　　　　　　　**WARDEN PRESTWOOD**

**Signature Authority:** _____ **Date:** 5/11/17
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:** 　　　　*Resubmit this form when the corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

EX: B-058

TRANS PRIDE
INITIATIVE

Texas Department of Criminal Justice
Ombudsman Coordinator
P.O. Box 99
Huntsville, Texas 77342-0099

September 2, 2017

re: request to investigate retaliation, remove false charges, and provide safekeeping housing,
Juanita (Juan Javier) Ornelas, TDCJ #1758617

To the Texas Department of Criminal Justice Ombudsman Coordinator:

I am writing on behalf of a transgender woman, Ms. Juanita Ornelas, Texas Department of
Criminal Justice (TDCJ) number #1758617, currently incarcerated at the Estelle Unit.

As per prior request, I am directing this to your office for distribution to the proper TDCJ
offices. This letter should be forwarded to the PREA Ombudsman and to the State Classification
Committee. Trans Pride Initiative (TPI) will forward the letter ourselves to the Office of the
General Counsel.

## Issue Summary

In 2016, Ms. Ornelas tried to report sexual harassment and sexual abuse against her on Boyd
Unit. Her reports were ignored, and as a result, Ms. Ornelas was physically assaulted on April
24. Instead of providing protection, it appears that officers at Boyd and at subsequent units have
retaliated against Ms. Ornelas by re-victimizing her with false cases and interfering with her
access to legal remedies. Further, it now appears that the abuse is not only being considered
"consensual," but there is an effort to blame her for the abuse against her. A summary time line
is presented here, with details in the Issue Discussion.

- April 2016, Ms. Ornelas was repeatedly sexual abused by James Brown; reported to
  Boyd Unit Office of the Inspector General (OIG); no investigation conducted.

- April 24, 2016, Ms. Ornelas was physically assaulted by James Brown for refusing sexual
  abuse; assault reported to Boyd Safe Prisons.

- May 16, 2016, Ms. Ornelas was placed in protective custody due to threats against her
  life at Boyd Unit. Her cell and person searched, nothing of note found.

- May 17, 2017, Ms. Ornelas' former cell was searched again a day later, after others had
  access to the cell, and a weapon was found; Ms. Ornelas was charged with weapon
  possession.

---

EX. B-059



- September 15, 2016, Ms. Ornelas, then at Telford Unit, felt safe enough to report sexual abuse again; no action was taken. She continued to try to address false weapons possession charge and get attention to the sexual abuse issue.

- November 2016, Ms. Ornelas discussed issues with Eastham mental health staff Kimberly Klock and decided to continue to try to address the sexual abuse issue. Her grievances were ignored until late January 2017.

- February 8, 2017, approximately 10 months after first reporting, Safe Prisons interviewed Ms. Ornelas about the sexual abuse, but instead of investigating, filed a consensual sex case against Ms. Ornelas.

- February 28, 2017, OIG investigator admitted OIG failed to act properly in 2016 and the investigator stated he would investigate the case.

- March 2, 2017, Safe Prisons interviewed Ms. Ornelas again, informing her that the earlier Safe Prisons investigation was not done properly; they stated that the issue would be addressed. Instead, and unknown to Ms. Ornelas, the investigator wrote another consensual sex case against Ms. Ornelas.

- Without informing Ms. Ornelas, the hearing was held for the March 2 consensual sex case. Ms. Ornelas ws not allowed to make a statement or participate in the hearing. She was found guilty. She discovered the case on July 24, after being denied commissary.

- On August 10, 2017, the State Classification Committee (SCC) informed Ms. Ornelas she is on file as "sexually assaultive." Ms. Ornelas does not know why this is being claimed; SCC provided no meaningful details.

## Request for Redress

This appears to be an issue of retaliation against Ms. Ornelas for reporting a sexual assault, prohibited under PREA guidelines and TDCJ policy. This serves not only to deny Ms. Ornelas of her basic human rights, but also interferes with TDCJ prevention efforts addressing sexual harassment, sexual abuse, and other violence. To address the issue, we are requesting the following actions.

- Investigation of the disciplinary cases against Ms. Ornelas since April 2016 as retaliatory treatment.

- Provide Ms. Ornelas with documentation that justifies the assessment of "sexually assaultive" or remove that assessment from her record.

- Remove the false weapons charge and false consensual sex cases from her record.

- Provide safekeeping housing.



**TRANS PRIDE
INITIATIVE**

## Discussion of the Issues

We previously wrote to the Office of the Ombudsman concerning Ms. Ornelas (our letter dated June 12, 2017) to request safekeeping status. We have since looked more closely at the issues Ms. Ornelas has reported, and we believe this history represents egregious abuses by TDCJ staff and administration, and that the injustices she is experiencing are increasingly interfering with her rights to address inhumane treatment. Our initial request, assigned Inquiry Number 05-6439-01, appears to have prompted no substantive investigation or response; the Office of the Ombudsman dismissed the issues by simply stating that Ms. Ornelas' "current custody status and housing assignment are appropriate."

We believe that represents negligence in recognizing the actual facts of the issue. This subsequent letter is not an amendment of or supplement to the June 12 letter, this is a separate report of what appears to be gross negligence on the part of TDCJ by failing to investigate sexual abuse, by attempting to cover up that failure, and by punishing the victim for reporting her experience of sexual abuse.

### Sexual Abuse Against Ms. Ornelas in 2016

In early 2016, an incarcerated individual named James Brown[1] began sexually harassing Ms. Ornelas at the Boyd Unit. The harassment included unwelcome sexual advances and requests for sexual favors, and it was accompanied by intimidation and attempts to coerce Ms. Ornelas into providing sex in exchange for protection against violence Mr. Brown could foster. Mr. Brown stood at about 6'4" and significantly outweighed Ms. Ornelas, who stands at about 5'9". Knowing that unit staff were unlikely to protect her if reported, Ms. Ornelas eventually conceded to the coerced oral sex for her own safety.

When Ms. Ornelas was moved to a different wing, the harassment and forced sex stopped until Mr. Brown was moved into the same wing and again tried to coerce her into providing sex. After her initial refusals, Mr. Brown began threatening to spread rumors that Ms. Ornelas was informing on contraband trafficking. She then agreed to the coerced oral sex forced by Mr. Brown, but also informed the unit OIG investigator, identified as a Mr. Hamilton, of the abuse in an attempt to seek protection. The OIG investigator did not address the situation and appears to have provided no attempt to protect her; Ms. Ornelas continued to experience sexual harassment and sexual abuse from Mr. Brown repeatedly during April 2016.

Then on April 24, 2016, Mr. Brown assaulted Ms. Ornelas. This was witnessed by several officers and incarcerated persons, and reportedly was documented in Disciplinary Case 20160253174.

---

1.  Brown was later identified by Eastham Unit Safe Prisons/PREA Manager S. Steel as having TDCJ Number 1981212. An August 29 search of the TDCJ online records indicates no incarcerated person with this number in the system at this time. We do not know if Ms. Steel's identification is correct or not.

Trans Pride Initiative        P.O. Box 3982, Dallas, Texas 75208 | 214·449·1439        tpride.org

Ex. B-061



**TRANS PRIDE INITIATIVE**

### Subsequent Threats, Initial Retaliation

On May 16, 2016, Ms. Ornelas reports that she was told by ranking officers at Boyd Unit that her life was in danger. She was removed from general population and placed in protective custody by a gang intelligence officer named Benny Boykin.

Mr. Boykin then instructed Ms. Ornelas to complete an Offender Protection Investigation (OPI) form and to state therein that her safety was in danger due to reporting the April 24 attack by Mr. Brown. Ms. Ornelas completed the form as instructed. She also disclosed that there were rumors that she had informed on persons running contraband. As stated above, Mr. Brown had used threats of spreading such rumors to force Ms. Ornelas to engage in oral sex.[2]

The following day, May 17, 2016, Ms. Ornelas was given Disciplinary Case 20160281695 for possession of a weapon. Although her cell and her body had been searched May 16 with no results, Mr. Boykin claimed to have found the weapon during a search the following day, after other persons had ample opportunity to access her cell.

Ms. Ornelas appealed the guilty hearing decision through Step 2 (see Grievance Number 2016146930), rightfully questioning how the weapon—found not in her possession but in a cell a day after she was removed from that cell, and after the initial search revealed no weapon—could constitute "a preponderance of evidence" that a weapon was in her possession. Instead, this appears to be insufficient/improper evidence to support a finding of guilt.[3] Subsequently, Ms. Ornelas tried to seek legal recourse for the wrongful finding, but she was repeatedly denied legal visits, potentially interfering with Ms. Ornelas' right of access to courts.

### Transfer to Telford Unit

On or about June 13, 2016, Ms. Ornelas was transferred to Telford Unit. On September 15, 2016, she was seen by the SCC, which was reviewing her placement in administrative segregation. At this point, Ms. Ornelas felt she could disclose the sexual abuse by Mr. Brown and the OIG's failure to investigate, and discussed the issues and the committee review meeting. The SCC appears to have taken no action to investigate the issue, and left Ms. Ornelas in administrative segregation.

---

2. Ms. Ornelas reports that she did not disclose at that time that Mr. Brown had been sexually abusing her because OIG investigator Hamilton had ignored that information, and because she was afraid disclosing it to Boyd staff would further endanger her safety. Officers often disclose such reports but provide no protection from assailants or their associates, which greatly increases the risk of violence against persons reporting sexual abuse. This behavior by TDCJ staff discourages reporting of sexual harassment and sexual abuse.

3. TDCJ defines "preponderance of evidence" as "evidence of greater weight or more convincing than the evidence which is offered in opposition to it, that is, evidence which as a whole shows that the fact sought to be proven is more probable than not." There appear to be ample reasons for Ms. Ornelas' safety to have been at risk, either through direct attack/assault or through being set up for a false case. These include the prior assault by Mr. Brown, the disciplinary case against Mr. Brown and supported by Ms. Ornelas, and the claims of there being a threat against her safety according to Boyd Unit staff. These weighed with the fact that Ms. Ornelas does not have a recent history of any violent behavior or weapons possession cases indicate the assumed possession of the weapon is circumstantial at best, but certainly not a "preponderance of evidence."

Ex. B-062



<div align="right">

TRANS PRIDE
INITIATIVE

</div>

On September 22, 2016, Ms. Ornelas reports that she met with a Telford Unit mental health counselor and expressed her depression and frustration at TDCJ's refusal to address either the false weapons charge or the sexual abuse.

**Transfer to Eastham Unit, Subsequent Retaliatory Actions**

On or about November 10, 2016, Ms. Ornelas was transferred to the Eastham Unit. She once again confided in the unit mental health personnel (Kimberly Klock), reporting the sexual abuse by Mr. Brown. Ms. Ornelas reports she then filed several I-60s to try to get some attention to the issue, but none had any response until January 21, 2017, when Grievance Number 2017079154 was addressed.

In response to Grievance Number 2017079154, Safe Prisons officer Ms. L. Haynes conducted an OPI investigation on February 8, 2017. Although the sexual abuse was initially reported in April 2016, was reported again in June 2016, and was reported multiple times from November 2016 through January 2017, this appears to constitute the first time that the agency has opened an investigation.

However, instead of a proper investigation, Ms. Ornelas reports that Ms. Haynes tried to blame Ms. Ornelas for the abuse she suffered. Ms. Haynes is reported to have noted that she could not find James Brown in the system.[4] To reinforce Ms. Haynes' false accusation, she cited Ms. Ornelas with Disciplinary Case 20170190784. It appears that this was for making a false statement or consensual sex, but TPI has not seen this report yet.

Then on February 28, 2017, OIG investigator Ben Gardner interviewed Ms. Ornelas about the sexual abuse documented in Grievance Number 2017079154. Mr. Gardner is reported to have apologized for OIG investigator Hamilton's failure to follow TDCJ policy, and stated he would investigate the sexual abuse. We have no further information about whether it was investigated.

Officer Ms. S. Steel, who like Ms. Haynes represented the Eastham Safe Prisons/PREA office, interviewed Ms. Ornelas for a new OPI on March 2, 2017. Ms. Steel is reported to have told Ms. Ornelas that Ms. Haynes had not conducted the initial interview properly, but Ms. Steel continued to try to cast blame on Ms. Ornelas for the sexual abuse against her. However, Ms. Steel, reported that she would "write up the investigation."

On March 6, 2017, Ms. Ornelas was informed that Grievance Number 2017079154 was found "unsubstantiated." As an indication of underlying reasons for the dismissal of the grievance, Ms. Ornelas reports that she was criticized by administration at Eastham—**Ms. Haynes, Ms. Steel, and Assistant Warden Johnson all criticized her** for reporting the abuse to OIG's Mr. Hamilton instead of TDCJ staff. To discouraging such reporting is not only a clear violation of PREA regulations that state she can report to any party with which she feels comfortable, it also clearly undermines TDCJ's alleged "zero tolerance" for sexual harassment and sexual abuse.

---

4.  Note that there are currently about 24 James Browns in the system, and that a short time after this statement from Ms. Haynes, the specific James Brown alleged to have assaulted Ms. Ornelas was identified by TDCJ number 1981212.

EX. B-063



**TRANS PRIDE INITIATIVE**

In March or April, Ms. Ornelas was transferred to Estelle Unit, where she is currently housed.

### Victim Blaming: Consensual Sex Case and Procedural Violations at Hearing

It appears that by "write up the investigation," Ms. Steel actually meant she would write a disciplinary case, now identified as Disciplinary Case 20170207590. Ms. Ornelas did not know the case had been written up until July 24, 2017.

The copy of that case report indicates that on March 2, 2017, Ms. Ornelas "did engage in a consensual act with James Brown #1981212, by engaging in homosexual conduct, by self admission in a written statement."

Such a disciplinary case serves no purpose except to blame a survivor of sexual abuse for the actions of her abuser. Ms. Ornelas would have nothing to gain creating a false report of sexual abuse because Mr. Brown is no longer in TDCJ custody, so reporting the action is not likely to get her moved or result in any action against Mr. Brown due to the length of time that has passed because the OIG failed to investigate the initial report. The only reasons for filing such a disciplinary case are 1) as retaliation for reporting sexual abuse to OIG, and 2) to discourage future reports of sexual abuse.

The hearing for Disciplinary Case 20170207590, which took place April 18, 2017, shows that Ms. Ornelas indicated she did wish to attend the hearing, although she does not recall even being informed of the disciplinary case—it is assumed her "response" was completed without Ms. Ornelas' participation. A person named "Smith" was apparently the counsel substitute at the hearing, and the hearing record indicates Ms. Ornelas had no statement, but due to the history of these issues and her advocacy for her rights around this issue, it is highly unlikely that she would have made no statement on her own behalf. The hearing is noted to have taken less than four minutes. She was found guilty of a case because she reported a sexual assault, and appears to have not even been provided the opportunity to make a statement about the case.

On July 24, 2017, Ms. Ornelas reported to us that she had just that morning received the hearing record for Disciplinary Case 20170207590, which she had to purchase from the Law Library. She only learned that something had happened when she was told she was restricted from commissary purchases. She has tried to file a grievance about the issue, only to be told that the grievable time period had expired. However, this seems to be contrary to the rule in AD-03.82 that she has 15 days from when she "became aware or should have become aware of the incident or problem." Granted, she should have been aware of it long before—but that was due to TDCJ staff's failure to follow proper procedure and inform her, not due to any negligence on her part.

### Victim Blaming Becomes False "Sexually Assaultive" Claim

On August 10, 2017, Ms. Ornelas saw SCC for another administrative segregation review hearing. She was told that she would remain in administrative segregation into next year (Form I-189 indicates until February 2017, but we assume that is in error and should be 2018). That was



Ex: B-064



not so much a surprise due to the highly problematic disposition of Disciplinary Case 20170207590, but it is certainly problematic that in addition to keeping her in administrative segregation due to false charges, SCC is now claiming she is "sexually assaultive," which apparently means that her efforts to report a sexual abuse against her have resulted not just in being misrepresented as consensual sex, but also to misrepresent her as the assailant.

Ms. Ornelas has filed a grievance against this, and TPI fully supports her actions to address the egregious behavior of TDCJ staff.

## Conclusion

As stated in our Request for Redress, the treatment Ms. Ornelas has experienced appears to indicate protracted and deliberate retaliation for reporting a sexual abuse.

**The history of this abusive behavior appears to violate multiple provisions in PREA regulations,** including at a minimum §§115.11, 115.31, 115.34, 115.62, 115.67, 115.73.

**This history of abusive behavior appears to violate multiple TDCJ policies,** including at a minimum policies in:

- The "Safe Prisons/PREA Plan" covering
  - Negligence by the Unit Safe Prisons/PREA Manager at Eastham Unit,
  - Failure to follow Immediate Response protocol,
  - Failure to to appropriately follow policy in Obtaining Information from Offenders,
  - Neglect of duties related to Reporting Allegations,
  - Failure to ensure Protection from Retaliation, and
  - Failure to provide appropriate Investigations.
- Policy PD-22, "General Rules of Conduct and Disciplinary Action Guidelines for Employees," for Substandard Duty Performance, Falsification of Records, and Denial of Uniform Access to Courts.
- Policy BP-03.81, "Rules Governing Offender Access to the Courts, Counsel, and Public Officials," for interfering with access to legal visits and possibly failure to provide requested materials.

Once again, we are requesting that this denial of Ms. Ornelas' basic human and constitutional rights—and TDCJ's failure to have an effective policy to prevent sexual harassment, sexual abuse, and other violence—be in part addressed by taking the following actions.

- Investigate the disciplinary cases against Ms. Ornelas since April 2016 as retaliatory treatment.
- Provide Ms. Ornelas with documentation that justifies the assessment of "sexually assaultive" or remove that assessment from her record.

EX: B-0065



- Remove the false weapons charge and false consensual sex cases from her record.
- Provide safekeeping housing.

We look forward to receiving communication from your office that these issues are being appropriately addressed instead of continuing to blame the survivor of sexual abuse.

Sincerely,

Nell Gaither, President
Trans Pride Initiative

cc:   Office of the General Counsel
      Austin Community Law Center

Ex: B-0066

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**SAFE PRISONS/PREA PROGRAM**

**Offender Notification Brochure**

---

**Date: 09/06/2017**

**To:** Ornelas, Juan Javier #1758617

**Subject:** OIG Case #1700002448 / Incident # I-02319-02-17

On 2/27/2017, you made an allegation of sexual assault, which prompted a criminal investigation. That allegation resulted in the opening of a criminal case by the Office of the Inspector General (OIG).

The alleged suspect is Brown, James.

According to information received from the OIG, it has been determined that the allegations are **Unsubstantiated**.

This document serves as your final notification if the above criminal case was determined unsubstantiated or unfounded. Following a substantiated case, you will only receive subsequent notification(s) following the suspect assailant indictment or conviction on the related charge. If you need assistance understanding the information contained in this brochure, you may contact the Safe Prisons/PREA Manager on your unit.

Lorena Steinbecker
Safe Prisons/PREA Program Manager

Cc: File

Ex: B-067

# Texas Board of Criminal Justice

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

**Dale Wainwright**
**Chairman**

October 17, 2017

ORNELAS, Juan #1758617
Estelle Unit
264 FM 3478
Huntsville, Texas 77320-3320

RE:  SA-200506439-00003

Offender Ornelas,

This letter is in response to correspondence received on October 03, 2017, from Trans Pride Initiative, Nell Gaither; in the Texas Department of Criminal Justice (TDCJ) Ombudsman Office regarding allegations of you being sexually abused by an offender at the Boyd Unit.   The information was forwarded to the PREA Ombudsman Office for investigation.

The TDCJ has zero tolerance for sexual abuse and sexual harassment and requires all allegations of sexual abuse and sexual harassment to be thoroughly investigated.   The PREA Ombudsman Office is responsible for the oversight of administrative investigations concerning allegations of sexual abuse and sexual harassment. We fully review each administrative investigation and the unit's response to allegations of sexual abuse and sexual harassment.    In addition, allegations of sexual abuse we receive are referred to the TDCJ – Office of the Inspector General (OIG) for possible criminal investigation.  If you have any questions regarding an OIG case, you may contact the OIG at P.O. Box 4003, Huntsville, Texas 77342.

The PREA Ombudsman Office conducted a review of the unit's administrative investigative reports regarding the allegation of sexual abuse, to include statements.  We found the investigation was conducted appropriately and in accordance with TDCJ policies and procedures. Records indicate all allegations have been previously reported and investigated.

The PREA Ombudsman Office completed the investigative review on October 17, 2017, and determined the allegation of sexual abuse to be unsubstantiated.  Please note that "unsubstantiated" means there was insufficient evidence to make a final determination whether or not the incident occurred.

Additionally, there are many factors considered by the TDCJ in the placement of an offender in Safekeeping housing.   The State Classification Committee (SCC) ultimately makes the final determination.  The PREA Ombudsman Office does not make the determination for placement.

---

Ex: B-068

Based on the information we reviewed, the PREA Ombudsman Office has closed this inquiry request and no further action will be taken at this time.

Sincerely,

*Teresa Hosea*

Teresa Hosea,
Program Specialist I
PREA Ombudsman Office

cc: File

Ex: B-069

# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2018072450

Date Received: 011818

Date Due: 02/27/2018

Grievance Code: 3D2

Investigator ID #: I2015

Extension Date: _____

Date Retd to Offender: 0 2 FEB 2018

Offender Name: Juan Javier Ornelas   TDCJ # 01758617

Unit: Estelle (H.S.)   Housing Assignment: H-204

Unit where incident occurred: Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Disciplinary Captain Benson (I-60) When? 1-9-18

What was their response? No response

What action was taken? Ignored my I-60 / request   011818

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On (1-9-18) I sent an I-60 to the Disciplinary Captain requesting the (FINDINGS) on my disciplinary case # 20170190784' and I never received a response of any kind. 011818

This is not an appeal. I am requesting this information because it is relevant evidence to my legal case # 4:17-cv-03866.' 011818

I was not allowed to attend the disciplinary hearing for this disciplinary case' and I never received a copy of Form I-47MA for this case' So I dont know anything about it FINDINGS.

I tried to purchase a copy of this Form I-47MA several months ago through the Open Records Act / Law Library' but I never received it. So' Im assuming that they did not have it in their computer under my file. 011818

I believe that I was found "Not Guilty" in this disciplinary case because it was a bogus case. If so' this case is in the "Unit Disciplinary Archive File." 011818

GR-106 states: quote: pg 18) Information regarding not guilty findings shall only be used for legal or grievance issues. end of quote. 011818

With that said' I have a legitimate request and need for this information. If you will not give me a copy of this Form I-47MA, please just give me its FINDINGS, (Guilty-or-Not Guilty). There is no legitimate reason for any TDCJ official to deny me this information. I have the right to know if I 011818

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

EX: B-070

have been found guilty -or- not' of any disciplinary case
written on me. 011818

Note: This case was written by Leontyne Haynes of the
Eastham Unit on 2-28-17. I believe the case was
transferred here to Estelle (H.S.) in April 2017. 011818

**Action Requested to resolve your Complaint.** Requesting the FINDINGS for disciplinary
case # 20170190784

**Offender Signature:** Juan Javier Ornelas          **Date:** 1-18-18

**Grievance Response:**

Your complaint has been noted by this office. Captain Vincent states that he spoke with you on
01/24/18 and your issue regarding the disciplinary case has been taken care of. Your grievance has been
resolved accordingly. No further action is warranted at this time.

Warden Lacox

**Signature Authority:** _____          **Date:** 2/1/18

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**          ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority:_____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

Ex: B-071

# Texas Department of Criminal Justice

## STEP 2

## OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Offender Name: **Ornelas, Juan**    TDCJ # **1758617**

Unit: **E2**    Housing Assignment: **H204**

Unit where incident occurred: **E2**

Grievance #: **2018072450**

UGI Recd Date: **03·15·18**

HQ Recd Date: **MAR 2 3 2018**

Date Due: **04·24**

Grievance Code: **302**

Investigator ID #: **I 1364**

Extension Date: **6/3/18**

JUN 0 4 2018

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

This issue has not been resolved. On 1-18-18 I spoke with Counsel Substitute Ms. Bailey and she told me that Disciplinary Case # 20170190784 is not in any of the Unit's Disciplinary Records / Files. She showed me her computer screen displaying my disciplinary record and this case is not there. If I was found Not Guilty then this case should be in the Unit's Disciplinary Archive File where according to GR-106 it is to be maintained for 2 years. Why is it not there (?) On 1-24-18 I spoke to Captain Benson and Ms. Bailey again about case # 20170190784 and case # 20170207590 and they told me that they are not at liberty to give me copies of anything. I asked if I could at least inspect (see/read) them there and they said "no" and that I must go through Open Records to access them. I've tried to obtain these documents through Open Records and the only thing that they sent me was I-47MA Form for case # 20170207590. I received nothing for case # 20170190784. Where are all the other documents (I-47MA, I-210 and documentary evidence) for these cases (?) These cases were ran without me being present and I never received anything. I've tried to obtain these documents through various channels but I've been repeatedly denied them. Why (?) According to GR-106, I

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

EX: B-072

have the right to access these documents for grievance or
legal issues. I have a legal issue' 4:17-cv-03861 on the
officers who wrote these cases. If there is no conspiracy,
collusion or cover-up going on' then why is everyone
keeping all of these documents from me (?)

**Offender Signature:** ~~FEB 0 9 2018~~ _Juan Javier Ornelas_ **Date:** _____

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. The case was
dismissed prior to the hearing.  Based on the facts available at this time, no
further action is warranted by this office.

Offender Signature                                                    Date
Grievance Response:

**MATT GROSS**
**ASSISTANT REGION DIRECTOR**

**Signature Authority:** _____   **Date:** 5-17-18

**Returned because:**   *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☒ **3. Originals not submitted.*** _signature needed_

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

Offender Signature
Grievance Signature

**CGO Staff Signature** D. HURLEY, PS III _DHurley_
**REGION I OFFENDER GRIEVANCE**   FEB 0 9 2018

Signature Authority

Returned because.     *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*

**I-128 Back (Revised 11-2010)**

☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.*

<div style="border:1px solid">

**OFFICE USE ONLY**
**Initial Submission**        **CGO Initials:** _DH_
Date UGI Recd: 02 06 18
Date CGO Recd:  FEB 0 9 2018
(check one) X Screened  ____ Improperly Submitted
Comments: no signature
Date Returned to Offender: 3-7-18

**2nd Submission**          **CGO Initials:** ____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**          **CGO Initials:** ____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**OFFICE USE ONLY**

**Appendix G**

Ex: B-013
</div>

In The United States District Court
For The Western District Of Texas
Waco Division

Juan Javier Ornelas                          Case No.
TDCJ-CID # 01758617
                                             W-18-CV-056

v.

Alexander Hamilton


<u>Memorandum</u>
Additional Facts And Evidence
<u>Supporting  Plaintiff's Complaint</u>


Page 1

<u>On February 23, 2016:</u> at TDCJ Boyd Unit, Officer Boykin found me in possession of K2: <u>at Ex: A-001-2</u>. He then locked me up in the administration building. While I was in lock up Officer Wickliffe approached my cell and began talking to me about the K2 business at Boyd. He then asked me if I wanted to become an informant and help stop dirty officers from smuggling K2 into Boyd. I agreed to become an informant and wrote a statement for him.

<u>On or about February 25, 2016:</u> Mr. Boykin took me to his office to talk about the statement that I wrote for Mr. Wickliffe. Mr. Boykin told me that he wasn't mad at me because I was just a prisoner who was being taken advantage of by dirty officers. He then told me that he would be contacting TDCJ-OIG Alexander Hamilton to set up a meeting for me to begin informing on dirty officers.

<u>On or about March 4, 2016:</u> I met with Mr. Hamilton and provided him with information on prisoners and officers who were buying/selling K2 at Boyd. Afterwards' Mr. Hamilton asked me if there was something that he could do for me. I told him that I was worried about getting a case and getting transferred to a gang infested unit where I would have problems. Mr. Hamilton told me not to worry about that and to write him if I needed anything else. I was then released to General Population (G.P.).
When I was released to G.P. officers began to tell the prisoners that I had snitched on everyone and didn't get a case. I was labeled a snitch and prisoners began to talk about assaulting me.
Former prisoner James Brown began to use all of this to pressure me for sexual favors. He offered me his protection in exchange for oral sex. When I declined his offer he threatened to tell prisoners that he heard me snitching to induce them to assault me. I feared for my safety and life, and submitted to his demands for oral sex. This was not the first time that he pressured me for sexual favors. In 2015' he repeatedly pressured me for sexual favors.

<div align="right">Page 2</div>

On or about March 17, 2016: Mr. Boykin called me to his office and told me that he heard about everything that was going on in G.P. He then wrote me a case for the K2 possession at Ex: A-002_____. He said that he thought it was the smart thing to do. I told him that I wanted to go to Safekeeping at Boyd. He said that he couldn't put me there but Mr. Hamilton could if I gave him some good information.

James Brown continued to abuse me physically and sexually. I was afraid to report my abuse because James Brown threatened to kill me if I snitched on him. I couldn't trust any of the officers because they were calling me a snitch and telling prisoners that they should drop me. James Brown and other prisoners began to watch me closely. They also began to watch the administration building to try to find out which prisoners were going in there to snitch.

On or about April 1, 2016: I sent Mr. Hamilton an I-60 (letter) via mail reporting my abuse and requesting his help. But he ignored my I-60 and my abuse continued. A copy of that I-60 was given to officer Haynes at Ex: B-033_____. Mr. Hamilton failed to: separate me from James Brown, investigate my abuse and collect evidence. Mr. Hamilton did not comply with TDCJ policy or the Prison Rape Elimination Act Prisons And Jail Standards (PREA) at Ex: A-003-10_____.

On April 7, 2016: I went to see Mental Health Ms. Shelton because I was thinking about reporting my abuse there. But I couldn't do it because I was afraid that James Brown would find out and kill me. It is common practice for TDCJ officials/officers to tell prisoners when a prisoner has reported sexual abuse and/or filed an Offender Protection Investigation (OPI) at Ex: B-007-12_____. I considered telling my mother about my abuse and letting her report it, but I didn't because I was afraid of how she might react. My mother is Catholic and at that she didn't know that I was homosexual at Ex: A-017_____.

Between April 7 and April 14, 2016: James Brown beat me and anal raped me twice.

Page 3

On April 15, 2016: I went to see Mental Health Ms. Shelton again. But again I was afraid to snitch on James Brown. However' I did express my fears and told her that I didn't feel safe in G.P. and that I wanted to go to SafeKeeping. She told me that I should tell administration. I told her that I had already told Mr. Boykin and Mr. Hamilton. She told me that I should just be patient and wait for Mr. Hamilton to respond to my I-60 at Ex: A-018          .

On or about April 17, 2016: I sent Mr. Hamilton another I-60 via mail reporting my abuse and requesting his help. But again he ignored my I-60. A copy of that I-60 was given to Ms. Haynes at Ex: B-033          . Again Mr. Hamilton did not comply with TDCJ policy or the PREA.

On April 24, 2016: James Brown attacked and assaulted me after officer Kersten told him that I snitched on him at Ex: A-020          . James Brown went to lock up in the administration building and I went back to B-wing due to lock up being full. I was placed in cell B-101 under Pre Hearing Detention status (PHD). I immediately asked for a grievance but was told that I was getting a case for fighting, not a grievance. I then received a case for fighting at Ex: A-019          . Later' I asked another officer for a grievance because I wanted to file a grievance while James Brown was in lock up, but the officer told me that I just got my ass kicked for snitching and needed to stop snitching. Prisoners then went to my cell and told me that the officers were calling me a snitch and saying that they weren't going to help me. James Brown told the officers that he assaulted me because I snitched on him but no OPI was initiated at Ex: B-005          . Boyd officers did not comply with TDCJ policy.

On May 3, 2016: I was found Not Guilty of fighting with James Brown after evidence showed that he attacked and assaulted me for snitching on him at Ex: A-021          . Despite that no OPI was initiated. Disciplinary Captain Howard told me that I was lucky that her son wrote a statement on my behalf at Ex: A-020          . She said that the next time that I try to fight back I will get a case.

Page 4

Ms. Howard then told me to get out of her office before she changed her mind. Ms. Howard did not comply with TDCJ policy. I was then returned to G.P. where I continued to be threatened and sexually harassed by James Brown and Tango (gang) members. I feared for my safety and life. Mr. Hamilton continued to ignore my I-60(s) so I had no choice but to stay in my cell as much as possible and wait for help at Ex: B-011          .

On May 16, 2016: Mr. Boykin went to my cell and told me that my life was in danger and that I was about to be assaulted again. He and officer Rose searched my cell and found some alcohol that my cellmate was making in my locker. My cellmate was a Tango member. I received a case for the alcohol and then was escorted to the administration building at Ex: B-001, 5      . Mr. Boykin took me to his office and told me that I needed to write an OPI statement for him. Which I didnt want to do due to officers telling prisoners that I was a snitch. It is common practice for TDCJ officials/officers to tell prisoners when a prisoner has reported abuse and/or filed an OPI at Ex: B-007-12      . But Mr. Boykin told me that if I didnt write a statement for him he was going to return me to G.P. and allow me to be assaulted again. So I wrote a statement for him as he instructed me to at Ex: B-003         . I also requested a Unit Transfer to Safekeeping to remedy my problem. Mr. Boykin got mad because I requested protection and told me that "the OPI doesnt guarantee anything". I was then reassigned to the administration building PHD 06 cell under OPI Status Pending OPI Transfer at Ex: B-001.
Mr. Boykin's OPI contains false and misleading information. He claims that on April 24, 2016 James Brown and I were assigned to the same cell. James Brown and I have "never" been assigned to the same cell. He also falsely claims that on May 16, 2016 I was still a major distributer of K2. I had no K2 in my possession on that date at Ex: B-005      .

On May 17, 2016: Mr. Boykin took me to his office where he told me that he found a weapon in my former cell. He told me that the weapon could be my ticket off the unit if I wrote a statement for him claiming ownership of it.

Page 5

I told Mr. Boykin that I couldn't do that. He then said: quote: "Look, you are requesting a Unit Transfer to Safekeeping and TDCJ-SCC is denying a lot of those requests and getting people hurt.", "I don't want to be held liable if anything else happens to you.", "So you have to go one way or another.", "You might have to go to Seg." Mr. Boykin then falsely charged me with possession of a weapon and recommended that I be placed in Administrative Segregation at Ex: B-007, 13     . Mr. Boykin then continued his OPI and informed prisoners that I had filed an OPI. At this time he was repeatedly told by prisoners that "everyone" knew that I was snitching. Despite that Mr. Boykin did not document in his OPI that he and Mr. Hamilton were using me as an informant at Ex: B-007-11     . Word quickly spread that I had filed an OPI. I feared for my safety and life. Mr. Boykin did not comply with TDCJ policy.

On May 18, 2016: Major Benjamin unsubstantiated my OPI. He refused to acknowledge that James Brown assaulted me and that there was a threat of more violence against me. 99% of all OPI(s) filed in TDCJ are unsubstantiated. Mr. Benjamin did not comply with TDCJ policy at Ex: B-006     .

I then asked Mr. Boykin to contact Mr. Hamilton and tell him that I still needed to speak with him. Mr. Boykin told me that he would send Mr. Hamilton my message via Email and that I better have some good info for him.
On this day I had myself tested for HIV and Hep C because when James Brown anal raped me I bled a lot and I was worried about catching an STD at Ex: B-014-15     . While at Medical I thought about reporting my abuse but when Ms. Isbell was drawing my blood she said: quote: "This one here is real girlly", "We can make a lot of money selling her all over the unit.", "If she doesn't have the booty flu". So I didn't report my abuse to her.

Around May 25, 2016: I sent Mr. Boykin an I-60 regarding the message that I asked him to send to Mr. Hamilton. Later he took me to his office where he told me that he sent Mr. Hamilton an Email and that he responded stating that he would speak with me soon. Mr. Boykin also said that he

Page 6

sent Mr. Hamilton a second Email and that Mr. Hamilton responded thanking him for the reminder and said that he needed to speak with me but was very busy and would speak with me later. Mr. Boykin then gave me my I-60 back with a response that stated that he would send Mr. Hamilton another Email. I gave that I-60 to Ms. Haynes at Ex. B-033 . Later' Mr. Boykin told me to write Mr. Hamilton at Coffield Unit, which I did' but Mr. Hamilton did not respond to my letter. Mr. Hamilton did not comply with TDCJ policy or the PREA.

On June 13, 2016: I was transferred to Telford Unit for Ad. Seg placement. Due to my experiences at Boyd' I was afraid to report my abuse at Telford. I tried to talk to Mental Health about it but I couldn't. I became severely depressed while at Telford at Ex. B-016-17 . Mr. Hamilton continued to ignore my I-60(s), letter and the Emails sent to him by Mr. Boykin. So I filed several grievances (at least 3) but the UGI refused to process these grievances. She kept saying that she didn't get them' even though I handed one of them directly to her at my cell door. She did not comply with TDCJ policy or the PREA.

On September 15, 2016: I reported all of this to TDCJ-SCC (State Classification Committee) but they just got mad at me and refused to do anything about it. SCC failed to properly document and report my sexual abuse. They did not comply with TDCJ policy or the PREA.
I filed a Step 1 Grievance # 2017008169 appealing SCC's decision, but no OPI was conducted. Warden Facio didn't properly document and report my sexual abuse. He didn't comply with TDCJ policy or the PREA at Ex. B-018-19 .

On September 19, 2016: I filed an I-60 to Telford's Mental Health Department informing them that I was going on a hunger strike in protest of all of this at Ex. B-020 . Despite that' they did not properly document and report my sexual abuse. They did not comply with TDCJ policy or the PREA at Ex. A-003-10 .

Page 7

On September 22, 2016: Officer Clark went to my cell and threatened to shove a tray of food up my ass if I didnt end my hunger strike. I feared for my safety and life, and ended my hunger strike. I also stopped reporting my sexual abuse at Telford at Ex: B-020          . Mr. Clark did not comply with TDCJ policy or the PREA.

On November 10, 2016: I was transferred to Eastham Unit. On the bus ride to Eastham gang members tried to cut and stab me. When I arrived at Eastham I was afraid to report my sexual abuse due to my experiences at Boyd and Telford.

On December 2, 2016: after I spoke with Eastham's Mental Health Manager Ms. Klock about my Transgender status I sent her an I-60 reporting my sexual abuse and requesting medication for my depression. I also sent Classification a copy of this I-60. They did not respond to my I-60(s). They didnt properly document and report my sexual abuse. And they didnt comply with TDCJ policy or the PREA at Ex: B-025

On or about December 12, 2016: I filed a Step 1 Grievance on all of this because TDCJ was refusing to comply with the PREA. But the UGI refused to process this grievance. She claimed that she didnt get it. She didnt comply with TDCJ policy or the PREA.

On January 5, 2017: I filed another grievance. But again the UGI refused to process it. She claimed that she didnt receive it at Ex: B-026-28          .

On January 21, 2017: I filed another grievance and I told the UGI that I was going to report her at Ex: B-029          .

On January 26, 2017: Eastham's UGI processed my Step 1 Grievance # 2017079154' which led to the first investigation into all of this at Ex: B-030-31          .

On February 8, 2017, Eastham's Safe Prisons PREA officer Ms. Haynes initiated an OPI. She told me that TDCJ-OIG wasn't going to investigate my sexual abuse due to the lapse in time. She was very angry and hostile toward me. She told me that I should've reported my abuse to Mr. Boykin at Boyd. Ms. Haynes and Mr. Boykin are old friends who used to work together at Eastham. I explained to Ms. Haynes that I didn't feel safe reporting my abuse to anyone at Boyd because officers there were telling prisoners that I was a snitch which caused me to be assaulted. I told her thats why I reported my abuse to Mr. Hamilton. I couldn't trust anyone at Boyd. Ms. Haynes asked me for a verbal account of my abuse and after I told her everything she blamed me for being raped. She said I was too passive. She also told me that I couldn't report that James Brown sexually abused me in 2015 because at that time he used threats and intimidation to force me to give him oral sex. She told me that was not sexual abuse because he didn't physically force me to do it. She told me that I could get into trouble for reporting that as sexual abuse. She also told me that I couldn't prove that I was sexually abused in 2016 and if I reported it I would get cases for lying. I no longer wanted to report my sexual abuse but Ms. Haynes told me that I had to write something for her. As I wrote a statement for her she yelled at me that she believed that James Brown was my boyfriend and that I willingly gave myself to him sexually. I told her that I had copies of I-60(s) that I sent to Mr. Hamilton reporting my abuse and pleading for his help. She told me that she wanted those I-60(s). I told her that I had other documents too but she said that she didn't need them because she could get all of the information that she needed from the TDCJ computer. Most of what Ms. Haynes told me was false and misleading. And her threats were illegal. She didn't comply with TDCJ policy or the PREA.

Ms. Haynes then escorted me to Medical for an examination. After Ms. Haynes spoke with L.V.N. Mr. Martin in his office he approached me angrily and asked me why I was just now reporting my abuse. I told him that I reported it several times in 2016. He asked me who I reported it to. And after I told him who, when and where I reported my abuse in 2016 he told me that there was nothing he could do for me. Ms. Haynes then told him that she just needed him to write something for her and she gave him a hand signal. He told her that he would write something for her but whatever he wrote for her is not in my Medical Records. Mr. Martin didnt conduct a medical examination on me. He didnt comply with TDCJ policy or the PREA.

Ms. Haynes then escorted me to Mental Health for an evaluation. When I walked into the office of Mental Health Manager Ms. Klock I asked her: quote: "did you get my I-60?" She responded: quote: "is that what this is about?" To that I nodded my head "yes" at her. She then said: quote: "ok, now we are going to test you". Quote: "it doesnt guarantee that you will get medication, but it will give us an idea of where you are at". She then asked me: quote: "do you want to talk about it?" To that I shook my head "no" at her because Ms. Haynes was standing near by and had already threatened to file cases on me if I reported my sexual abuse. I later discovered that Ms. Klock falsified documents in which she claimed that I never reported my sexual abuse to Mental Health before February 8, 2017 at Ex: B-032 . She also falsified other documents in my Mental Health records and denied me proper/adequate Mental Health care. Ms. Klock did not comply with TDCJ policy or the PREA.

Later that day I received a visit from TDCJ-SCFO Attorney Andrew Gastler. When I left my cell for this visit I took the I-60(s) that Ms. Haynes wanted with me. And with Mr. Gastler as my witness I gave the I-60(s) to officer Villanueva for him to deliver them to Ms. Haynes at Ex: B-034 .

Page 10

On February 10, 2017: Ms. Haynes and Eastham's UCC (Unit Classification Committee X to include Warden Johnson) falsely claimed to have evidence that proved that my sexual abuse did not occur and my OPI was "unfounded" at Ex: B-033, A-015. Due to the threats from Ms. Haynes I didnt attend this UCC-OPI Review. So Ms. Haynes gave me a UCC Notification Of OPI Outcome. I tried to speak with her about the OPI Outcome but she told me that I had to stop reporting my sexual abuse or she would file cases on me "criminal and disciplinary". She also refused to give me my I-60(s) back at Ex: B-033.
I asked Ms. Haynes to not write a case on me because I didnt want anyone else to know that I was sexually abused and snitched on my abuser. And I reminded her that I had been assaulted in the past after officers and prisoners labeled me a snitch. Ms. Haynes told me: quote: "if you dont stop reporting this Im gonna file cases on you". Ms. Haynes and Warden Johnson did not comply with TDCJ policy or the PREA.

On February 28, 2017: TDCJ-OIG Mr. Gardner decided to open another investigation into my grievance. I told him that Ms. Haynes was threatening me but he said that he didnt care about what she said because he had a job to do. He then said that he needed to get a statement from me. Due to the threats from Ms. Haynes I reworded my sexual abuse of 2015 not wanting to call it sexual abuse. I then stopped and told Mr. Gardner that I didnt want to write a statement. But he said: quote: "no, if you want me to go after this guy Im going after him". Quote: "but I need a statement from you". Mr. Gardner convinced me to finish my statement for him and to press charges on James Brown at Ex: B-035-36. He then asked me for James Brown's TDCJ-CID number. I told him that I didnt have it memorized but I had it in my cell on a disciplinary case. He told me to go back to my cell and send it to him via I-60.

After I participated in Mr. Gardner's investigation Ms. Haynes made good on her threats and filed a false disciplinary case on me at Ex: B-037. The "Disciplinary Procedures Before The Hearing" began and a ranking officer went to my cell door and read the report aloud. This informed the

Page 11

prisoners around me that I was sexually abused and snitched on my abuser. Prisoners began to laugh, sexually harass and threaten me. This placed my life in danger. At this time I was told that Ms. Haynes filed this case on me because I failed to prove that James Brown sexually abused me. That is not a legitimate reason for Ms. Haynes to charge me with falsely alleging sexual abuse. She only filed this case to get the word out that I was sexually abused and snitched on my abuser because she wanted to label me a snitch to induce prisoners to harass, threaten and harm me. Ms. Haynes did not comply with TDCS policy or the PREA at Ex: A-003-10, 14-15.

As Mr. Gardner instructed me to, I sent him an I-60 with James Brown's TDCS-CID number. I also reported to him that Ms. Haynes had filed a disciplinary case on me at Ex: B-039_____. I reported it to him because I had nobody at unit level that I could turn to for help.

On or about March 1, 2017: a Counsel Substitute went to my cell door and again read Ms. Haynes's report aloud. And again the prisoners around me began to laugh, sexually harass and threaten me. At this time I was told that Ms. Haynes filed this case on me because she conducted a computer search for a prisoner in TDCS by the name of James Brown and did not find one and therefore charged me with falsely alleging that James Brown sexually abused me at Ex: B-038_____. That too is not a legitimate reason for Ms. Haynes to charge me with falsely alleging sexual abuse.

TDCS Safe Prisons PREA Plan page 28 (#4) states: The departure of the alleged assailant or victim from employment of custody of the TDCS shall not be the basis for terminating an investigation.

TDCJ Safe Prisons PREA Plan page 31 (#8) states: A report of sexual abuse made in good faith based on a reasonable belief that the alleged conduct occurred, shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation. When the preponderance of evidence exists supporting a false allegation, the offender involved in the false allegation shall be disciplined in accordance with the TDCJ Disciplinary Rules and Procedures for Offenders.

TDCJ policy also required Ms. Haynes to review my previous OPI as part of her investigation/OPI and my only previous OPI clearly identified James Brown as the assailant in that OPI at Ex: B-002, 5          .

Furthermore' Nell Sylvia Gaither of Trans Pride Initiative accessed the TDCJ online " Offender Information Search" tool and searched the records for persons in TDCJ custody by the name of James Brown. The search returned "28" hits at Declaration of Nell Sylvia Gaither.

Ms. Haynes clearly retaliated against me for reporting my sexual abuse. She did not comply with TDCJ policy or the PREA.

On March 2, 2017: I was escorted to the Unit Safe Prisons PREA Manager officer Ms. Steel. She was quick to say that they weren't accusing me of lying. She said that they just couldn't find any prisoner in TDCJ's computer by the name of James Brown. I told Ms. Steel about everything that Ms. Haynes did to me and she got mad and blamed me for the misconduct of Ms. Haynes. Ms. Steel accused me of withholding information and documents from Ms. Haynes. Which was not true. Ms. Steel then gave me page 2 of the OPI and I wrote a new statement at Ex: B-040          . Ms. Steel admits in her OPI that all of James Brown's information was in my previous OPI of May 16, 2016. They had all the information that they needed in "my" records at Ex: B-040          (Cf.) at Ex: B-002, 5          .

Ms. Steel's OPI contains false and misleading information. She claims that I filed my OPI of May 16, 2016 against James Brown (10) days after he departed the Boyd Unit. A proper review of that OPI clearly shows that the OPI was initiated because Boyd officials received threats against me after James Brown departed the unit. Those threats were from Tango (gang) members - not James Brown at Ex: B-001-11            .

Ms. Steel's OPI also contains a statement from Mr. Boykin which also contains false and misleading information. Mr. Boykin claims that I was caught with K2 on 3-22-2016 and he was unable to test it and therefore charged me with possession of contraband (minor case) instead of possession of K2 (major case). The truth is I was caught with K2 on 2-23-2016 at Ex: A-001-2          , it was tested, but I didn't get a case at that time because I agreed to be an informant for Mr. Boykin and Mr. Hamilton. But later they reneged on the deal and filed a disciplinary and criminal case on me at Ex: A-001-2          . Mr. Boykin also claims that he provided all of his knowledge regarding me while I was assigned to Boyd. But he said "nothing" of the OPI that "he" conducted on me on May 16, 2016 and said "nothing" of the fact that he used me as an informant while I was at Boyd. If anyone withheld information from Ms. Haynes it was Mr. Boykin - not me. Verbally' I told Ms. Haynes "everything". And Mr. Boykin didn't withhold my previous OPI of May 16, 2016 from Ms. Haynes. He simply didn't go into it because Ms. Haynes already had that information in my records/TDCJ computer.

Ms. Steel knew that the case that Ms. Haynes filed on me was false and retaliatory but she did nothing to stop it. Instead' she told me that she too was going to file a case on me. I asked her why and she said: quote: "you wanted our attention and now you're gonna get it". Ms. Steel did not comply with TDCJ policy or the PREA.

Page 14

Ms. Steel then escorted me to Medical for an examination but again L.V.N. Mr. Martin told me that there was nothing he could do for me. Mr. Martin then falsified documents in which he claimed that Ms. Haynes didn't take me to Medical on February 8, 2017, and that there was no record of my sexual abuse taking place until February 8, 2017 at Ex: B-041 _____, (Cf.) at Ex: B-018-20 _____, Ms. Haynes did take me to Medical on February 8, 2017 as she was obligated to do so by TDCJ policy and the PREA at Ex: A-009 _____, Mr. Martin lied and falsified documents during this OPI. He did not comply with TDCJ policy or the PREA.

On March 6, 2017: Ms. Steel's OPI was "unsubstantiated". Warden Johnson told me that there was no evidence to prove or disprove my allegations. This is the same Warden who on February 10, 2017 falsely claimed to have evidence that proved that my sexual abuse did not occur at Ex: B-033 _____.

Ms. Steel then filed a false disciplinary report on me charging me with "engaging in consensual homosexual conduct by self admission on March 2, 2017 at Ex: B-042 _____.

Mr. Herrington then went to my cell door and read Ms. Steel's report aloud. Which informed the prisoners around me that I participated in a TDCJ-OIG official investigation. Again the prisoners laughed, sexually harassed and threatened me. This placed my life in danger at Ex: B-043, 48 _____.

On March 16, 2017: Ms. Steel lied to my Counsel Substitute by telling her that on March 2, 2017 I admitted to having consensual sex with James Brown and thats why she initiated an OPI at Ex: B-044 _____ (Cf.) at Ex: B-040 _____. I asked my Counsel Substitute to get my OPI statement of March 2, 2017 from Ms. Steel, but Ms. Steel gave her my statement of February 28, 2017 instead at Ex: B-035-36 ____. Ms. Steel retaliated against me for reporting my sexual abuse and other PREA violations. She did not comply with TDCJ policy or the PREA.

Page 15

Warden Johnson knew what Ms. Haynes and Ms. Steel were doing but did nothing to stop them. Instead' he participated in their actions. He too falsely claimed that I withheld information from them and admitted to having consensual sex with James Brown at Ex: B-046          .

Word quickly spread that I was sexually abused and snitched on my abuser. I was labeled a snitch and prisoners sexually harassed and threatened me. I tried to verbally complain to various ranking officers but they told me that I needed to stop complaining before I got myself hurt. I feared for my safety and life. I wanted to report Ms. Haynes and Ms. Steel for retaliating against me but they were threatening me and filing cases on me to label me a snitch and to induce prisoners to harass, threaten and harm me. The Wardens, ranking officers, Medical and Mental Health all knew what was going on but none of them would do anything to stop it because they said that I was making them look bad.

On March 19, 2017: I was told that I was going on Medical Chain to Estelle Unit Brace & Limbs on March 20, 2017. So I filled out a Step 2 Grievance at Ex: B-050-51          . At Step 2 I stated that I was dissatisfied with the response at Step 1 because TDCJ did not fully comply with the PREA as I requested to resolve my Step 1 at Ex: B-031          . Instead' Ms. Haynes and Ms. Steel responded to my Step 1 by retaliating against me. They did not comply with TDCJ policy or the PREA.

On March 20, 2017: I dropped my Step 2 in the Grievance Box on my way out to Medical Chain at Ex: B-050-51          .

On March 22, 2017: I was returned to Eastham.

On March 24, 2017: I went to see Mental Health Ms. Klock. I told her that Ms. Haynes and Ms. Steel were retaliating against me and that I was depressed about everything that was happening to me. But she refused to do anything to stop it at Ex: B-052          . She didn't comply with TDCJ policy or the PREA.

Page 16

On March 24, 2017: Eastham's Disciplinary Captain began a disciplinary hearing on the case that Ms. Haynes filed on me. At this time Ms. Haynes admitted that she didn't speak with me on February 28, 2017 as she alleged in her report at Ex: B-037_____. And she claimed that she wrote the report because there was no James Brown in the TDCJ computer. She said "nothing" about me withholding information from her. She then claimed that there was an emergency at her home and hung up the phone on us. The hearing was recessed. I tried to tell the Captain that the case was false and retaliatory but he said that his officer's word was gold and mine wasn't worth shit. He then told me to keep my mouth shut or he would slam me on my head. He did not comply with TDCJ policy or the PREA.

On March 27, 2017: I was reassigned to Estelle (M.S.) Unit. I was told that I was only there for therapy and that I would be returned to Eastham in a few weeks. I was also told that they knew all about my OPI(s).

On May 2, 2017: I was told that I was on commissary restriction but nobody would tell me why. So I filed a Step 1 at Ex: B-053-54____, but still TDCJ would not tell me why I was on restriction. But I felt that Ms. Haynes and Ms. Steel were behind it.

On May 15, 2017: I wrote to Nell S. Gaither of Trans Pride Initiative and asked her to help me block my return to Eastham due to the retaliation and threats that I was experiencing there.

On June 12, 2017: Tyler Freeland of Trans Pride Initiative filed a complaint with the TDCJ Ombudsman on my behalf in which it was requested that I not be returned to Eastham due to the retaliation and threats that I was experiencing there at Ex: B-055-56____.

On July 24, 2017: I discovered that I had been placed on commissary restriction due to the case that Ms. Steel filed on me. Eastham transferred the case to Estelle in April and Estelle's Disciplinary Captain Cook ran a hearing on it on April 18, 2017 without notifying me or giving me an opportunity to participate in it at Ex: B-048, 45 ___. Mr. Cook did not comply with TDCJ policy or the PREA. The law library sold me a copy of Ex: B-048 ___, but refused to sell me anything related to the case that Ms. Haynes filed on me.

On August 10, 2017: State Classification Committee (TDCJ-SCC) Bonnie Fiveash told me that she was labeling me "sexually assaultive" and leaving me in Ad. Seg for a long time for reporting my sexually abusive experiences at Boyd at Ex: B-057-58 .

On August 16, 2017: I wrote to Trans Pride Initiative and told them about everything that was going on (to include the fact that the law library was interfering with my legal research).

On September 2, 2017: Nell S. Gaither of Trans Pride Initiative filed another complaint with the TDCJ Ombudsman on my behalf at Ex: B-059-66 .

On September 21, 2017: I received a letter from Safe Prisons PREA Program Manager Ms. Steinbecker informing me that TDCJ-OIG "unsubstantiated" my allegations of sexual abuse at Ex: B-067 .

On October 23, 2017: I received a letter from the TDCJ Ombudsman Ms. Hosea in response to the letter of Nell S. Gaither at Ex: B-068-69 ___. Ms. Hosea told me that all of my allegations had been previously reported and investigated and they would take no further action.

On May 17, 2018: Assistant Region Director Mr. Gross finally informed me that the case that Ms. Haynes filed on me was dismissed and they would take no further action at Ex: B-070-73 .

## Conclusion

Congress enacted the Prison Rape Elimination Act Prisons And Jail Standards to protect prisoners from the type of actions and inactions that I have described herein. In response to the PREA' TDCJ established the Safe Prisons PREA Program to prevent, detect and respond to sexual abuse, sexual harassment, extortion and other acts of violence perpetrated against an offender / prisoner. However' TDCJ is not fully complying with its policy or the PREA. My constitutional and PREA rights have been violated.

## Declaration

I declare under penalty of perjury that the foregoing is true and correct. The attached copies are true and correct copies. Executed at 264 FM 3478 Rd. Huntsville Tx 77320 on April 30, 2019.

Juan Javier Ornelas

Juan Javier Ornelas

## Certificate Of Service

I hereby certify that a copy of this Memorandum has been served by regular mail upon the attorney for Defendant at: Ken Paxton Attorney General Of Texas P.O. Box 12548 Austin Tx. 78711-2548 on April 30, 2019.

Juan Javier Ornelas

Juan Javier Ornelas
TDCJ-CID # 01758617
Estelle (H.S.) Unit
264 FM 3478 Rd.
Huntsville Tx. 77320

Page 19

**CASE NO. 16-165CR**
INCIDENT NO./TRN: 924-271-0539

**FILED**

3:3 O'CLOCK M

MAR 09 2017

TERESA BLACK
DISTRICT CLERK
FREESTONE COUNTY, TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **77TH JUDICIAL DISTRICT COURT** |
| | § | |
| **V.** | § | **OF** |
| | § | |
| **JUAN J. ORNELAS** | § | **FREESTONE COUNTY, TEXAS** |
| | § | |
| STATE ID NO.: TX04787572 | § | |

**JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL**

| | | | |
|---|---|---|---|
| Judge Presiding: | **HON. Patrick H. Simmons** | Date Judgment Entered: | **March 9, 2017** |
| Attorney for State: | **Cindy Maria Garner, Special Prosecution Unit** | Attorney for Defendant: | **Andrew Gastler, State Counsel for Offenders** |

Offense for which Defendant Convicted:

**Prohibited Substance in a Correctional Facility (Synthetic Marijuana—XLR-11)**

| | |
|---|---|
| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | **38.11 Texas Penal Code** |

Date of Offense:

**February 25, 2016**

| | | |
|---|---|---|
| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
| **Third Degree Felony (Enhanced to Habitual Status)** | **GUILTY** | **N/A** |

Terms of Plea Bargain:  In exchange for Defendant's plea of guilty to the offense set forth above, Defendant will be sentenced to the Texas Department of Criminal Justice—Institutional Division for a term of four (4) years.  Defendant shall receive credit on such sentence from the date of Indictment to the date of Judgment.   The sentence shall run concurrently with Cause No. 16-166CR, State vs. Juan J. Ornelas, in the 77th Judicial District Court of Freestone County, Texas wherein the Defendant is convicted of the offense of Prohibited Substance in a Correctional Facility (Synthetic Marijuana—fluoro—ADB). The sentence shall run consecutively as provided below.

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **True** | Plea to 2nd Enhancement/Habitual Paragraph: | **WAIVED BY STATE** |
| Findings on 1st Enhancement Paragraph: | **True** | Findings on 2nd Enhancement/Habitual Paragraph: | **WAIVED BY STATE** |
| Date Sentence Imposed: | **See Date of Judgment** | Date Sentence to Commence: | **See Date of Judgment** |

| | |
|---|---|
| Punishment and Place of Confinement: | **Four (4) years Texas Department of Criminal Justice—Institutional Division** |

**This Sentence shall run CONSECUTIVELY TO THE SENTENCE ASSESSED IN CAUSE NO. A11372, STATE OF TEXAS VS. JUAN J. ORNELAS, IN THE 216TH JUDICIAL DISTRICT COURT OF KERR COUNTY, TEXAS WHEREIN THE DEFENDANT WAS CONVICTED OF THE OFFENSE OF DEADLY CONDUCT.**

☐ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .**

| | | | |
|---|---|---|---|
| Fine: | Court Costs: | Attorney's Fees: | Restitution Payable to: |
| **$ N/A** | $_____ | $ **0.0** | ☐ **VICTIM** (see below)  ☐ **AGENCY/AGENT** (see below) |

Sex Offender Registration Requirements do not apply to the Defendant.  TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| | |
|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| Time Credited: | From **11/30/2016** to **Date of Judgment**   From     to     From     to |
| | From     to     From     to     From     to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: N/A |

All  pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Freestone County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

**XX** Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

RECORDED Vol. **93** Crim Min Page **477**

EX. A-001

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options** **(select one)**

**XX  Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Office of the District Clerk of Freestone County, Texas. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of _____ County, Texas for the period indicated above. Defendant shall be confined in the _____ County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the . Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the _____ County **District Clerk.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence** **(select one)**

XX  The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:** None

Signed and entered on March 9, 2017.

X _____

**PATRICK H. SIMMONS,**
**JUDGE PRESIDING**

Clerk:   Office of the District Clerk
         Freestone County, Texas

STATE OF TEXAS
COUNTY OF FREESTONE
I, Teresa Black, District Clerk of Freestone County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, filed on: 3-9-17
as appears of record in my office, this 25th day of April 20 17
*Teresa Black*, DISTRICT CLERK
FREESTONE COUNTY, TEXAS
Kristi Rose

Right Thumbprint



478

CASE: 20150209164 TDCJNO:01750617 NAME: ORNELAS, JUAN JAVIER          EA: 10.3
UNIT:BY    HSNG: B2        13 T.      JOB: FIELD SQ 02                  IQ: 096
CLSS: L3   CUST: G4  PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS:    NONE
GRDE: MA / KB    OFF.DATE: 02/23/16  11:00 AM  LOCATION: BY MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT BY B217, OFFENDER: ORNELAS, JUAN
JAVIER, TDCJ-ID NO. 01750617, DID POSSESS CONTRABAND, NAMELY, 18 LATEX GLOVE
FINGER TIPS THAT CONTAINED A GREEN LEAFY SUBSTANCE.

CHARGING OFFICER, BOYKIN, B. SGT.              SHIFT/CARD: 1 H
                                OFFENDER NOTIFICATION IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 830  /05-17-16 BY: (PRINT) Martinez C52
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES /NO. IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:_____ DATE: 05-17-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:_____       DATE:_____

## HEARING INFORMATION

HEARING DATE:_____ TIME:_____ UNIT____FOLDER____ FILE____ DSFILE____
COUNSEL SUBSTITUTE AT HEARING: _____FOLDER____ FILE____DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)_____

_____

OFFENDER STATEMENT:_____

OFFENSE CODES:                    15.0
OFFENDER PLEA: (G, NG, NONE) |_____|_____|_____|_____|
FINDINGS:  (G, NG, DS)       |_____|_____|_____|_____|
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL:_____

_____

## PUNISHMENT

LOSS OF PRIV(DAYS)_____   REPRIMAND_____ ___  SOLITARY(DAYS).........____
 *RECREATION(DAYS)_____   EXTRA DUTY(HOURS)......____  REMAIN LINE 3........____
 *COMMISSARY(DAYS)_____   CONT.VISIT SUSP.THRU_/_/_    REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS)..._____   CELL RESTR(DAYS)........____ GOOD TIME LOST(DAYS)._____
 *  OTS(DAYS)...._____    SPECIAL CELL RESTR(DAYS)._    DAMAGES/FORFEIT.$_____ ___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:_____

_____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)_____ NO / NA
DATE PLACED IN PRE-HEARING DETENTION:_____  HEARING LENGTH_____(MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:_____

HEARING OFFICER (PRINT)  WARDEN          REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

Ex. A-002

reporting information about prior sexual victimization that did not occur in an institutional setting, unless the offender is under the age of 18.

IV.     Reporting Allegations

An OPI may be requested by anyone who has information that an offender may be in need of protection. This information can come from the offender in need of protection, other offenders, the offender's family, TDCJ staff, or others. An OPI shall be conducted in accordance with the procedures outlined in the SPPOM.

A.     Offender Reporting of Allegations

1.     Offenders shall be provided multiple internal methods to privately report sexual abuse, sexual harassment, and other acts of aggression including, but not limited to, extortion and violence.

a.     Offenders may report retaliation by other offenders or staff for reporting sexual abuse and sexual harassment, and staff neglect or violation of responsibilities that may have contributed to the incidents.

b.     Offenders may report allegations directly to the major, the Office of Inspector General (OIG), or the PREA ombudsman. Reports to the PREA ombudsman may be made confidentially and in accordance with ED-02.10, "Prison Rape Elimination Act Complaints and Inquiries."

2.     Appropriate steps shall be taken to ensure offenders with disabilities, including offenders who are deaf or hard of hearing, those who are blind or have low vision, or those who have intellectual, psychiatric, or speech disabilities, have an equal opportunity to participate in or benefit from all aspects of TDCJ efforts to prevent, detect, and respond to sexual abuse and sexual harassment. Staff shall provide access to qualified interpreters, when necessary, to ensure effective communication with offenders who are deaf or hard of hearing. Written materials shall be provided in accordance with TDCJ policies and procedures, to ensure effective communication with offenders with disabilities, limited reading skills, or who are blind or have low vision.

3.     Offenders with limited English proficiency shall be provided meaningful access to information regarding TDCJ efforts to prevent, detect, and respond to sexual abuse and sexual harassment, including steps to provide interpreters who can interpret effectively, accurately, and impartially, both receptively and expressively, using any necessary specialized vocabulary.



ESTELLE UNIT LAW LIBRARY

Ex. A-003

a. When seeking interpreters, staff shall not rely on offender interpreters, offender readers, or other types of offender assistants except in limited circumstances where an extended delay in obtaining an effective interpreter could compromise the offender's safety, the performance of first-response duties described within this plan, or the investigation of the offender's allegations.

b. Staff shall follow appropriate TDCJ policies and procedures for obtaining a qualified interpreter.

4. Staff shall accept reports made verbally, in writing, anonymously, and from third parties, and shall promptly document any verbal reports.

5. Third parties, including fellow offenders, staff members, family members, attorneys, and advocates, shall be permitted to assist offenders in filing requests for administrative remedies relating to an allegation of sexual abuse, and shall also be permitted to file these requests on behalf of offenders.



a. If a third party files a request on behalf of an offender, the unit may require, as a condition of processing the request, the alleged victim to agree to have the request filed on his or her behalf, and may also require the alleged victim to personally pursue any subsequent steps in the administrative remedy process in accordance with the TDCJ *Offender Grievance Operations Manual*.

b. If the offender declines to have the request processed on his or her behalf, the decision shall be documented in accordance with the TDCJ *Offender Grievance Operations Manual*.

6. A time limit shall not be imposed on when an offender may submit a grievance regarding an allegation of sexual abuse.

a. Time limits to any portion of a grievance that does not allege an incident of sexual abuse shall be managed in accordance with the TDCJ *Offender Grievance Operations Manual*.

b. Offenders shall not be required to use any informal grievance process, or to otherwise attempt to resolve with staff, an alleged incident of sexual abuse.

Ex: A-004

7.  In accordance with the TDCJ *Offender Grievance Operations Manual*:

    a.  An offender who alleges sexual abuse may submit a grievance without submitting it to a staff member who is the subject of the complaint; and

    b.  A grievance of this nature shall not be referred to a staff member who is the subject of the complaint.

8.  A final decision shall be made on the merits of any portion of a grievance alleging sexual abuse within 90 days of the initial filing of the grievance.

    a.  Computation of the 90-day time period shall not include time used by offenders for preparing an administrative appeal.

    b.  If the 90-day time period is insufficient to make an appropriate decision, an extension of up to 70 days may be granted. The offender shall be notified in writing of the extension and a date by which the decision will be made.

9.  An emergency grievance alleging substantial risk of imminent sexual abuse shall be filed and managed in accordance with the TDCJ *Offender Grievance Operations Manual*.

10. When an emergency grievance is received, any portion that alleges the substantial risk of imminent sexual abuse shall be forwarded to a level of review for immediate corrective action. An initial response shall be provided within 48 hours of receipt, and a final decision rendered within five calendar days. The initial response and final decision shall document whether the offender is in substantial risk of imminent sexual abuse and the action taken. Information related to this item may be found in the TDCJ *Offender Grievance Operations Manual*.

11. An offender may be disciplined for filing a grievance related to alleged sexual abuse only when the investigation determines the offender filed the grievance in bad faith.

12. At any level of the grievance process, including the final level, if the offender does not receive a response within the allotted time, including any properly noticed extension, the offender may consider the absence of a response to be a denial at that level. A response shall be provided to the offender in accordance with the TDCJ *Offender Grievance Operations Manual*.

13. Staff shall not reveal any information related to a sexual abuse report to anyone other than designated supervisors or officials, and only to the


ESTELLE UNIT LAW LIBRARY

Ex. A-005

extent necessary to make informed treatment, investigative, security, and management decisions.

14. An offender may report allegations verbally or in writing to any staff member pursuant to all standards defined in Section IV of this plan.

B. Staff and Third-Party Reporting of Allegations

1. All staff members shall immediately report, according to TDCJ policy, any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred on a unit, whether or not it is a TDCJ facility; retaliation against offenders or staff who reported an incident; and any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation.



2. A method shall be provided for staff to privately report sexual abuse and sexual harassment of offenders. Staff shall accept reports made verbally; in writing, including by letter, Inmate Request to Official (I-60), sick call form, or a grievance submitted through the grievance process; anonymously; and from third parties. All verbal reports shall be promptly documented.

3. Family members or other individuals may report verbally or in writing to unit administration, the TDCJ Ombudsman office, OIG, or PREA ombudsman office any time they have knowledge of or suspect an offender has been sexually abused, sexually harassed, or requires protection.

4. Unless otherwise precluded by federal, state, or local law, and at the initiation of services, medical and mental health practitioners shall be required to report sexual abuse pursuant to Section IV.B.1 of this plan, and to inform offenders of the practitioner's duty to report, as well as the limitations of confidentiality.

5. Suspected or reported staff-on-offender sexual abuse, staff neglect, or violation of responsibilities shall be reported in accordance with the guidelines in PD-29, "Sexual Misconduct with Offenders."

C. Protection from Retaliation

1. Offenders and staff who report sexual abuse or sexual harassment or cooperate with sexual abuse or sexual harassment investigations shall be protected from retaliation by other offenders or staff. The USPPM shall monitor for incidents of retaliation in accordance with the SPPOM.

EX. A-006




2.      As appropriate, multiple protective measures may be taken, such as housing changes or transfers for offender victims or abusers, removal of alleged staff or offender abusers from contact with victims, and emotional support services for offender or staff who fear retaliation for reporting sexual abuse or sexual harassment or for cooperating with investigations.

3.      For at least 90 days following a report of sexual abuse, the USPPM shall monitor and document the conduct and treatment of offenders or staff who reported the sexual abuse, and of offenders who were reported to have been victims of sexual abuse, for changes that may indicate possible retaliation by offenders or staff, and shall act promptly to address any retaliation.

4.      Monitoring shall include a review of offender disciplinary reports and housing or program changes; and negative performance reviews and reassignments of staff.  The monitoring shall continue beyond 90 days if circumstances dictate the need.

5.      The monitoring shall also include periodic status checks of offenders.

6.      The USPPM on the facility where the incident was originally reported shall coordinate continued monitoring with the receiving USPPM in the event the offender is transferred.

7.      If any other individual who cooperates with an investigation expresses a fear of retaliation, the TDCJ shall take appropriate measures to protect that individual against retaliation.

8.      If the TDCJ investigation determines the allegation to be unfounded, the monitoring shall be discontinued.

D.      Reporting to Other Confinement Facilities

1.      After receiving an allegation that an offender was sexually abused while confined at another facility, such as a county jail or out of state facility, the individual taking the initial report shall immediately notify the USPPM. The USPPM shall provide the SPPMO with the details of the alleged incident so the SPPMO may initiate notification to the appropriate office of the outside agency where the alleged abuse occurred.

a.      The SPPMO shall provide the notification to the appropriate agency as soon as possible, but no later than 72 hours after receiving the allegation.

b.      The SPPMO shall document the notification.

Ex. A-007


2.  Any TDCJ warden or departmental office receiving notification from an outside agency that an offender in the outside agency's custody alleged sexual abuse while assigned to TDCJ custody shall ensure the allegation is forwarded to the PREA ombudsman in accordance with ED-02.10, "Prison Rape Elimination Act Complaints and Inquiries," for possible investigation.

V.  **Investigations**

A.  General Considerations

1.  All allegations of sexual abuse shall follow a uniform evidence protocol that maximizes the potential for obtaining usable physical evidence for administrative proceedings and criminal prosecutions.

2.  The protocol shall be developmentally appropriate for youth, where applicable, and, as appropriate, shall be adapted from or otherwise based on the most recent edition of the U.S. Department of Justice Office on Violence against Women publication, *"A National Protocol for Sexual Assault Medical Forensic Examinations, Adults/Adolescents,"* or similarly comprehensive and authoritative protocols developed after 2011.

3.  Investigations of sexual abuse and sexual harassment shall be conducted promptly, thoroughly, and objectively for all allegations, including third-party and anonymous reports.

4.  Investigations involving allegations of sexual abuse shall be conducted by investigators who have received special training in sexual abuse investigations pursuant to this plan.

B.  Response to Reports of Sexual Abuse

1.  After learning of an allegation that an offender was sexually abused, the first correctional officers responding to the report shall:

a.  Notify a security supervisor;

b.  Separate the alleged victim and assailant;

c.  Preserve and protect the crime scene, if applicable, until appropriate steps can be taken to collect any evidence;

d.  Monitor the alleged victim and assailant to ensure physical evidence is not destroyed, including washing, brushing teeth, changing clothes, urinating, defecating, or eating, if the abuse

ESTELLE UNIT LAW LIBRARY

EX: A-008

occurred within a time period that still allows for the collection of physical evidence.



  e. Refer the alleged victim and assailant to medical and mental health services for examination and evaluation. If medical and mental health staff are not available at the time the allegation is made, staff first responders shall take preliminary steps to protect the victim and shall notify on-call medical or mental health staff. The nature and scope of treatment shall be determined by medical and mental health practitioners in accordance with CMHC policies and Section II.G of this plan.

  f. As appropriate, the services of a victim advocate or an OVR shall be made available in accordance with this plan.

  g. Additional information regarding coordinated response procedures may be found in the SPPOM.

 2. If the first staff responder is not a correctional officer, the responder shall monitor the alleged victim to ensure physical evidence is not destroyed, and shall immediately notify a correctional officer.

 3. Any use of protective custody to protect an offender who is an alleged sexual assault victim shall be subject to the requirements of Section III.C.3-7 of this plan.

 4. An administrative and criminal investigation, as appropriate, shall be completed for all allegations of sexual abuse and sexual harassment.

C. Offender Notification by Type of Investigation

 1. Allegations of sexual abuse and sexual harassment shall be referred to the OIG for investigation. These referrals shall be documented on the appropriate investigative forms contained within AD-02.15, "Operations of the Emergency Action Center and Reporting Procedures for Serious or Unusual Incidents," for staff-on-offender allegations and the SPPOM for offender-on-offender allegations.

 2. Sexual abuse response and notification procedures contained within this plan and the SPPOM shall be followed to coordinate actions taken in response to an incident of sexual abuse.

 3. Offenders shall be notified of relevant information regarding criminal investigations, in accordance with the SPPOM.

Ex: A-009


4.   If an offender is determined to have been a victim of staff-on-offender sexual abuse, the warden shall inform the offender when:

    a.   The staff member is no longer assigned to the offender's unit; or

    b.   The staff member is no longer employed by the TDCJ.

5.   If an offender is determined to have been a victim of staff-on-offender sexual abuse and the abuse is determined criminal, the SPPMO shall inform the offender when:

    a.   The staff member has been indicted on a charge related to sexual abuse within the unit; or

    b.   The staff member has been convicted on a charge related to sexual abuse within the unit.

6.   If an offender alleges to have been a victim of offender-on-offender sexual abuse, the SPPMO will subsequently inform the alleged victim when:

    a.   The alleged assailant has been indicted on a charge related to sexual abuse within the unit; or

    b.   The alleged assailant has been convicted on a charge related to sexual abuse within the unit.

7.   The TDCJ SPPM shall ensure the relevant criminal information is received from the OIG in order to inform the offender.

8.   All offender notifications or attempted notifications described in items 4-6 of this section shall be documented.

9.   The requirement to provide offender notification shall terminate if the offender is released from the custody of the TDCJ.

D.   Investigators and Investigation Criteria

1.   Sexual abuse and sexual harassment investigations alleged against staff shall only be conducted by a staff member with the rank of captain or above. Unit administrators shall ensure the investigating staff member is at least one rank above the accused staff member. If the OIG conducts administrative investigations against staff, the investigation shall be performed in accordance with OIG policies and procedures.


ESTELLE UNIT LAW LIBRARY

EX:A-010

| VIDEO | AUDIO |
|---|---|
| Cam follows as they walk past & away. | from other violent offenders or gangs.  Sometimes this threat of violence can be real, but sometimes, it is created by predators just so they can manipulate you.  The protection they offer comes with a price, and the predator will be looking for payment eventually. |
| **10**<br><br>1. Cut to MS OPE screen left<br><br>2. Dis in CG screen right: **Avoid talking about sex and nudity!**<br><br><br>3. Take out CG<br><br>4. Dis in CG screen right: **Don't accept commissary items or gifts!**<br><br>5. Take out CG<br><br>6. Dis in CG screen right: **Don't use contraband substances!**<br><br><br>7. Take out CG<br><br>8. Dis in CG screen right: **Avoid secluded areas!**<br><br><br><br>9. Take out CG<br><br>10. Dis in CG screen right: **Trust your instincts!** | OFFENDER PEER EDUCATOR:<br><br>Avoid talking about sex and nudity. These things may be considered a come-on and make another offender think you're interested in a relationship.<br><br>Don't accept commissary items or gifts. This puts you in their debt, and you will be expected to repay.<br><br>Don't use contraband substances such as drugs or alcohol; these can weaken your ability to stay alert and make good judgments.<br><br>Avoid secluded areas such as behind furniture or in corners. Try to stay in well lit, public areas of the facility.  Position yourself so you can be easily seen by unit staff.<br><br>Trust your instincts.  If you sense a situation may be dangerous, it probably is. If you fear for your safety, report your concerns to staff. |

Ex. A-011

10.

| VIDEO | AUDIO |
|---|---|
| 11. Cut to MCU OPE | Finally, choose the company you keep wisely. |
| 12. Dis to classroom, church service, etc. | Look for people who are involved in positive activities like educational programs, religious services or other structured unit activities. Get involved with these activities yourself and develop relationships with others who are trying to make positive changes in their life. |
| 13. Fade to black | |
| **11** | CHARMA BLOUNT - SEXUAL ABUSE NURSE PRACTITIONER (SANE): |
| 1. Fade up to Charma Blount: CG **Charma Blount, Sexual Abuse Nurse Examiner (SANE)** | If you're the victim of sexual abuse, harassment or assault, you may find it difficult to report your victimization for fear of retaliation, |
| 2. Dis to WS offender in cell, seated on floor, back against wall, head in hands | but it is TDCJ policy to act in your best interest and protect you from any additional harm. |
| 3. Offender looks up, cam pans across to bed & continues slow pan around cell | It's also important to remember that evidence can only be gathered during the first 96 hours after the incident, so it's critical that you notify agency staff as soon as possible and do your best not to disturb the evidence. |
| | Don't wash your clothes or your bedding. |
| | Don't move anything in your cell or from the location of the assault. |
| 4. Dis to running shower head | Don't take a shower, wipe your body clean, or wash your hands. |
| 5. Cut to CU hand holding toothbrush near faucet | Don't brush your teeth, rinse your mouth, use the |

**09/05/13**

Ex: A-012

13.

| VIDEO | AUDIO |
|---|---|
| 4. Dis in BLOUNT over Shot 2 action | Try to make mental notes about the time, location and specific details of the event. Conversations and activities leading up to the assault may be critically important to the investigation. |
| 5. Dis to offender & CO walking into infirmary | You will be escorted to the unit infirmary to receive a medical exam and treatment for any injuries or to prepare you for transfer to an outside medical facility. |
| 6. Dis to MS nurse examining offender | During the medical exam, you will be checked for injuries in the areas you were abused.  Remember, not all injuries can be seen on the outside of your body. |
| 7. Nurse w/camera enters & takes pictures | Photographs will be taken of any injuries you received. |
| 8. Cut to investigator enters room | An investigator with the Office of the Inspector General's office |
| 9. Cut to nurse looking at investigator | will be informed of the situation and |
| 10. Cut to investigator nodding | will determine |
| 11. Cut to nurse opening cabinet & pulling out kit - show kit | if a Sexual Assault Evidence Collection Kit should be utilized. |
| 12. Dis to MS BLOUNT | You will also have the option to speak with a mental health professional and a representative trained to counsel victims of sexual assault. Depending on the nature of the situation, you may be placed in another housing location on the unit while the investigation is being completed. |
| **14** | |

Ex: A-013

14.

| VIDEO | AUDIO |
|---|---|
| | CARY BURNETT: |
| 1. Cut to **Cary Burnett, Peer Education Coordinator** | Depending on the nature and severity of the circumstances surrounding the investigation, there could be a number of people involved with your case. |
| 2. Push in CG: **State Classification Committee; TDCJ Classification and Records Department; CID Regional Director's Office; Agency Safe Prisons PREA Compliance Management Office** | Others who may assist in the investigation include members of the State Classification Committee, the TDCJ Classification and Records Department, members of the CID Regional Director's Office, the Agency Safe Prisons PREA Compliance Management Office or other agency staff. |
| 3. Push in photo of unit classification committee | Once the investigation is complete, you will appear before a Unit Classification Committee, which may include a warden, a major, a representative from Classification or a ranking security supervisor. |
| 4. Push in photo of courtroom | Depending on the outcome of the OIG investigation, and if criminal charges are pressed, you may need to testify in court. |
| **15** | BURNETT: |
| 1. Push in CG title: **Offender Protection Investigation (OPI) outcomes** | The results of an Offender Protection Investigation, or OPI, may have three different outcomes: |
| 2. Cut in CG: **Substantiated - enough evidence to determine the events occurred** | A substantiated OPI means that there was enough evidence to determine that the events occurred; |
| 3. Cut in CG: **Unsubstantiated - not sufficient evidence to prove** | An unsubstantiated OPI means there was not sufficient evidence to prove the alleged events either |

Ex:A-014

15.

| VIDEO | AUDIO |
|---|---|
| | did or did not occur; |
| 4. Cut in CG: **Unfounded – alleged events did not happen** | And an **unfounded** OPI means the evidence presented proves that the alleged events did not occur. |
| 5. Cut to MS BURNETT | Once an OPI investigation is complete, there are a number of different actions the unit or State Classification Committee might take. Their recommendation depends on the outcome of the investigation and is intended to work in the best interest of the victim and TDCJ. |
| 6. Cut to CU BURNETT | You will be notified of the outcome of the OPI investigation during the Unit Classification Committee hearing. |
| | If you are unable to attend, you will receive a written notice of the outcome. Furthermore, if the Office of Inspector General pursues criminal charges against your assailant, you will be notified of that outcome as well. |
| 7. Host slides to screen left, CG screen right: **housing change; job change; unit transfer; safekeeping; protective custody; no action taken**<br><br>Fade out | Recommendations might include a housing change, job change, unit transfer, safekeeping or protective custody, or they may recommend no action at all. |
| **16**<br><br><br>1. Fade up to MCU SHARP | <u>LYNNE SHARP:</u><br><br>Those who sexually abuse others while in the custody of TDCJ will be disciplined and prosecuted |

09/05/13

Ex: A-015

| VIDEO | AUDIO |
|---|---|
| | to the full extent of the law. If you are an inmate assailant, you will be monitored by the Safe Prisons/PREA Compliance Management Office and security staff, and you will be referred to Mental Health for a risk assessment, treatment and special management needs. If you feel you need help to stop sexually abusive behaviors, psychological services and programs are available. |
| **17**<br><br>1. Cut to MS SHARP screen left, CG screen right: **TDCJ has a ZERO-TOLERANCE policy!**<br><br><br>2. Change CG: **You have a legal right to be free from sexual abuse, sexual harassment, and retaliation for reporting such abuse or harassment.**<br><br>3. Cut to MCU SHARP<br><br><br><br><br><br><br><br><br><br>4. Dis to peer counseling session shots | LYNNE SHARP:<br><br>You should always remember that the Texas Department of Criminal Justice has a zero-tolerance policy regarding sexual abuse and sexual harassment, and<br><br>you have a legal right to be free from sexual abuse, sexual harassment and retaliation for reporting such abuse or harassment.<br><br>Accusations of sexual abuse are very serious in nature, and each allegation is treated as being unique, and with the highest level of professionalism.<br><br>Because substantiated allegations result in a severe, negative impact on the predator, false allegations will be taken just as seriously, and when discovered, will result in disciplinary action.<br><br>If you are interested in learning more about sexual abuse in the prison environment, most TDCJ units |

09/05/13

Ex: A-016

## CORRECTIONAL MANAGED CARE
## OUTPATIENT MENTAL HEALTH SERVICES

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617    **Date:** 04/07/2016 09:27**Facility:**  BOYD (BY)

He did gain weight in 2015 because he stated he was a cook and ate a lot of the food; however, his weight has been a steady size for over a year.  His depression claim is related to the fact that he is bisexual and is contemplating telling his mother.  He also is a graduate inmate and he finds that it is an effort to keep from his old ways when other inmates "tease me about being homosexual".  Offender's stated that his greatest fear was letting his mother down for his homosexual acts, but states that he wants to tell her.  MHC invited offender to think about how he would tell his mother over the weekend and come back on Tuesday and process his thoughts.  He denied having any suicidal ideations or hallucinations.  Continue see as scheduled.


O:  Mental Status Exam (may use decision tree)

Level of Consciousness:  Alert
Oriented X 4
Appearance:  Neat and clean, Normal TDCJ attire
Behavior:  Calm and cooperative
Motor Functioning:  No psychomotor agitation
Speech:  Normal rate and volume
Mood:  Euthymic
Affect:  Appropriate to mood
Thought process:  Logical and goal directed
Thought content:  No delusions/hallucinations; appropriate to conversation
Judgment:  Good
Insight:  Good
Memory:  Appears in tact
SI/HI:  Both denied

A:  Diagnostic Impression:  MHNCMHN

P:

____  No further intervention indicated at this time.  Access to care procedure explained to Offender.
____  Refer offender to                        or consultation with other treatment staff.
____  Transfer offender to:
     ____  Crisis management/inpatient care, DDP, PAMIO or other mental health facility or program
     ____  Outpatient mental health observation
____  Schedule for MHE
_x_  Continue to be seen as scheduled
____  Reschedule x

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 4/7/2016 09:35AM | MH OP SICK CALL/REFERRAL TRIAGE (F) | no current mental health needs | | |

Electronically Signed by SHELTON, VERONICA MA, MHC on 04/07/2016.
##And No Others##

Ex: A-017

**CORRECTIONAL MANAGED CARE
OUTPATIENT MENTAL HEALTH SERVICES**

MENTAL HEALTH STATUS CHECK/CASEMANAGEMENT

Patient Name: ORNELAS, JUAN J          TDCJ#:1758617          Date:  04/15/2016 10:05
Facility:  BOYD (BY)
Age:33  Race: H  Sex:  male
Patient Language:  ENGLISH    Name of interpreter, if required:
Most recent vitals from 4/7/2016: BP: 120 / 61 (Sitting) ; Wt: 203 Lbs.; Height: 70.5 In.; Pulse: 76 (Sitting) ; Resp: 16 / min; Temp: 97.2 (Oral)  BMI: 29

Allergies:  NO KNOWN ALLERGIES
Current Medications:

| | | |
|---|---|---|
| **IBUPROFEN 600MG TABLET**<br>1 TABS ORAL TWICE DAILY for 30<br>Days KOP<br>TAKE WITH FOOD | ORDERING FACILITY: BOYD (BY)<br>ORDERING PROVIDER: WILLIAMS, CARL R | LAST DATE GIVEN KOP: 03/29/2016 08:28:02AM<br>REFILLS: 0 / 2<br><br>EXPIRATION DATE: 6/22/2016 12:10:00PM |

Seen this date at (time):  0810

S:       Offender seen to check mental status. Offender reported: that he is continuing to adjust.  Offender is a recent arrival at the unit of which he had completed the grad program.  Offender continues to make strides in leaving  his past hostile acts behind and maintain and calm attitude.  He also continues to struggle in his personal life and sexual preferences while keeping his mother in the "dark" about his preferences.  Offender was able to express fears and wants in a safe environment.  Offender also understands ATC should he find himself in conflicting situations that may cause him to go against making good decisions.  He denied having any SI/HI/AH/VH.  See as requested.


O:       Mental Status/Behavioral Observation (can use decision tree)

Level of Consciousness:  Alert
Oriented X 4
Appearance:  Neat and clean, Normal TDCJ attire
Behavior:  Calm and cooperative
Motor Functioning:  No psychomotor agitation
Speech:  Normal rate and volume
Mood:  Euthymic
Affect:  Appropriate to mood
Thought process:  Logical and goal directed
Thought content:  No delusions/hallucinations; appropriate to conversation
Judgment:  Good
Insight:  Good
Memory:  Appears in tact
SI/HI:  Both denied


A:       MHNCMHN

P:       _x___   Follow up: __as requested_____
         ____   Refer to: _____

Procedures Ordered:

1 of 2

EX: A-018

CASE: _____ INCIDENT: _____ NAME: GAMBLE, JUAN JAVIER                    FAC: GO_3
UNIT: BY    HOME: B1      OI 3        JOB: PRE-HEARING DETENTION                ID: _____
CLASS: L3    CUST: 0A    PRIMARY LANGUAGE: ENGLISH      FOOD RESTRICTIONS: NONE
RULE: NO / KN   OFF DATE: 04/24/16  05:45 PM  LOCATION: BY DAYROOM
TYPE: 16

                          OFFENSE DESCRIPTION
ON THE DATE AND TIME LISTED ABOVE, AND AT BY J-1 DINING DAYROOM, OFFENDER:
GAMBLE, JUAN JAVIER, TDCJ-ID NO. 01290617, DID ENGAGE IN A FIGHT WITHOUT A
WEAPON WITH OFFENDER BROWN, JAMES TDCJ NO 1991212, BY STRIKING OFFENDER BROWN
SEVERAL TIMES IN THE UPPER BODY WITH CLOSED FISTS. MOREOVER, THE FIGHT DID NOT
RESULT IN ANY INJURIES.

CHARGING OFFICER: ROITY, V COLT                          SHIFT/CORD: 2 4
                      OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER:
TIME/DATE NOTIFIED: _____ M _____ BY: (PRINT) _____
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE  DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____        DATE: _____
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____              DATE: _____
                          HEARING INFORMATION
HEARING DATE: _____ TIME: _____ M _____ FOLDER _____ FILE _____ DSFILE
COUNSEL SUBST/SITE OF HEARING: _____ FOLDER _____ FILE _____ DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE START, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
ONLY FRIST AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
*EXPLAINED: _____

OFFENDER STATEMENT: _____

WITNESS CODES: _____ *Y N
*OFFENDER PLEA: (G, NG, NONE) | ____ | ____ | ____ | ____ |
*FINDINGS: (G, NG, DS) | ____ | ____ | ____ | ____ |
REFUSED TO APPEAR/REFUSED TO SIGN? (_ REFUSED _ SIGNED)  BY:(INITIAL) _____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT (ADMISSION OF GUILT, C.OFFICER'S REPORT, C.WITNESS TESTIMONY, D.OTHER,
EXPLAIN IN DETAIL): _____

                          PUNISHMENT
LOSS OF PRIV(DAYS) _____ REPRIMAND _____              SOLITARY(DAYS) _____
  RECREATION(DAYS) _____ EXTRA DUTY(HOURS) _____      REMAIN LINE 3 _____
  COMMISSARY(DAYS) _____ CONT VISIT SUSP TIME __ / __      REDUC CLASS FROM ____ TO ____
PROPERTY(DAYS) _____ CELL REST(DAYS) _____            GOOD TIME LOST(DAYS) _____
_ DTS(DAYS) _____ INITIAL CELL REST(DAYS) _____       DAMAGES/FORFEIT L 4 _____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) _____ NO / NA
DATE PLACED IN PRE HEARING DETENTION: _____ HEARING LENGTH _____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL RECORD: _____

HEARING OFFICER (PRINT) _____ WARDEN _____        REVIEWER SIGNATURE _____
*FORM I-42MP/CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM
ORIG: 04-(OF) COMMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

(7)

Texas Department of Criminal Justice
INSTITUTIONAL DIVISION

## Inter - Office Communications

Date: 04-27-16

DISCIPLINARY HEARING OFFICER

From: Manther                CS 2   Subject: __WITNESS STATEMENT__

CASE# 20160253174

TIME: 1530__      RANK: CO III   SHIFT/CARD ASSGN: 2/7
OFFICER: Howard, J
INMATE/OFFENDER: _____      TDCJ# _____   HOUSING ASSIGN: _____

STATEMENT OF FACTS BY WITNESS:

Brown was talking with Kersten it was during a
search. I could tell Brown was upset he went
to B-wing and hit Ornelas in the face. I
grabbed my radio to call ICS. From there I did
not get to see everything that happened. Other
people got there. I had to open doors, answer
the phone and use the radio. I did get to
see them get sprayed. The offenders were
wrapped up around each other and would not
seperate. At one time they were on the floor.
But I do not know if Ornelas got to hit. I
was not able to see everything.
                    interviewed by phone: AMartin CS2

Entered per A request AM

FUTURE REPORTING
DID J-1 B-WING DAYROOM, OFFENDERY ORNELAS, JUAN, DOC NO. 1798617, DID ENGAGE IN A FIGHT WITHOUT A WEAPON WITH OFFENDER BROWN, JAMES, DOC NO. 1581212, BY STRIKING OFFENDER BROWN SEVERAL TIMES IN THE UPPER BODY WITH CLOSED FISTS. MOREOVER, THE FIGHT DID NOT RESULT IN ANY INJURIES.

CHARGING OFFICER: BAILY, C 0011                    SHIFT/CARD: 2 4

TIME/DATE NOTIFIED: 1130 04-26-16 OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER, BY: (PRINT) Wartinez CS5
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES/ NO  IF NO, HOW DO YOU PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X _____ DATE: 04-26-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X _____ DATE: 04-26-16

HEARING INFORMATION
HEARING DATE: 5-3-16 TIME: 11.02 UNIT BY FOLDER  D  FILE 002 DSFILE 247420
COUNSEL SUBSTITUTE AT HEARING: /Am FOLDER _____ FILE _____ DSFILE _____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _1) gothering witness statements

OFFENDER STATEMENT: confess when I was defending myself from an offender who was attacking me. I put him down but I
OFFENSE CODES: was oppo me.
OFFENDER PLEA: (G, NG) NON ) _____|_____|_____|_____
FINDINGS: (G, NG DS) _____|_____|_____|_____
REDUCED TO MINOR (PRIOR TO DOCKET) ___ (DOCKET) ___ (HEARING) ___ BY: (INITIAL) ___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER.
EXPLAIN IN DETAIL: Due to Offender's testimony and witness statement

PUNISHMENT
LOSS OF PRIV (DAYS) _____  REPRIMAND _____          SOLITARY (DAYS) _____
*RECREATION (DAYS) _____  EXTRA DUTY (HOURS) _____  REMAIN LINE 3 _____
*COMMISSARY (DAYS) _____  CONF. VISIT SUSP. THRU _/_  REDUC. CLASS FROM ___ TO
*PROPERTY (DAYS) _____  CELL RESTRCT (DAYS) _____  GOOD TIME LOST (DAYS) _____
*OTS (DAYS) _____  OFFICIAL CELL RESTR (DAYS) _____  DAMAGES/FORFEIT $ _____
SPECIFIC FACTUAL BASIS FOR PARTICULAR PUNISHMENT IMPOSED N/C

CREDIT FOR PRE-HEARING DETENTION TIME (IF ANY) N/C NO YES  4-24 HEARING DAY ENTITLE 7
____ PLACED IN PRE-HEARING DETENTION

Capt Howard _____ X _____

# OPI Reference offender Ornelas, Juan # 1758617 x-MM aka "Mad Man"/ Threat of Violence

Benny Boykin

Mon 5/16/2016 2:27 PM

Sent Items



To Cynthia Tilley █████████@tdcj.texas.gov>; Jody Hefner █████████@tdcj.texas.gov>; Kevin Benjamin █████████@tdcj.texas.gov>; Ian Harrison █████████@tdcj.texas.gov>;

Cc Rachel West █████████@tdcj.texas.gov>; Kevin Stipe █████████@tdcj.texas.gov>, Monika Howard █████████@tdcj.texas.gov>;

On 5-16-2016 anonymous information was received that offender Ornelas, Juan # 1758617 assigned to C-201 on J1 building was going to be assaulted due to the offender population believing he was informing to the administration. Offender Ornelas was interviewed and asked if he felt his life was in danger. He stated he did not know but a rumor was going around that he was a "snitch" ( informant) for the administration. Due to the offender's statement he was placed in transient status and an Offender Protection Investigation was initiated.

Placement: Transient status # 06 cell
Time and date: 5-16-2016 at 1430
Reason: Threat of Violence
Investigator: Sgt. Boykin

Benny Boykin Sergeant
Boyd USTGO

Ex: B-001

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISONS/PREA PROGRAM
**Offender Protection Investigation**

Emergency Action Center
Incident # I-07304-05-16

## Section I: Offender Information

Offender Name: Ornelas, Juan                    TDCJ#: 1758617          Unit: Boyd

AKA: Mad Man                Age: 33    Sex: M    HEIGHT: 5'8"    Weight: 202 lbs.    Race: H

Status at the time of the request: Custody: G4        Housing Location: C-201T        Work Assignment: Field Sqd #1

Was offender removed from GP during the investigation?  ☐ No  ☑ Yes   If Yes, identify location: #06

Gang status (verify with UCR-07):  ☐ Suspected  ☑ Confirmed  ☐ Monitored   Gang Affiliation: x-MM

Sexual Orientation/Gender Identity:  ☐ Lesbian  ☐ Gay  ☐ Bisexual  ☐ Transgendered  ☐ Intersex  ☑ N/A

Date/Time Staff Aware of Possible Protection Situation (start of investigation): Date: 5-16-2016    Time: 1430

## Section II: Current Protection Request Information

Mark the box that most accurately describes the allegation.  Check all that apply when multiple issues exist.

☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☑ Threat of Violence   ☐ Retaliation

Date and Time the Alleged Incident Occurred:  Date: 4-24-2016    Time: 1800

Incident General Location:  ☑ Housing Area  ☐ Recreation Yard  ☐ Dining Hall  ☐ Work Area  ☐ Other
Specific Area (explain): C wing on J1building

Did this incident occur at another unit: (if Yes, indicate unit name): No

Method of report (Check one): ☐ Written  ☐ Verbally  ☐ Staff  ☐ Third Party  ☑ Anonymous  ☐ Other (explain):
N/A

Name of person reporting the situation (if third party reporting): N//A

Was the Office of the Inspector General Notified (OIG)? ☐ Yes  ☑ No
Full Name of the OIG Investigator Contacted: Stephen Ham                    Date & Time: 5-17-2015 @ 1150am
Was the Offender taken to Medical? ☐ Yes  ☑ No   (If Yes indicate) Date: N/A          Time: N/A
Was the Emergency Action Center (EAC) Notified? ☑ Yes  ☐ No   (If yes, see text box on top of page to document Incident #)
Full Name of the EAC Staff Contacted: Amber Rash              Date: 5-17-2016    Time: 12:09 pm

## Section III: Other Offender Involvement

| Offender Name | TDCJ # | Race | Assailant or Witness (A or W) | Custody Status | Housing Assignment | Gang Code | AKA |
|---|---|---|---|---|---|---|---|
| 1. Brown, James | ■ | B | A | G4 | Released | ■ | N/A |
| 2. Medina, Raymond | ■ | H | W | G4 | C-114T | ■ | N/A |
| 3. Ochoa, Roger | ■ | H | W | G4 | C-204B | ■ | N/A |
| 4. Gutierrez, David | ■ | H | W | G4 | C-213T | ■ | Chuco |
| 5. Alvarez, Gabriel | ■ | H | W | G4 | C-201B | ■ | N/A |
| 6. | | | | | | | |

Safe Prisons/PREA Operations Manual (07/2014)          Attachment J          Page 1 of 6

Ex. B - 002

**Offender Name:** Ornelas, Juan          **TDCJ #:** 1758617

**Section IV: Offender Statement** *(For completion by offender; staff members shall assist with this section if offender has difficulty reading/writing. Utilize page 6, continuation page for additional pages)*

Alleged Incident or Complaint: RUMOR IS I AM SNITCHING

Where did the incident occur? BOYD UNIT MED/CUSTODY Date/ Time this occurred? 4-24-2016

Were any activities taking place when your situation occurred? ☒ Yes ☐ No *(if yes, list activities):* SHOW TIME - WE WERE IN THE DAY ROOM - I WAS ATTACKED...

What action do you think should be taken to solve your problem *(i.e., Job/Housing Change, Unit Transfer, Safekeeping, Protective Custody, etc.):* UNIT TRANSFER / SAFE KEEPING

Offender Statement: I DONT WANT TO LEAVE THIS UNIT BECAUSE I FEEL SAFE HERE - OTHER UNITS ARENT SO SAFE FOR ME. IM O.R.A.D. IM HERE ON A GANG RELATED CRIME AND IM BISEXUAL... SO YOU CAN SEE WHY I WOULD HAVE PROBLEMS ON A LOT OF UNITS... I DONT WANT TO GET HURT OR HURT ANY ONE ELSE. IM NO 'SAINT' - BUT I AM WANTING TO CHANGE MY LIFE. ITS JUST HARD. BUT I DONT WANT TO HURT ANYONE OR GET HURT. IF I CAN GO TO PLACE THATS SAFE I THINK THAT WOULD BE BEST. IT WOULD BE A FRESH START AWAY FROM HERE WHERE IM INVOLVED WITH K2 AND STUFF. I WANT TO STOP ALL THAT. IM JUST WORRIED ABOUT BEING PUT ON A UNIT WITH ACTIVE GANG MEMBERS (MEXICAN MAFIA)... IM 64 AND I KNOW 64 AND 65 HAVE A LOT OF GANG MEMBERS. SORRY ABOUT ALL THIS. I KNOW I DONE THIS TO MYSELF...

**Section V: Allegations of Sexual Abuse** *(complete this section only following a sexual abuse allegation)*
What type of coercion or physical force did the assailant use prior to or during the incident? *(Check all that apply)*

☐ Persuasion or talked into sexual activity out of fear
☐ Bribed or blackmailed.
☐ Was given drugs or alcohol
☐ Was offered protection from other offenders

☐ Threatened with harm
☐ Physically held down or restrained in some way
☐ Physically harmed or injured
☐ Threatened with a weapon

☐ Other *(describe)*

**Section VI: Offender Certification of Allegations**

I have written/read the foregoing statement and it contains all of my complaint(s), all names of witnesses, and all names of individuals to whom I reported the alleged incident. I have stated my preferred remedy for this complaint and a summary of the alleged complaint without coercion or intimidation on the part of TDCJ or any other individual(s).

| | | |
|---|---|---|
| JUAN L. ORNELAS | *signature* | 5-16-2016 |
| Offender Printed Name/TDCJ# 01758617 | Offender Signature | Date |
| Frances Franklin SGT. | *signature* | 5-16-2016 |
| Staff Witness Printed Name/Title | Staff Witness Signature | Date |
| Mecheryl Gibbs CO50 | M. O.ks | 5-16-2016 |
| Staff Witness and/or Interpreter Printed Name/Title | Staff Witness Signature | Date |

Safe Prisons/PREA Operations Manual (07/2014)          Attachment J          Page 2 of 6

Ex. B - 003

Offender Name: Ornelas, Juan                                    TDCJ #: 1758617

## Section VII: Previous Protection Request Facts

Have there been similar incidents or prior protection requests?  ☐ Yes  ☑ No

If yes, document date of incident/Offender Protection Investigation and unit of assignment on which the incident occurred:

N/A

Check the box describing the final outcome/action taken of the most recent Offender Protection Investigation.

☐ Housing Change  ☐ Job Change  ☐ Unit Transfer  ☐ Safekeeping  ☐ Protective Custody  ☐ No Action Taken

☑ Not Applicable (no prior requests)  ☐ Other (describe)

N/A

Has the offender had previous assignments in safekeeping or protective custody?  ☐ Yes  ☑ No  ☐ Currently Assigned

## Section VIII: Resources/Information Used to Investigate Allegations (Check all that apply and attach copies of only those documents used as evidence. It is unnecessary to copy the UCC History Form, Admission Summary, OPI's and Disciplinary Reports as they are a permanent part of the offender's record.)

☐ UCC History Form        UCC committee Date: _____  UCC Unit: _____

☐ Admission Summary and Additional Information

☑ Disciplinary Report:  Offense Date and Disciplinary Report Number: 20160253174,20160209164,20160245085

☐ Previous Offender Protection Investigation: OPI date: N/A _____  OPI Unit: N/A

☑ Computer Screens: (List and attach screens used)
05. Classification profile

☐ Photo Line-up: Number of Offenders Reviewed: _____  (Attach photocopy of line up with TDCJ# below each photo)

☑ Offender Witness Statements (Attachment K)  Number of statements included: 4

☐ Staff Witnesses Statements (Attachment K)  Number of statements included: _____

☐ Medical Reports or Clinic Notes (Attach copy of medical exam(s))

☐ Property Forms (list attached forms) _____

☐ Travel Card

☐ Housing Locators

☐ Job Rosters

☐ Grievance Reports

☐ Trust Fund/Commissary History

☐ Security Threat Group Staff Statements

☐ Unit Safe Prisons/PREA Manager Statement

☐ Outside agencies contacted (law enforcement/civilian agencies/county jails)

☐ Visitors Lists

☐ EAC Reports

☑ Other (list sources)

Email initiate OPI

Ex. B - 004

Offender Name: Ornelas, Juan                                    TDCJ #: 1758617

## Section IX:   Additional Information

Has the property of offenders identified as assailants been searched? ☐ Yes ☑ No   If yes, identify by name and TDCJ#
N/A

Did the offender make any contradictory statements during the investigation? ☐ Yes ☑ No  If yes, describe:
N/A


Other important information:
N/A


## Section X: Investigation Summary (Utilize continuation page 6 for additional writing space)

On 5-16-2016 anonymous information was received that offender Ornelas, Juan # 1758617 assigned to C-201T on J1 building was going to be assaulted due to the offender population believing him to be an informant for the administration. Offender Ornelas was summoned to the Security Threat Group office for interview. Offender Ornelas stated that the rumor he was an informant had been circulating around the unit for a while. He stated he was most recently confronted by a black offender on 4-24-2016 that resulted in a fight (verified). He claimed that he had not heard anything in the last few days but the offender appeared to be apprehensive about his situation. Consequently, the decision was made to place the offender in transient status and conduct an Offender Protection Investigation.

Offender Ornelas is a 33 year old Hispanic male G4 custody x-Mexican Mafia aka "Mad Man" admitted bi-sexual serving a 15 year sentence from Kerr County for Evading Arrest, Unlawful Possession of a Firearm by a Felon and Deadly Conduct. Offender Ornelas completed page 2 of attachment J. His written statement reflects he is concerned about his current situation because he is involved with K2 and other stuff as he puts it. He stated he feels he needs a transfer but is concerned about being sent to another unit that has active gang members.

Due to the information received concerning the safety of offender Ornelas, his cell was searched prior to initiating the Offender Protection Investigation. Offender Ornelas had in his possession paraphernalia consistent with the packaging and distributing of synthetic marijuana (K2). No K2 was found, however, it was clear that offender Ornelas who has been caught multiple times on the Boyd Unit with K2 is still a major distributor of that product. He was found with homemade alcohol and a disciplinary case written.

Interviews were conducted with two offenders affiliated with the ▮▮▮▮▮▮ assigned to G4 custody. Offender Medina, Raymond # ▮▮▮▮▮▮ monitored for affiliation with the San Antonio Tango. Offender Medina confirmed the word among the offender population is that offender Ornelas is a "snitch". He stated the offender has been caught multiple times with K2 and he is still on the unit. He stated anybody else would have been transferred. Offender Medina stated he had not heard that offender Ornelas would be assaulted but offenders were jealous of him because he is openly dealing with K2 and the administration has let it happen.

Offender Ochoa, Roger # ▮▮▮▮▮ a Confirmed ▮▮▮▮▮▮ was also interviewed. He stated that he did not associate with offender Ornelas because everybody knows he is "snitching" to you Boykin. He further stated that he would not lay a hand on him but it was suspicious that a guy that has been caught as many times with K2 is still on the unit.

Offender Brown, James # ▮▮▮▮ has been released from TDCJ custody. He was charged with assaulting offender Ornelas on 4-24-2016. According to interviews conducted with offender Brown by security staff the assault occurred because that he thought offender Ornelas had informed on him to security staff. Offender Brown and Ornelas were assigned in the same cell at the time. Security searched the cell and because of offender Ornelas's reputation, offender Brown felt that Ornelas was responsible and consequently assaulted him.



Benny Boykin  Sergeant                                           5-16-2016
_____        _____        _____
Investigator's Printed Name/Title          Investigator's Signature                Date

Offender Name: Ornelas, Juan                                    TDCJ #: 1758617

**Section XI: Investigation Review** *(Check all that Apply)*

### Major or Above

☐ Return to Investigator for additional information   Date Returned:_____ Time Returned:_____

Comments: _____

☑ Investigation Complete –*(official completion of investigation)* Date Completed: 5-18-16  Time Completed: 10:10 am

☑ Forwarded to Unit Classification - Date Forwarded: 5-18-16  Time Forwarded: 10:11 pm  5-18-16

K Benjamin/Major      K Benjamin
Reviewing Authority Printed Name/Title      Signature          Date

### Extension Authorization

The signature below provides authorization to extend the Offender Protection Investigation 72-hours beyond the original 72-hours to collect additional facts and evidence for completion of the investigation.

Justification for investigation extension:

_____

Major or Above Printed Name/Title      Signature          Date

**Section XII: UCC Review and Recommendation** *(please print clearly)*

Based on the preponderance of evidence contained within the investigation, the UCC determined the allegations of this investigation to be: *(When multiple issues exist, select the appropriate investigative outcome followed by the type of allegation.)*

☐ **Substantiated** – *Based on facts and evidence from the investigation, the incident was determined to have occurred.*
   ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

☑ **Unsubstantiated** – *Evidence was insufficient to make a final determination that the incident may or may not have occurred.*
   ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☑ Threat of Violence   ☐ Retaliation

☐ **Unfounded** – *Based on facts and evidence from the investigation, it was determined the incident did not occur.*
   ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

*Note: Ensure a disciplinary case is processed for all substantiated and unfounded outcomes as appropriate.*

Committee recommends the following action *(Check all that applies)*:

☐ Housing Change   ☐ Job Change   ☑ Unit Transfer   ☐ Safekeeping   ☐ Protective Custody   ☐ No Action Taken

Justification for decision: Unable to substantiate the threat of
vidence but, this investigator found that offender Ornelas
may have been labeled as an informant. Furthermore
the fact that offender Ornelas had previous a work
Indicate by TDCJ# the offenders to be noted as not for same unit.
                    for protection, this fac[l]
                    Unit Administration feel his
                    safety may be in jeopardy     5-18-16

K Benjamin Major      K Benjamin
UCC Chairperson's Printed Name      UCC Chairperson's Signature      Committee Date

**Offender Acknowledgement**

☐ Offender refused to sign     ☐ Offender was absent from UCC (Complete "UCC Notification of OPI Outcome" form)

Offender's signature below acknowledges that he or she was present and was made aware of the investigative outcome.

_____  01758617
Offender Signature/TDCJ#

Offender Name: Ornelas, Juan     TDCJ #: 1758617

Section XIII: Continuation Page (use only as needed)

**Information Provided By**

Benny Boykin                                         Sergeant

Printed Name of Staff or Offender                   Rank/Title or TDCJ #

**Additional Information or Comments**

Continuation from OPI Page #: ___4___   Section #: ___X___       Page ___1___ of ___1___

On 5-17-2016 the Region Contraband Interdiction Team was on the Boyd Unit to search areas of concern identified by the administration. Due the contraband found the previous day on 5-16-2016 in cell C-201 the decision was made to have the team search that area removing light fixtures and wall sockets. In the cell vent a metal rod was found. It was retrieved and found to be 8 inches in length with a sharpened point. A chain of custody was established. The only occupant in the cell at the time of the search was identified as Alvarez, Gabriel # 1904451. Offender Alvarez was questioned and stated he had no idea the item was in the vent. Offender Ornelas was questioned even though he had been moved from the cell on 5-16-2016. Offender Ornelas admitted that the weapon was his and he had placed it in the vent prior to being moved out. He stated he had gotten the weapon to protect himself in the event he got jumped on.

A chain of custody was established on the weapon and the appropriate notifications made to OIG and the Emergency Action Center. The Emergency Action Center assigned incident number # I-07304-05-16. Offender Ornelas was apprised he would receive a disciplinary case for Possession of a Weapon and be recommended by the unit for Security Detention Administrative Segregation.

Investigation finds that offender Ornelas has been labeled as an informant by other offenders. From interviews it was determined that the fact he has been found with K2 on multiple occasions and is still on the Boyd Unit has caused the offender population to think that he is an informant. Furthermore, the fact that offender Ornelas had procured a weapon for protection certainly leads any prudent individual to think that his safety may be in jeopardy if returned to general population on the Boyd Unit.

_____     5-17-2016
Staff or Offender Signature                  Date

Ex. B - 007

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page ___1___ of ___1___

| | | | | |
|---|---|---|---|---|
| Offender Name: Ornelas, Juan | | TDCJ #: 1758617 | | Unit: Boyd |
| Witness Name: Gutierrez, David | | Title/TDCJ #: ▮▮▮▮▮ | | |
| Date of Interview/Statement: 5-17-2016 | | Time of Interview/Statement: 0845 | | |

**Report Type:**  ☐ **Witness Statement**  ☑ **Report of Interview**  *(check one)*

Offender Gutierrez, David # ▮▮▮▮ is an x ▮▮▮▮▮ assigned to A wing on J1 building. He was interviewed regarding allegations received that offender Ornelas's safety was in jeopardy. He agreed to be interviewed but declined to provide a written statement.

Offender Gutierrez was reluctant to talk but did state the word was that the Tango was going to drop offender Ornelas because they think he is an informant for the administration. He stated the dude has been caught with K2 more than once and he is still on the unit. He stated "what's up with that?"

Report of interview

| | | |
|---|---|---|
| Witness Printed Name | Signature | Date |
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation.***

Safe Prisons/PREA Operations Manual  (07/2014)

Ex. B - 008

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page    1    of    1

| | | |
|---|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617 | Unit: Boyd |
| Witness Name: Medina, Raymond | Title/TDCJ #: ▮▮▮▮ | |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 0900 | |

**Report Type:**    ☐ **Witness Statement**    ☐ **Report of Interview** *(check one)*

Offender Medina, Raymond # ▮▮▮▮ was interviewed regarding any knowledge he might have of any life endangerment issues of offender Ornelas, Juan # 1758617. Offender Medina declined to provide a written statement.

Offender Medina is a G4 custody offender, Monitored for affiliation with the ▮▮▮▮ stated that he had not heard offender Ornelas was to be assaulted but there was a rumor that he was a "snitch". He stated Ornelas had been caught with K2 several times and is still on the unit operating and offenders think he is an informant. He went on to say there were a lot offenders that were jealous of him.

Report of interview

| | | |
|---|---|---|
| Witness Printed Name | Signature | Date |
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation**.*

Safe Prisons/PREA Operations Manual   (07/2014)

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page    1    of    1

| | | | |
|---|---|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617 | | Unit: Boyd |
| Witness Name: Ochoa, Roger | Title/TDCJ #: ▇▇▇▇ | | |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 0940 | | |

**Report Type:**    ☐ **Witness Statement**    ☑ **Report of Interview**  *(check one)*

Offender Ochoa, Roger # ▇▇▇▇ is a G4 custody offender assigned to C wing where offender Ornelas was assigned. He is a Confirmed ▇▇▇▇▇▇▇ He was questioned about the life endangerment issues being investigated regarding offender Ornelas. He agreed to give a verbal statement but declined to provide a written statement.

Offender Ochoa stated he did not associate with offender Ornelas because he is a "snitch". He stated he had not heard he was to be assaulted. He stated he was not going to bother him but he knew what he was.

Report of interview

| Witness Printed Name | Signature | Date |
|---|---|---|
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| | | |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the Offender Protection Investigation.*

Safe Prisons/PREA Operations Manual   (07/2014)

Ex. B - 010

SPPOM 05.05
Attachment K

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISON/PREA PROGRAM
Offender Protection Witness Statement/Report of Interview

Page ___1___ of ___1___

| | | |
|---|---|---|
| Offender Name: Ornelas, Juan | TDCJ #: 1758617 | Unit: Boyd |
| Witness Name: Alvarez, Gabriel | Title/TDCJ #: ▮▮▮▮ | |
| Date of Interview/Statement: 5-17-2016 | Time of Interview/Statement: 1400 | |

**Report Type:** ☐ **Witness Statement**   ☑ **Report of Interview** *(check one)*

Offender Alvarez, Gabriel #▮▮▮▮▮ was interviewed due to him being cellmates with offender Ornelas prior to offender Ornelas being locked up. Offender Alvarez refused to give a written statement.

Offender Alvarez stated he had not been in the cell with offender Ornelas very long and he (Ornelas) never mentioned to him about having any problems. He stated offender Ornelas stayed in the cell a lot but he had not heard about any life endangerment issues.

Report of interview

| Witness Printed Name | Signature | Date |
|---|---|---|
| Benny Boykin | | 5-17-2016 |
| Investigator's Printed Name | Signature | Date |
| | | |
| Interpreter Printed Name | Signature | Date |

*Following completion, attach this form to the **Offender Protection Investigation.***

Safe Prisons/PREA Operations Manual   (07/2014)

## PREA and Transportation Department Abuses

**Recommendation 18: Extend PREA standards to transportation.** TDCJ appears to not hold the Transportation Department to PREA standards because the standards are facility-based, a loophole the agency is unethically allowing. This is very likely a problem, or potential problem, in all prison systems. The existence of this loophole, however, does not abrogate agency responsibilities under section 115.11 to have—as an agency—"zero tolerance toward all forms of sexual abuse and sexual harassment."

## PREA Confidentiality

**Recommendation 19: Confidential correspondence for anti-violence advocates.** Under PREA Standard 115.53, facilities "shall provide inmates with access to outside victim advocates for emotional support services . . . of local, state, or national victim advocacy or rape crisis organizations . . . in as confidential a manner as possible." TDCJ and all jails and prisons in Texas should implement a class of confidential correspondence so that community advocates and sex abuse survivor advocates are not required to have an attorney on staff to receive confidential mail from incarcerated persons.

**Recommendation 20: Keep reports of violence confidential.** PREA § 115.61(b) notes that "[a]part from reporting to designated supervisors or officials, staff shall not reveal any information related to a sexual abuse report to anyone other than to the extent necessary." It is common practice for guards and administration to disclose, directly or indirectly, that someone reported violence or details about the report. Privacy is not respected; one of our correspondents, a transgender woman being transported to a SANE exam after being raped, experienced guards yelling across the yard that she was "going to get her butt checked." Not only does that disrespect personal privacy rights, it also increases endangerment by announcing she reported a rape. Information is passed to trustees or SSIs (staff support inmates), who provide the information to associates, endangering the lives of anyone filing a report. Staff and investigators discuss reports in non-private settings, such as at a distance with a loud voice through a cell door where others can easily hear, most likely to discourage further reports and encourage the case to be dropped.

## PREA Data Collection and Disclosure

**Recommendation 21: Track and make available disciplinary cases against survivors.** Track disciplinary cases received by all who are associated with reports of violence to identify potential retaliation. The cases should be available to victim advocacy organizations on request.

**Recommendation 22: Monitor transgender housing practices.** Collect aggregate data noting the number of persons in the prison system identified as transgender, the gender of the housing, and the presence or absence of genital reconstruction surgery. Unit level data must be provided to PREA auditors as part of the facility assessment, and audit interviewees must be clearly invited to discuss their housing as appropriate or inappropriate to their gender with PREA auditors. Aggregate data should be available to community advocate organizations on request.

**Recommendation 23: Track persons with non-substantiated reports of violence.** Far too many incidents of sexual violence are found unsubstantiated or unfounded. Each person with an

*continued on page 15*

Ex: B-012

impacts their mental health and they request not to be isolated. We have received numerous non sequitur explanations from TDCJ staff that this is not solitary because it is not for punishment. Solitary confinement is housing as a single occupant with limited human interaction for 22 or more hours a day, regardless of the purpose of that solitary confinement.

**Recommendation 13: Institute independent grievance oversight.** The grievance process at TDCJ is highly problematic and easily manipulated by persons in power at the units. Suggestions from advocates include establishing an Office of Independent Ombudsman or expanding the Texas Juvenile Justice Department Office of Independent Ombudsman to review grievances not handled at the unit level. Regardless of specifics, the grievance process must be made more accountable through strong independent oversight with input from advocates with a vested interest in eliminating abuse and violence in prisons.

**Recommendation 14: End abusive interpretation of PREA § 115.42(g).** Clearly define that placing transgender persons together in a cell does not in itself infringe on prohibitions against "dedicated facilities" under PREA § 115.42(g) and may be the best way to house some transgender persons. Transgender persons should always be provided this option for housing where available.

## Searches

**Recommendation 15: End routine strip searches.** TDCJ and many prison systems engage in routine daily—sometimes multiple times a day—strip searches of persons in certain custody levels. These are conducted so often and unnecessarily that they exceed any legitimate security or penological interest. Unnecessary routine strip searches are a form of sexual abuse and have a disproportionately negative affect on LGBTQ persons, particularly those who have suffered sexual trauma and those for whom such searches increase the likelihood of additional victimization by others. This is especially problematic for transgender persons housed in gender segregated facilities that do not conform to their gender.

**Recommendation 16: Follow PREA search best practice guidelines.** The four options for transgender and intersex persons are: 1) searches are conducted only by medical staff; 2) pat searches of adult inmates are conducted by female staff only, especially given there is no prohibition on the pat searches female staff can perform (except in juvenile facilities); 3) asking inmates/ residents/detainees to identify the gender of staff with whom they would feel most comfortable conducting the search, and 4) searches are conducted in accord with the inmate's gender identity.

## PREA Audit Reports

**Recommendation 17: Require external comments on audit reports where a potential conflict of interest exists.** PREA auditor certification allows employees of correctional agencies to conduct audits, and this is a potential conflict of interest with the Auditor Code of Conduct requirement that "PREA auditors must be independent, objective, and credible in evaluating the extent to which confinement facilities comply with the PREA Standards" (PREA Management Office, 2017, p. 8). Reports for all audits where the lead auditor is a current correctional agency employee or has been an employee of any correctional agency in the past 10 years should be required to include review by an external advocacy agency.

*continued on page 14*

DISCIPLINARY AND HEARING RECORD

CASE: 201602B1695 TDCJNO: 01758617 NAME: ORNELAS, JUAN JAVIER          EA: 10.3
UNIT:BY  HSNG: PHD    06          JOA: TRANSIENT PENDING OPI TRANSFER IQ: 096
CLSS: L3  CUST: 3A  PRIMARY LANGUAGE: ENGLISH  LMHA RESTRICTIONS:  NONE
RRDE: MA / KB  OFF.DATE: 05/17/16  11:30 AM  LOCATION: BY MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT BY J1 BUILDING CELL NO. C-201,
OFFENDER: ORNELAS, JUAN JAVIER, TDCJ-ID NO. 01758617, DID POSSESS A WEAPON
INTENDED TO BE USED TO INJURE ANOTHER PERSON, NAMELY, AN 8 INCH METAL ROD
SHARPENED TO A POINT.

CHARGING OFFICER: BOYKIN, B. SGT          SHIFT/CARD: 1 H

OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 115  05-20-16 BY:(PRINT)  Martinez OS?
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:_____ DATE: 05-20-16
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:_____ DATE: 05-20-16

## HEARING INFORMATION

HEARING DATE: 5/20/16  TIME: 105  UNIT BY FOLDER D  FILE 064 DSFILE 2474182
COUNSEL SUBSTITUTE AT HEARING: ____ FOLDER ____ FILE ____ DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____

*recess 1:48*

OFFENDER STATEMENT: I was removed from cell, the cell was searched, I was searched too, It was found the following day. If was found in the Ventilation System. It was not mine I was not even assigned to that cell when it was found.

OFFENSE CODES:                           06.0
OFFENDER PLEA: (G, NG)"" NONE) | NG |____|____|____|____|
FINDINGS: (G) NG, DS)          | G |____|____|____|____|
REDUCED TO MINOR(PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY:(INITIAL) __
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: B) officer report
D) testimony of B & C/O during the hearing

## PUNISHMENT

LOSS OF PRIV(DAYS) ____  REPRIMAND............ ____  SOLITARY(DAYS)....... 15
*RECREATION(DAYS) 45  EXTRA DUTY(HOURS)...... ____  REMAIN LINE 3........ L3
*COMMISSARY(DAYS) 45  CONT.VISIT SUSP.THRU __/__  REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS).. ____  CELL RESTR(DAYS)........ 45  GOOD TIME LOST(DAYS). ____
*  OTS(DAYS).. 45  SPECIAL CELL RESTR(DAYS). ____  DAMAGES/FORFEIT. $ ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: modify by
between 3rd Major case w/ last 70 days.

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) NO NO / NA  9
DATE PLACED IN PRE-HEARING DETENTION: 5-17-16 HEARING LENGTH ____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: I'm hand restraints
K.Stim Cpt.
HEARING OFFICER (PRINT)      WARDEN          REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

Ex: B-013

```
Patient Name
Patient Id      : 1758617
Patient Phone   :
Date of Birth   :
SS#             : --    Sex  : Male
```

```
Ordering
Physician       : ISBELL, WANDA
Facility        : BOYD (BY)
                  6 MILES NE ON I84
                  TEAGUE  TX  75860
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|

```
Accession: 16H-139C2035    Requistion: C55611046002
Drawn:05/18/16 06:42   Received:05/18/16 23:36   Reported: 05/19/16 01:08


Procedure: GALV ONLY - HIV  TYPE 1 AND 2 ANTIBODY TESTING
      HIV Interpretive Data:


   Negative:  0.00-1.00
   Reactive:  >1.00
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|
| HIV 1/2 ANTIBODY QUANTITATIVE | 0.10 | | | | HG |
| HIV 1/2 TESTING | Negative | | | Negative | HG |

```
Test Performed at:  HG
UTMB Lab Pathology Clinical Services
301 University Boulevard
Galveston, TX 77555    Timothy C Allen, MD
```

```
L Low, LL Panic Low, H High, HH Panic High, A Abnormal, AA Panic
```

Ex: B-014

Lab Data Imported From UTMB - Galveston Lab System

```
Patient Name  : ORNELAS, JUAN J
Patient Id    : 1758617
Patient Phone :
Date of Birth :
SS#           : --    Sex  : Male

Ordering
Physician     : ISBELL, WANDA
Facility      : BOYD (BY)
                6 MILES NE ON I84
                TEAGUE  TX  75860
```

| Test Name | Result | ABN Flag | Unit | Reference Range | LAB ID |
|-----------|--------|----------|------|-----------------|--------|
| Accession: 16H-139C2035 | Requistion: C55611046003 | | | | |

Drawn:05/18/16 06:42   Received:05/18/16 23:36    Reported: 05/19/16 01:08

```
Procedure: HCV ANTIBODY
HCV ANTIBODY                  Negative                               HG
HCV ANTIBODY QUANTITATIVE     0.01                                   HG


Test Performed at:  HG
UTMB Lab Pathology Clinical Services
301 University Boulevard
Galveston, TX 77555      Timothy C Allen, MD
```

L Low, LL Panic Low, H High, HH Panic High, A Abnormal, AA Panic

Ex. B-015

**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 7-5-16

Offender's Name: JUAN J. ORNELAS                    TDCJ No.: 01758617

Work Assignment: AD. SEG                    Work Hours: N/A

Wing No: 12-F-69                    ___urs: N/A

Service needed:  ☐ Medical  ☐ Dental  ☑ Mental Health  ☐ Other: ___

Reason for Health Services Appointment: REQUESTING TO SPEAK WITH YOU IN PRIVATE - SEVERELY DEPRESSED

How long have you had this problem?     Hours: ___     Days: ___

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

_____     2016 JUL 6  9:55
***Signature of Offender***

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: _____ Appt Scheduled Clinic
"+ felt to psych"

_____     Date
Medical Staff Member's Signature     7/6/16

HSA – 9 (Rev. 2/12)

⑷

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SERVICES DIVISION**
**SICK CALL REQUEST**

PART A: (To be completed by offender)                    Date: 8-10-16

Offender's Name: Juan Javier Ornelas                    TDCJ No.: 01758617

Work Assignment: Ad-seg.                    Work Hours: ___

Wing No: 12-F-69                    ___rs: ___

Service needed:  ☐ Medical  ☐ Dental  ☑ Ment_alth  ☐ Other: MHMR

Reason for Health Services Appointment: Severely depressed, trouble eating and sleeping. I need to talk to you a.s.a.p.

How long have you had this problem?     Hours: ___     Days: ___

*"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."*

2016 AUG 11  8:41

***Signature of Offender***

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: Appt w/MHC Scheduled
"severely depressed' trouble eating sleeping"
12 F 69

_____     Date
Medical Staff Member's Signature

Ex: B-016

M-R-T

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## HEALTH SERVICES DIVISION
### SICK CALL REQUEST

**PART A:** (To be completed by offender)

Offender's Name: Juan Javier Ornelas

Work Assignment: Ad. Seg

Wing No: 12-F-69

Date: 8-18-2016

TDCJ No.: 01758617

Work Hours: —

Service needed: ☐ Medical ☐ Dental ☑ Mental Health

Reason for Health Services Appointment: not feeling w or sleeping n till depressed, not eating mally, lost 14 lbs....

How long have you had this problem? Hours: _____ Days: _____

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

2016 AUG 18    8:44

**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: Appt Scheduled Clinic M depressed fast ext

Medical Staff Member's Signature    Date 8/19/16

HSA – 9 (Rev. 2/12)

---

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## HEALTH SERVICES DIVISION
### SICK CALL REQUEST

**PART A:** (To be completed by offender)

Offender's Name: Juan Javier Ornelas

Work Assignment: Ad. Seg

Wing No: C-2-12                School H

Date: 2-26-2017

TDCJ No.: 01758617

Work Hours: —

Service needed: ☑ Medical ☐ Dental ☐ Mental Health ☐ Other:

Reason for Health Services Appointment: Requesting Acetaminophen 325 MG tablets for headaches, stomach pain and nausea

How long have you had this problem? Hours: _____ Days: _____

"In accordance with state law, if this visit meets offender annual health care services fee criteria, I understand that my trust fund account may be charged a $100 health care services fee. I also understand that I will be provided access to health care services regardless of my ability to pay this fee."

Paid in full / Covered till 3/29

SCANNED

**Signature of Offender**

Part B: (To be completed by medical personnel – Do not write below this line)
Medical Reply: RECEIVED FEB 2 7 2017    you will be scheduled with a provider

BRptii M
2/27/17

Medical Staff Member's Signature

Ex: B-017

Texas Department of Crimir      .ice

# STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: 2017008169 |
| Date Received: 9-16-16 |
| Date Due: 10-26-16 |
| Grievance Code: 202 |
| Investigator ID: I0282 |
| Extension Date: |
| Date Retd to Offender: OCT 11 2016 |

Offender Name: Juan Javier Ornelas  TDCJ # 01758617

Unit: Telford      Housing Assignment: 12-B-77

Unit where incident occurred: Telford

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? State Classification Committee  When? 9-15-2016

What was their response? Stated that I ____ to spend time in ad seg

What action was taken? Remain on current ____ s until 3/17

State your grievance in the space provided. Please state who, what, wh ; where and the disciplinary case number if appropriate

I would like to appeal the SCC's decision made on 9-15-16. I feel that the decision is invalid and not in harmony with the TDCJ ad seg plan. The review hearing was a rushed mess and in its process my verbal statement was cut short, my documentary evidence was not thoroughly reviewed and errors were made by SCC in documenting my statements and evidence. Furthermore SCC based their decision on 1 weapon possession case that did not involve any threats or assaults of any kind. I would also like to add that I feel that my documentary evidence was not taken into consideration nor was my disciplinary record (which reflects that I am a non assaultive = non aggressive offender). I am also a level 1 ad seg offender with a clear disciplinary record while in ad seg. If you review the SCC review hearing record and compare it with my written statement you will see that I never stated or requested to return to GP as SCC documented. This should show you that the review hearing was truely a rushed mess. This is an injustice. When TDCJ officials do not do their job accordingly people get hurt. Now this is my life at risk here. I requested to be placed in protective custody or safe keeping and provided documentary evidence to show

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

Ex. ▓▓▓B-018

that I was being threatened, assaulted, and pressured into doing sexual favors for other offenders in GP. The offenders who did this to me got commissary restriction but I got thrown in ad seg. How is that fair, right or justifiable? I served my punishment for my bogus weapon possession case. Now I am being subjected to further cruel and unusual punishment. Enough is enough! how much more do I need to suffer? Do you want me to let other offenders rape me? Is that it? I got to let others rape and assault me

**Action Requested to resolve your Complaint.**

Requesting 90 day special review/requesting P.C. or Safekeeper

Offender Signature: _Juan Javier Pinelas_     Date: 5-15-2016

**Grievance Response:**

Information received from Chief of Unit Classification R Walter reveals the decision of State Classification Committee is final however, you will be reviewed again by SCC in 6 months. No further action is warranted.

Signature Authority: _____ _Facio_     Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant. Refer to grievance #
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials. |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender | |
| 3rd Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender | |
| Date Returned to Offender: | |

Appendix F

Ex. ▮▮▮ B-019

<u>I-60</u>

TO: MHMR  Telford Unit

Address: 3899 State Hwy 98, New Boston, Tx. 75570

Subject:

      I would like to inform you that I will be going on a hunger strike on 9-20-2016 to peacefully protest the following:

1) TDCJ's failure to protect me from threats, assaults and sexual abuse, from other offenders.

2) TDCJ's failure to respond according to TDCJ's policies and procedures to threats, assaults and sexual abuse done to me by other offenders.

3) SCC's decision - made on 9-15-2016.

4) The punishment that I am being subjected to. Ad. seg is a form of torture. It is cruel and unusual punishment.

5) Telford Unit's grievance department throwing away my grievances and documentary evidence.


Note:

    In case of an emergency contact my mother Yolanda A. Lerma at (830) 370-1423.


Name: Juan Javier Ornelas   TDCJ No: 01758617

SSN: 12-B-77   Date: 9-19-2016

2016 SEP 22  5:52

- Reply: per Lt. Clerk to break fast meal  9/22/2016
    Hunge strike ended -
        Warden RB
                    (F)

Ex: B-020



**Texas Department of Criminal Justice**

# STEP 1    OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Ret'd to Offender: _____

Offender Name: Juan Javier Ornelas  TDCJ # 01758617

Unit: Eastham  Housing Assignment: B-2 Row-5 Cell

Unit where incident occurred: Telford

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Telford Unit officer  When? 11-10-16

What was their response? If there is any fighting it wont be much

What action was taken? Placed me on bus with STG's

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 11-10-16 on Telford Unit' TDCJ officers failed to properly search inmates for contraband and properly secure their restraints in advance of an emergency transport of dangerous & seg offenders from Telford Unit to Eastham Unit. Their actions resulted in multiple offenders boarding the bus on Telford Unit' armed with razors and homemade shanks' and a route to Eastham Unit' multiple offenders were assaulted with deadly weapons' and other offenders engaged in fights with and without weapons' all of which resulted in multiple offenders suffering serious bodily injuries. Some of this was gang related and some of it was not. I file this complaint because I was placed in danger of serious bodily injury and I fear for my life. Prior to being placed on the bus at Telford Unit' I spoke with an officer at 12-F-13 (camera check will verify this) about the dangers of placing me on the bus in proximity of known enemies' and STG offenders.(I am a GANG offender). I feel that this practice is reckless and dangerous. I verbally requested to be seperated from STG offenders during transport to Eastham Unit' and was denied. I was told that I would be safe because everyone was going to be secured in cuffs, chains and locks. Obviously' that did not happen. I continue to be transported and housed with STG's without any regard for my safety and life. I feel that this

27 Front (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

Appendix F

Ex. ▮▮▮ B-021

is a violation of my eighth amendment constitutional right (cruel and unusual punishment clause). I live in constant fear for my safety and life. In TDCJ restraints and other locking mechanisms can be easily manipulated and security can be breached.

Filed in preparation of litigation / exhausting state remedies.

ction Requested to resolve your Complaint.
Do not house and transport me with known enemies and TCS offenders.

ffender Signature: Juan Javier Graelas                    Date: 11-14-2016

rievance Response:

gnature Authority: _____                                    Date: _____

you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
ite the reason for appeal on the Step 2 Form.

turned because:        *Resubmit this form when the corrections are made.

| 1. Grievable time period has expired.
| 2. Submission in excess of 1 every 7 days. *
| 3. Originals not submitted. *
| 4. Inappropriate/Excessive attachments. *
| 5. No documented attempt at informal resolution. *
| 6. No requested relief is stated. *
| 7. Malicious use of vulgar, indecent, or physically threatening language. ^
  8. The issue presented is not grievable.          NOV 14 2016
  9. Redundant. Refer to grievance # _____
  10. Illegible/Incomprehensible. *
  11. Inappropriate. *

CI Printed Name/Signature: Delores Washington   NOV 14 2016
                           D Washington  UGI III

plication of the screening criteria for this grievance is not expected to adversely
fect the offender's health.

dical Signature Authority: _____

27 Back (Revised 11-2010)                                         Appendix

OFFICE USE ONLY

Initial Submission        UGI Initials: _____
Grievance #: 2017039811
Screening Criteria Used: 08
Date Recd from Offender: NOV 14 2016
Date Returned to Offender: NOV 14 2016

2nd Submission            UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission            UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Ex. ████ B-022

Offender Name: *Oracles, Juan* TDCJ #: *1758617* Unit: *EB* Grievance #: *20170 3981*

## Emergency Checklist

An Emergency complaint is defined as a written complaint requiring immediate action about matters that would subject the offender to substantial risk of personal injury or cause other serious or irreparable harm for incidents such as sexual assault, requests for protection, extortion, or medical emergencies.

The following checklist may be used to determine if the matter presented in the complaint should be processed as an emergency. It is imperative that the following questions be answered as fairly, impartially and objectively as possible. If the answer is "yes" to questions 1-5, the complaint should be processed as an emergency in accordance with agency policy. When applying Checklist question #6, questions #1-#5, should reflect N/A, and the grievance shall be coded as a regular grievance subject to all screening criteria.

This checklist must be maintained with the grievance in the offender's file (subject to record retention requirements).

1. Does the allegation describe an incident of sexual abuse, sexual assault without that person's consent?

    ☐ YES   ☒ NO   ☐ N/A, see #6

2. Does the allegation describe an incident of unwelcome sexual advances, requests for sexual favors, verbal comments, gestures, or actions of a derogatory or offensive sexual nature?

    ☐ YES   ☒ NO   ☐ N/A, see #6

3. Does the allegation describe an unreported use of force or any physical contact that would present a substantial risk to the offender, irreparable harm, or place the offender in serious danger?

    ☐ YES   ☒ NO   ☐ N/A, see #6

4. Does the allegation describe a situation, or a specific threat by a staff member or another offender that would present a substantial risk to the offender, cause irreparable harm, or place the offender in serious danger?

    ☐ YES   ☒ NO   ☐ N/A, see #6

5. Does the allegation involve the denial of treatment that would present a substantial risk to the offender, cause irreparable harm, or place the offender in serious danger?

    ☐ YES   ☒ NO   ☐ N/A, see #6

6. Does the allegation describe an incident that has been previously identified and/or addressed in another grievance?

    ☐ YES   ☒ NO

    Grievance Number: _____

    If the response to question #6 was yes, were the following actions taken in regards to this incident?

    • Telephone call to highest ranking security supervisor   ☐ YES   ☐ NO
    • Immediate written notification (email) to appropriate staff   ☐ YES   ☐ NO
    • Copy of narrative provided to appropriate staff   ☐ YES   ☐ NO
    • Investigation was initiated   ☐ YES   ☐ NO

I have thoroughly reviewed the information that was provided to me. All of the answers given to the above questions are true and correct to the best of my knowledge.

*Delores Washington* _____     *D Washington 16 2 -III* ___     *11/19/16* ___
Printed Name of Reviewer                         Signature of Reviewer                              Date

OG-004 08/2014 (Rev. 6/2016)

Offender Grievance Operations Manual
Appendix I

Ex.  B-023

Texas Department of Criminal Justice
*INSTRUCTIONS ON HOW TO WRITE AND SUBMIT GRIEVANCES*

1.  *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office. After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. Step 2 appeals must be accompanied by the original, answered Step 1.*

2.  An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 30 days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step 1 to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3.  *Additional time may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case; you will be notified of the extension in writing.*

4.  *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5.  *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
    *   The interpretation or application of TDCJ policies, rules, regulations, and procedures.
    *   The actions of an employee or another offender, including denial of access to the grievance procedure.
    *   Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
    *   The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
    *   Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6.  *You may not grieve:*
    *   State or federal court decisions, laws and/or regulations;
    *   Parole decisions;
    *   Time-served credit disputes which should be directed to the Classification and Records, Time Section;
    *   Matters for which other appeal mechanisms exist;
    *   Any matter beyond the control of the agency to correct.

7.  *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly; however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.*
    *   Grievable time period has expired.   (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
    *   Submission in excess of 1 every 7 days.  (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every Seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
    *   Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
    *   Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
    *   No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance.  Remember, the attempt must be documented in the space provided on the I-127 form.)
    *   No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
    *   Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
    *   The issue presented is not grievable. (Refer to #6 above.) Disciplinary appeals will not be processed until after the disciplinary hearing.
    *   Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
    *   The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
    *   Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*

Offender Grievance Operations Manual
Appendix B
Revised July 2016

Ex. ████ B-024

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** Ornelas, Juan   **TDCJ# 1758617 Date** 12/2/16      **Facility:** EA

Sex: Male

| Patient Language:  Name of interpreter, if required: no interpreter available |

Seen this date at (time): 1245

S: Offender seen for Clinical Interview as referred by:
___ Results of Intake and Transfer Mental Health Screening
___ Results of the Intake Mental Health Appraisal
___ Mental Health Sick Call/Referral Triage          **Date received:**
X   Staff Referral
x   Reason for interview and limits of confidentiality were explained to the offender prior to the interview.  Informed consent has been obtained and documented in this record.
___

Reason for referral/presenting problem (if SCR state problem on request): referral form security – pt. claims he is transgender.

Information from clinical interview:  States in the free world he lived and thought of himself as a female. When he came to prison, he did not to protect himself. Pt.  has been in prison for over 12 years, with no mention until this date of being transgender. Will make referral to further departments. No distress seen. Denied .shi.

O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM
        Appearance
           Age
                Appears Stated Age
           Stature
                Average Height
           Weight
                Average Weight
           Clothing
                Clean, Neat
           Grooming
                Normal
           Posture/Gait
                Normal
           Motor Activity
                Unremarkable
      Sensorium
           Attention
                Normal
           Concentration
                Normal
           Orientation
                Oriented X 4
           Recall/Memory
                Normal

Ex: B-025

I-60 Inmate Request To Official

To: Grievance Department   Delores Washington
        Eastham Unit
Address: 26665 Prison Rd. #1
        Lovelady, Tx. 75851

Subject:
        Requesting Grievance # for Step 1
        filed on: 1-5-2017

Thank you Delores Washington.

Name: Juan Javier Ornelas   No: 01758617   Unit: Eastham

Living Quarters: C-2-12    Work Assignment: Ad. Seg

                    Carbon Copied: Date: 1-9-2017

Disposition:

Ex: B-026

There is no grievance on file for
I-5-17.

I-60 Inmate Request to Official

To: Grievance Department Delores Washington
    Eastham Unit
Address:
    26665 Prison Rd. #1
    Lovelady, Tx. 75851

Subject:
    Requesting Grievance # for Step 1
              filed on : 1-5-2017

Ms. Washington, I sent you this same request last week and you told me my Step 1 filed on: 1-5-17 was not received by your office.
This is just a follow up to see if that Step 1 found its way to your office.

Thank you Ms. Washington.

Name: Juan Javier Ornelas    No: 01758617   Unit: Eastham

Living Quarters: C-2-12      Ad. Seg.
                              Carbon Copied : 1-18-17
Disposition:

This office has not received a g/o on 1-5-17

                    K Holmes

☆I-60 (Rev. 11-90)

**SUBJECT:** *State briefly the problem on which you desire assistance.*

.Washington / T. Hall

I really dont see how my grievances continuously go missing when I file them with your office. I've dealt with this same issue before on Telford and Boyd Unit.

Its all good. I will get with your wardens here and your Director in Huntsville.

I dont see why yall cant pick up grievances at my cell and give me a grievance # right then and there. That would remedy this problem.

**DISPOSITION:** (Inmate will not write in this space)

Name: Juan Javier Ornelas

Living Quarters: C-2-12

Wage: assignment: Ad. Seg

TDCJ # A758617      Unit: Eastham

your grievance not to be read and then put in computer.

Ex: B-029

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2017079154

Date Received: JAN 2 6 2017

Date Due: 03·07·17

Grievance Code: 008

Investigator ID #: I2474

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Juan Javier Ornelas    TDCJ # 01756617

Unit: Eastham    Housing Assignment: C-2-12 (C-07)

Unit where incident occurred: Boyd Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Boyd Units O.I.G investigator    When? Ongoing Issue

What was their response? No time to talk now, will talk to you later

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Boyd Units O.I.G investigator is purposely ignoring my reports/ allegations' of sexual abuse. I have sent this individual several I-60's/letters reporting that I was sexually abused on Boyd Unit and requesting to speak with him. He continuously ignores my I-60's/letters and fails to investigate my reports, or refuses to do so. Boyd Units O.I.G investigator is responsible for investigating all allegations of sexual abuse on Boyd Unit immediately. This is a failure to respond reasonably and according to the PREA law and TDCJ's PREA/Safe Prison Plan. He not only refuses to do the required "minimum" such as interview me (the victim) and my victimizer, document the reports, ect', he refuses to do anything at all. He is purposely ignoring me' and I dont know why. I have also reported this to: SCC on Telford Unit on 9-15-2016, MHMR on Telford Unit on 9-22-2016, UCC on Eastham Unit and MHMR on Eastham Unit, and I have filed several grievances on this issue (however all of my grievances on this issue keep on disappearing' and I dont know why) JAN 2 6 2017

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Ex: B-030

**Action Requested to resolve your Complaint.** Requesting that Boyd Units O.I.G investigator and TDCJ fully comply with the PREA Law.

**Offender Signature:** Juan Javier Ornelas      **Date:** 1-21 - 2017

**Grievance Response:**

An investigation was done concerning your allegations. There are no records found by any auxiliary or department on the Boyd Unit concerning your claims of being sexually abused at anytime by another Offender while assigned to the Boyd Unit. An offender was found who fit the description of the alleged assailant but is no longer incarcerated in the Texas Department of Criminal Justice. However, it is the decision of the Office of the Inspector General to open a case for further investigation if needed. At this time there is no further action warranted.

**Signature Authority:** Cynthia D. Tilley      **Date:** 3-7-2017

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Ex: B-031

## CORRECTIONAL MANAGED CARE
## OUTPATIENT MENTAL HEALTH SERVICES

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617   **Date:** 02/08/2017 14:45 **Facility:** EASTHAM (EA)

| | |
|---|---|
| ___ | Mental Health Sick Call/Referral Triage |
| X | Staff Referral |
| X | Reason for interview and limits of confidentiality were explained to the offender prior to the |
| X | interview. Informed consent has been obtained and documented in this record. |

**Date received:**

Reason for referral/presenting problem (if SCR state problem on request):
Referral from security due to sexual assault in March of 2016.

Information from clinical interview: pt. reports he is depressed about being involved in sexual assault nearly a year ago. He will not describe the incident and there is no reference to it in his chart despite his report of discussing it with MH before. He reports to being depressed which he described as "down and out, not having any energy". No signs of depression or distress seen. He is not on the MH caseload. Will schedule for PAI testing for further evaluation. Denied s.hi.

O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM

Appearance
    Age
        Appears Stated Age
    Stature
        Average Height
    Weight
        Average Weight
    Clothing
        Clean, Neat
    Grooming
        Normal
    Posture/Gait
        Normal
    Motor Activity
        Unremarkable
Sensorium
    Attention
        Normal
    Concentration
        Normal
    Orientation
        Oriented X 4
    Recall/Memory
        Normal
Relating
    Eye Contact
        Normal
    Facial Expression
        Happy

Ex. B-032

*C212*   SPPOM 05.05
Attachment M

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
SAFE PRISONS/PREA PROGRAM
UCC Notification of OPI Outcome

_____     _Oreahashuan_____     __17SS617__
Incident #                    Offender Name                              TDCJ #

This notification is to advise you of the Offender Protection Investigation outcome that was performed on
your behalf under the above referenced Incident #.  The UCC decision that was made is based on the
preponderance of evidence contained within the investigative report and supporting documents.
The UCC determined the investigation to be:

☐ **Substantiated** – *Based on facts and evidence from the investigation, the incident was determined to have occurred.*
    ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

☐ **Unsubstantiated** – *Evidence was insufficient to make a final determination that the incident may or may not have occurred.*
    ☐ Extortion   ☐ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

☑ **Unfounded** – *Based on facts and evidence from the investigation, it was determined the incident did not occur.*
    ☐ Extortion   ☑ Sexual Abuse   ☐ Sexual Harassment   ☐ Violence   ☐ Threat of Violence   ☐ Retaliation

_Johnson Warden_____     _____     __2/10/17__
UCC Chairperson's Printed Name          UCC Chairperson's Signature          Committee Date

Statements
were put with
investigation I-605
along with
J. Hayne

Ex: B-033



# State Counsel for Offenders

### Texas Department of Criminal Justice

P.O. Box 4005

Huntsville, TX 77342-4005

(936) 437-5203

April 19, 2017

Mr. Juan Ornelas
#1758617
Estelle Unit
264 FM 3478
Huntsville, TX 77320-3320

Mr. Ornelas

    I contacted prosecutor Cindy Garner and Ben Gardner of OIG regarding your documents. Mr. Gardner maintains that he has never come into possession of any documents from you or the law librarian.

    I, of course remember you handing off the documents to the ranking officer. While Investigator Gardner has suggested that he might follow up on the issue, I believe your best course of action is to contact the law librarian yourself. Then again, remember that if an OIG investigation is still in progress, you might not receive your original copies until the investigation is concluded. It is also possible that the documents are in the possession of your local PREA representative.

    I regret that I have so far been unable to track down your files. Please let me know if there is anything more I can do to assist you.

Sincerely,

Andrew Gastler
Staff Attorney
State Counsel for Offenders

Ex. B-034



### Texas Department of Criminal Justice
#### OFFICE OF THE INSPECTOR GENERAL

## CRIMINAL CASE
## OFFENDER - WRITTEN STATEMENT

STATEMENT OF _Xilvan Javier Ornelas_

GIVEN THIS _28th_ DAY OF _Feb_, _2017_ AT _1:50_ O'CLOCK ☐ AM ☑ PM

My name is _Xilvan Javier Ornelas_ and I am currently incarcerated

in the _Eastham Unit_ Unit of the Texas Department of Criminal Justice.

My Offender number is _01758617_, and my Date of Birth is _10/13/82_

I am freely and voluntarily making the following statement. I understand that I am not a suspect in a criminal case based on the subject matter of my statement. I further understand that I am not the subject of any Disciplinary Rules Violation case based upon the subject matter of my statement. I have not been forced or coerced into making this statement, further I have not been promised anything in return for making this statement. This statement is true and correct and voluntarily given. I first met James Brown at Byrd Unit C wing. We has sexual relations at that time. Later I was moved to B wing. Thats when I stopped fooling around with James Brown. I ended up getting caught on B wing with K2. To try to get out of trouble I made a deal with TDCJ officers and OIG. The TDCJ officer that help set up the deal later on told inmates of the deal. At that time I had returned to B wing. That was in March of 2016. Thats when James Brown started to pressure me into doing sexual favors for him in return for protection from inmates who wanted to kill me

Subscribed And Sworn To Before Me By: x _Juan J. Ornelas_
Signature

_Xilvan Javier Ornelas_
Printed Name

On this the _28th_ day of _Feb 2017_

Notary Public In and For The State of Texas

*OR*

Witness: _____
Signature

Police Officer's Signature

_____
Printed Name

Printed Name, Rank, and ID Number

Page _____ of _____

CC-0147 (07/2005)

Ex. B - ███ 035

**Office of the Inspector General**

**(Continuation)**

Voluntary Statement of: _____

for giving info to the OIG. I gave him oral sex
about 3x in the shower at R wing and then later on
he demanded anal sex x2. I didn't want this to happen
especially not the anal sex. But when I told James
Brown that I didn't want to do anal he got mad and
punched me in the back of the head. I reported this
to the OIG assigned to Boyd Unit at the time but he
never responded. On 4/24/2016 James Brown physically
attacked me and assaulted me and was given a case
for it. About 2 weeks later I was placed on OPI
status. At that time two emails and one letter was
sent to the OIG assigned to Boyd Unit and still no
reply. I do want to try to press charges on James
Brown.

_____
_____
_____
_____
_____
_____

**Subscribed And Sworn To Before Me By:**   _Juan J. Ornelas_
                                              Signature
                                            _Juan Javier Ornelas_
                                              Printed Name

On this the _____ day of _____   _____
                                        Notary Public In and For The State of Texas

                            *OR*

Witness: _____      _____
            Signature                    Police Officer's Signature

         _____      _____
            Printed Name                 Printed Name, Rank, and ID Number

Page _____ of _____

CC-0147 (07/2005)

Ex. B - ▮▮ 036

TDCJ DISCIPLINARY REPORT AND HEARING RECORD
CASE# 20170190704 TDCJNO#01758617 NAME: ORNELAS, JUAN JAVIER                    DR: 10.3
UNIT/EA: HSNG: C-2      12          JOB: SEC DET LEVEL 1                         TU: 096
CLSS: C3  CUST: 1A  PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS: NONE
GRDE: NR / BN    OFF.DATE: 02/28/17  12:30 PM  LOCATION: EA MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE AND AT EA AD-SEG OFFICE, OFFENDER ORNELAS,
JUAN JAVIER, TDCJ-ID NO. 01758617, DID MAKE A FALSE STATEMENT TO OFFICER L.
HAYNES, MAPE PRISONS OFFICER DURING AN OFFICIAL INVESTIGATION, SPECIFICALLY,
ALLEGING HE WAS SEXUALLY ASSAULTED BY A BLACK OFFENDER (JAMES BROWN) BETWEEN
LATE MARCH AND EARLY APRIL 2016, BUT COULD/WOULD ONLY IDENTIFY AS OFFENDER BROWN
AS A BLACK MALE AGE 25 OR 30, KNOWING AT THE TIME SUCH STATEMENT WAS FALSE.
CHARGING OFFICER: HAYNES, L. CO (L)                             SHIFT/CARD: 1 H.

OFFENDER NOTIFICATION  IF APPLICABLE: INTERPRETER:
CHARGING MODIFIED:                    APPROVED:
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING?(YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY (NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:                            DATE: 3/1/17
BY SIGNING BELOW YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:                                  DATE: 3/1/17

## HEARING INFORMATION

HEARING DATE:          TIME:        UNIT/ FOLDER    FILE    DSFILE
COUNSEL SUBSTITUTE AT HEARING:              FOLDER    FILE    DSFILE
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING,(2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING,(6) IF DEFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS, (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK-ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED.
(SIGNATURE)

OFFENDER STATEMENT:

OFFENSE CODES:                 25.0
OFFENDER PLEA: (G, NG, NONE) |___|___|___|___|___|___|
FINDINGS:  (G, NG, DS)        |___|___|___|___|___|___|
REDUCED TO MINOR(YES OR NO) DOCKET?   DOCKET   (HEARING)   BY (INITIALS)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT; B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER,
EXPLAIN IN DETAIL.)

## PUNISHMENT

LOSS OF PRIV(DAYS)____   REPRIMAND____         SOLITARY(DAYS)_____
RECREATION(DAYS)____     EXTRA DUTY(HOURS)____  REMAIN LINE 3_____
COMMISSARY(DAYS)____     CONT.VISIT SUSP.THRU__/__  REDUC.CLASS FROM____TO____
PROPERTY(DAYS)____       CELL RESTR(DAYS)____   GOOD TIME LOST(DAYS)____
CP(DAYS)____             SPECIAL CELL RESTR(DAYS)____  DAMAGES/FORFEIT. $____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS)____   NO / NA
DATE PLACED IN PRE-HEARING DETENTION:_____  HEARING LGTH:_____ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:

HEARING OFFICER (PRINT)    WARDEN           REVIEWER SIGNATURE

EX. B-037

two years. Information regarding not guilty findings shall only be used for legal or grievance issues.

IV.    Major Disciplinary Hearing: Procedures Before the Hearing

   A.    Notice of Charges

       1.    Offenders shall be served with notice of disciplinary charges by a counsel substitute at least 24 hours prior to the hearing and within 30 days of discovery of the alleged violation. The hearing shall be classified as major prior to notice being served, or the accused offender shall be given 24 hours from the time the offender is notified that the hearing is classified as major until the hearing is conducted.

       2.    Notice after 30 days shall be allowed only if unforeseen circumstances arise, such as the offender is temporarily transferred to another unit, and the warden's written approval, including the reasons for the delay, is obtained before the offender is served with notice.

       3.    Offenders may not be subject to any form of coercion designed to persuade them to waive the right to 24-hour notice.  If offenders are offered the opportunity to waive 24-hour notice, they shall be fully informed, in terms intelligible to them, of the nature of the rights at stake.  The DHO shall record on the recording of the hearing an offender's decision to waive the right to 24-hour notice.

       4.    An offender accused of disciplinary charges may waive attending the disciplinary hearing. At the time of notice of charges, the offender shall be asked if the offender wishes to attend the hearing. The offender's decision (yes or no) shall be documented on the Disciplinary Report and Hearing Record. If the offender elects not to attend the hearing, the offender shall be asked for a plea, and then advised that if the offender later decides to attend the hearing, the offender shall submit a written request to the DHO before the hearing is held. The DHO shall review the offender's decision to waive attending the hearing, conduct the hearing in the offender's absence, and document the absence on the report by writing: "Offender waived attending the hearing."

       5.    Notice of the charges shall include a copy of the Disciplinary Report. Items of information which, if disclosed to the accused offender, would seriously jeopardize the safety of other offenders shall not be provided to the accused offender.

       6.    At the time an offender is served with notice pursuant to a major disciplinary hearing, the offender shall be informed of the right to present documentary evidence and to request witnesses.  The offender shall be informed that a counsel substitute will be assigned unless the offender waives representation. The offender's decision shall be noted on the Service/Investigation Worksheet, along with the names of the witnesses requested, and the information shall be given to the DHO. However, either the offender or the counsel substitute may

EX: B-038

inform the DHO at any time prior to and at the hearing of any changes to the list of witnesses requested. Offenders who are not assigned counsel substitutes shall be allowed to communicate directly with a reasonable number of potential witnesses in advance of the hearing.

7.   The investigation report shall be attached to the disciplinary report and submitted to the DHO.

8.   An offender who successfully appealed a disciplinary conviction may be served with notice of a rehearing, if at the initial hearing the offender was served with notice of charges timely and was given a timely disciplinary hearing. A rehearing may not be conducted on an overturned conviction for which an offender did not receive either notice of charges or a disciplinary hearing within the established time limits. The 30-day time limit for serving the offender with notice begins on the date of the decision granting the appeal. After notice has been served, the rehearing shall be held in accordance with established time limits.

B.   Counsel Substitutes

1.   Assignment - Counsel substitutes are non-uniformed employees who represent offenders in disciplinary hearings by advocating on behalf of the offender and keep related records. Offenders shall be provided with counsel substitutes prior to a major hearing when any of the following are met. This requirement does not apply to state jail offender disciplinary hearings, except when state jail offenders are brought before major hearings for assessment of monetary damages for destruction of state property.

   a.   When the offender is developmentally disabled as defined in the *Developmentally Disabled Plan*, for example has a WAIS-R full scale IQ of 73 or below, a Vineland Score equivalent to an IQ of 73 or below, and a social history indicative of retardation. Additionally, a counsel substitute shall be assigned when the offender's mental ability to understand and respond to disciplinary charges and proceedings is questionable, even though the offender is not developmentally disabled as defined in the *Developmentally Disabled Plan*.

   b.   When the offender is assigned to a psychiatric inpatient facility or has been placed on an outpatient psychiatric caseload.

   c.   When the offender's literacy or understanding of English is questionable. A counsel substitute shall be assigned in every case in which the offender's Educational Achievement score is below 5.0 on reading.

   d.   When the offender, because of the complexity of the issue, shall be unlikely to be able to collect and present the evidence necessary for an adequate comprehension of the case.

O.I.G. Eastham Unit                           (2-28-2017)
RE: Juan Javier Ornelas   TDCJ # 01758617

Sir here is James Brown's TDCJ # 01981212
If I may' I would like to express that I did my
best to report this matter a long time ago sir'. Its
not my fault that I was repeatedly ignored. I
reported everything to O.I.G Alexander Hamilton in
April and May of 2016 and then to SCC on Telford
Unit in September of 2016 But they ignored me. So'
I went on a hunger strike. Still I was ignored.
When I came to Eastham Unit in November of 2016
I reported everything again to MHMR and UCC.
Still I was ignored. All of this is documented sir'.
Finally' after I filed 2 grievances on this' an
investigation was started by L. Haynes here on
Eastham. She now claims that I lied about everything
and wrote me a disciplinary case. If my earlier reports
were responded to according to the PREA Law' there
might have been enough evidence to convict James
Brown back then. But instead' now I am being
given a disciplinary case because L. Haynes claims
that I cant prove the sexual abuse that I reported.
All I ever wanted was TDCJ to protect me and
place me in safe keeping. But they dont seem to
want to do that. I dont understand any of this
sir. Nonetheless' I do appreciate whatever you can
do to help me. Thank you and God Bless you.

Ex: B-039

Offender Name: Ornelas, Juan                                    TDCJ #: 1758617

| Section XIII. Continuation Page (use only as needed) |
| --- |

## Information Provided By

Susan Steel                                          USPPM / CO V

Printed Name of Staff or Offender          Rank/Title or TDCJ #

## Additional Information or Comments

Continuation from OPI Page #: ___4___     Section #: ___X___          Page  1  of  2

A review of the UCR 22 screen (Prior Disciplinary Record) showed Offender Brown did received a disciplinary offense on 4-24-16 for 2.21.0 – Fighting Without a Weapon against Offender Ornelas. It was also discovered that Offender Brown departed the Boyd Unit on 5-6-16 enroute to Hutchins State Jail to be discharged 5-13-16. Further it was discovered that Offender Brown filed the OPI against Offender Brown on 5-16-16, ten (10) days after Offender Brown departed the Boyd Unit and twenty two (22) days after the assault.

Offender Ornelas was interviewed by Officer Steel, USPPM in the Ad Seg Office on 3-2-17 at 9:15 am and was asked why did he not provide all the information on the previous OPI and why did he not report the incident when he filed his OPI on the Boyd Unit on 5-16-16. Offender Ornelas stated "He did not feel comfortable talking to anyone and he did not trust anyone". Offender Ornelas also stated that he sent two (2) I-60's to Alexander Hamilton, OIG at the Boyd Unit but never received a response from him, he also stated he reported it to SCC in September of 2016 at the Telford Unit when he was transferred. Offender Ornelas stated that Officer Boykin, STGO Sgt. at the Boyd Unit had sent him two emails and then was told to write him at the Coffield Unit but never received a response. Offender Ornelas also stated to Officer Steel that he had provided a statement to Mr. Gardner, OIG - Eastham Unit on 2-28-16. Offender Ornelas was given the page 2 of the Offender Protection Investigation to complete. Photo's of Offender Ornelas was taken at 9:50 am and was escorted to medical at 9:55 am. Duty Warden Vaughn was notified at 9:55 am. Ben Gardner, OIG was notified at 10:15 am and Stacy Salle of Emergency Action Center was notified at 10:59 am and stated due to Offender Ornelas' allegations being the same but only providing additional information, use the same EAC #I-02319-02-17 but complete an update on the EAC.

On February 8, 2017, Officer Haynes contacted STG Sgt Boykin in reference to Offender Ornelas' allegations and obtained a witness statement from him. Sgt. Boykin's statement is as follows: Offender Ornelas, Juan #1758617 was assigned to the Boyd Unit for the time period beginning 7-17-15 and ending 6-10-2016. Offender Ornelas is an Ex-Mexican Mafia member having completed the GRAD program. Offender was found with K2 on 3-22-2016. Due to being unable to test the substance the offender was charged with Possession of Contraband. He was later found again with a substantial amount of K2 and charged with a Code 12.0 on 4-21-2016 I had several conversations with the offender during this time as he claimed he wanted to provide information regarding the K2 being introduced into the unit. I arranged for the offender to speak with an OIG Investigator from the Coffield Unit. During the numerous interviews, Offender Ornelas told me he was afraid of getting transferred from the Boyd Unit due to his sexual orientation (claimed he was gay). He stated he knew on a large unit he would have problems because he used to be MM. Offender Ornelas at no time ever indicated or stated that he had been sexually assaulted on the Boyd Unit to me. Offender Ornelas was found in possession of a weapon on 5-20-2016 and was subsequently placed in Administrative Segregation and transferred from the unit. This statement is the extent of my knowledge regarding Offender Ornelas while he was assigned to the Boyd Unit. (See attached)

On March 2, 2016 at 10:15 am, I, Officer Steel interviewed Mr. Gardner, OIG in reference to Offender Ornlas. Mr. Garnder stated that Offender Ornelas was interviewed on 2-28-17 at 1:50 pm and provided a written statement regarding sexual allegations on James Brown while assigned to the Boyd Unit. Mr. Gardner stated that this information was referred to Mr. Lee Duran, OIG at the Boyd Unit and Case #170000248 had been issued. Mr. Gardner also provided a copy of Offender Ornelas' written statement to OIG. Offender Ornelas' written statement to OIG states: "I first met James Brown at Boyd Unit C Wing. We had sexual relations at that time. Later I was moved to B Wing. That's when I stopped fooling around with James Brown. I ended up getting caught on B Wing with K2. To try to get out of trouble I made a deal with TDCJ Officers and OIG. The TDCJ Officer that help set up the deal "later on" told me into doing sexual favors or him in return for protection from inmates who wanted to kill me for giving info to the OIG. I gave him oral sex about 3X in the shower at B Wing and then later on he demanded anal sex x2. I didn't want this to happen especially not the anal sex, But when I told James Brown that I didn't want to do anal he got mad and punched me in the back of the head. I reported this to the OIG assigned to Boyd Unit at the time but he never responded. On 4-24-2016 James Brown physically attacked me and assaulted me and was given a case for it. About 2 weeks later I was placed on OPI status. At that time two emails and one letter was sent to the OIG assigned to the Boyd Unit and still no reply. I do want to try to press charges on James Brown". (See attached)

Staff or Offender Signature                          March 2, 2017
                                                     Date

**Correctional Managed Care**
**Urgent / Emergent Care Record**

Patient Name: ORNELAS, JUAN J  TDCJ#: 1758617  Date: 03/02/2017 12:40  Facility: EASTHAM (EA)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| x | R | | L | x | Use of accessory muscles | Last BM: | | Mottled | | R | L | Flaccid |
| **Bleeding** | | | | | | **Abdomen** | | Cyanotic | | **Leg Strength** | | |
| x | None | | | | | Soft | | Jaundiced | x | R | L | x | Normal |
| | Controlled | x | R | L | x | Clear | Firm | | Flushed | | R | L | Weak |
| | Excessive | | R | L | Crackles | Distended | | Intact | | R | L | Flaccid |
| Location: | | | R | L | Wheezes | x | Obese | Ortho | x | N/A | **Pupils** | |
| Est. Blood Loss | | | R | L | Diminish | Tender | | Deformity | x | Equal | |
| cc: | | | R | L | Absent | Location: | | Swelling | | Unequal | |
| **Capillary Refill** | | **GU** | | x | N/A | Rebound | | Location | x | R | L | x | Reactive |
| x | Normal | | Burning | | **Bowel Sounds** | | **ROM** | | | R | L | Nonreactive |
| | Delayed | | Frequency | | Normoactive | x | Full | | R | L | Dilated |
| **Edema** | | | Urine Odor | | Hyperactive | | Limited | | R | L | Constricted |
| Upper | | | Hematuria | | Hypoactive | | Absent | | R | L | Fixed |
| 0 1+ 2+ 3+ | | | Incontinent | | Absent | | | | | | |
| R | | L | Anuric | | NG/G tube | | | Name | | | Time |
| Lower | | | Vag. Discharge | | Initial Assessment Completed By: | | | | | |
| 0 1+ 2+ 3+ | | | Vag. Bleeding | | | | s. martin LVN | | | 10:05 |
| R | | L | Catheter | | | | | | | |

| **\*\*Contact Provider\*\*** |
|---|

| Name of Provider Notified: | DR. Hall  MD | | Time: | |
|---|---|---|---|---|
| Provider Orders: | Referrer to Mental Health  and OIG , | | | |
| | | | | |
| | | | | |
| | | | | |

| Orders obtained  and read back/verified by: (Name) | S. Martin LVN |
|---|---|

| Time | Nursing Notes | Initials | |
|---|---|---|---|
| 10:00 | Pt. was brought in clinic by security due to had given more info on an sexual assault that happen to him 3-16. Pt. has seen mental health on 2-8-17 due to security brought pt. to tiiem due to claiming he was sexual assaulted back in 3-16. Had no record of the assault taking place until 2-8-17. Pt. was not seen by medical for assault until 3-2-17. Pt. has seen medical many times and no mention of being assaulted until now. Pt. denying any mental issues. | | **Details of abnormal findings and ongoing assessment and care.** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **VITAL SIGNS** | | | |

HSM-16 (08/16)

EX. B-041

20170207590

| Informal Resolution App? | | |
|---|---|---|
| Accusing Officer | Y | N |
| Supervisor | Y | N |

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**OFFENSE REPORT**

| Case No. | 20170207590 | | |
|---|---|---|---|
| Interpreter Required? | | Y | N |
| MHMR Rest? | | Y | N |
| PHD | | Y | N |

(1) TDCJ- No: 1758617 (2) Offender: Ornelas, Juan J.   (3) Unit: EA
(Last Name, First)

(4) Housing Assign: C-2-12   (5) Job Assignment: Sec det level I

(6) Offense Level, Code Title: Level 2 code 20.3 - Engaging in Consensual Acts w/others

OFFENSE DESCRIPTION: On 3/2/17 at 10:15 AM/PM, and at OIG office
(7) date   (8) time   (9) Enter Specific Location

Offender Ornelas, Juan J.   TDCJ No. 1758617
did engage in a consensual acts sexual act
with James Brown #▮▮▮▮▮ by engaging
in homosexual conduct, by self admission in
a written statement.

(10) Additional Information:

On the date & time listed above, Offender Ornelas,
Juan J. #1758617 did engage in a consensual
sexual act with James Brown #▮▮▮▮▮ by
self admission in a written statement.
(See Attached statement)

Said Offender was identified by his
TDCJ ID Card.

**RECEIVED**
MAR 1 6 2017
BY: CO

(Continue on an additional sheet if necessary)

(11) Witnesses: n/a

(12) Accusing Officer/Employee: Printed Name/Rank J. Steel, USAPPM

(13) Signature: Steel   (14) Shift/Card 1/H   (15) Date 3/6/17   (16) Time 6:00 Am

(17) Approving Supervisor's Printed Name: S. Herrington /Sgt   (18) Date 3/6/17

(19) Grading Official (Print) Noran   (20) Rank Ny   (21) Date MAR 1 6 2017

(22) Grade: (Circle One) IR  UP  MI  MA   (23) Justification to override Informal Resolution:

Ex. B-042

I-210 (Rev. 04/12)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary Investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Ornelas, Juan_                                    TDCJ No. _1758617_

Date & Time Investigation started: _3/6/17     1155 am_

1.  ELEMENTS OF CHARGE.   Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense).   If "no," have charging officer add needed information.

Offense Code _20.3_:  Yes [✓] No [ ]          Offense Code _____:  Yes [ ]  No [ ]
Offense Code _____:  Yes [ ] No [ ]          Offense Code _____:  Yes [ ]  No [ ]

2.  ADDITIONAL INFORMATION.   Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below (Write "Yes," "No," or "NA" [not applicable] by each item)

_NO_    a.     listing other witnesses to the incident,
_Yes_   b.     documentary evidence, e.g., photographs of contraband, etc.
_Yes_   c.     additional information about the offense.

3.  ACCUSED OFFENDER STATES THAT:   (Printed and signed interpreter's name if applicable):

_Not Guilty_

4.  ACCUSING OFFICER states that _said offender did engage in a consensual act with another_

5.  WITNESS STATEMENTS (List employee or offender name and attach statements to report)

_None_

6.  DOCUMENTATION.   Documents reviewed (lay-ins, appointments, medical records, etc)
[ ] Lay-ins. [ ] Roster, [ ] Medical Records, [ ] Picture, [ ] Other (List & attach to report)

_See attached LL-0147_

_J. Herrington_                    _Sgt_              _3/6/17      1200 pm_
Name of Investigating Officer (Print)        Rank              Date & Time Investigation Completed

7.  INFORMAL RESOLUTION was not appropriate or not possible because:

_engaging in consensual acts with others will not be tolerated_

_J. Herrington_                    _Sgt_              _3/6/17_
Approving Supervisor's Printed Name           Rank              Date

Back side of I-210 (Rev. 4/12)

EX: B-043

CSDSPW40                    T.D.C.J.                      2017/03/16
EA - 2742          SERVICE INVESTIGATION WORK SHEET       08:34:30

CASE#: 20170207590,   TDCJ # 01758617,   NAME: ORNELAS, JUAN JAVIER

3. THE ACCUSED REASONS AND/OR DEFENSES HAVE BEEN LOGICALLY AND
   SYSTEMATICALLY INVESTIGATED AS FOLLOWS:
   A. 3.10.17,  REVIEWED CASE
   B. 3.10.17,  INTERVIEWED ACCUSED
   C. NAME OF INTERPRETER USED: na

   D) contacted ao

   E) reviewed documents

   F) obtained cso1

                    ?

3.24.17,   Invest Termn.
           CONCLUDE INVESTIGATION

4. ON 3.10.17, THE ACCUSED OFFENDER PRESENTED NON-FRIVOLOUS EVIDENCE,
   THE CHARGING OFFICER/STAFF WITNESS WAS PRESENTED WITH A SUMMARY OF
   THE ACCUSED STATEMENT, ADDITIONAL STATEMENT IS AS FOLLOWS:

   During a Investigation D admitted to having
   consential sex acts with offender Brian and I
   a op1 was unaware

5. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE CHARGES
   MADE AGAINST THE ACCUSED:

   1:210

   ao stmt

   documents

6. LIST THE PORTIONS OF THE INVESTIGATION THAT APPEAR TO SUPPORT THE
   ACCUSED REASONS, AND/OR DEFENSES:

   D stmt

COUNSEL SUBSTITUTE PRINTED NAME: awalker          TITLE: CS1

COUNSEL SUBSTITUTE SIGNATURE: awalker             DATE: 3.24.17
CS-10.11A                                          REVISED 08/2005

CSDSP040                          T.D.C.J.                        2017/03/16
6A - 2742                   HEARING WORK SHEET                     08:54:30

CASE#: 20170207590,   TDCJ # 01758617,   NAME: ORNELAS, JUAN JAVIER          ,
CURRENT UNIT: EA,   HOUSING: C-2    07/ B, CLASS: L3,   CUSTODY: 1A,   TYPE: S,
OFFENSE DATE:  030217, TIME: 10 : 15 AM, LOCATION: EA M1S MISCELLANEOUS
CHARGING OFFICER: STEEL, B. USPPM                          SHIFT/CARD: 17H,
OFFENSE CODES: A) 20 . 3,     B)      . ,    C)      . ,    D)   . ,
DESCRIPTORS:   A) SM        , B)          , C)          , D)          ,
PLEA:          A) _____     , B) _____    , C) _____    , D) _____    ,
FINDING:       A) _____     , B) _____    , C) _____    , D) _____    ,
DHO: _____, CS: _____                              SERVICE DATE: 3-10-17
HEARING DATE/TIME: 4-17-17 11:05am  WAIVE 24 HRS YES ___ NO ___ SERVICE TIME: 9:10am
=======================================================================
A. ACCUSED OFFENDER'S STATEMENT AT HEARING: ___ Δ Absent _____

B. CHARGING OFFICER'S STATEMENT: Not Called

C. CROSS EXAMINATION/QUESTIONS: N/A

D. HEARING NOTES: 1) Δ Absent  2) Transfer case from EA
3) Entered AS Written Status evidence
4) DHO Enters TDCJ CSD9→ Objection
WITNESSES: none
DOCUMENTARY EVIDENCE: documents, CSD9              finding
E. OBJECTIONS: YES X NO ___ IF YES, EXPLAIN: Δ Absent   Guilt

F. SUMMATION/MITIGATION: Corroborative evidence
no loss  20.3 x 180 days

OFFENDER ORNELAS, JUAN JAV WOULD YOU LIKE TO SAY ANYTHING ELSE? YES ___ NO X
Not Present

CS CHECK LIST:           YES NO N/A                      YES NO N/A
OFFENDER PRESENT          ___✓___      NON-FRIVOLOUS EVIDENCE   ___✓___
CS-14                     ___✓___      CROSS EXAMINATIONS       ___✓___
INTERPRETER USED          ____✓        CREDIT (PHD)             ___✓___
                                       MODIFICATION             ✓___
INTERPRETER'S NAME: Na                 APPEALABLE               ____✓
SANCTIONS ASSESSED:                    DRUG TEST DISCLAIMER READ
LOSS OF PRIV. ___, REPRIMAND ___          SOLITARY        ✓___
RECREATION ___, EXTRA DUTY ___            REMAIN L 3
COMMISSARY ___, CONT. VISIT THRU 15 ,     REDUC CLASS FROM ___ TO ___
PROPERTY ___, CELL REST ___               GOOD TIME LOSS ___
OIS ___, SPECIAL CELL ___                 DAMAGES        $___
CS-12                                           REVISED 05/2014

Texas Department of Criminal Justice
**INSTITUTIONAL DIVISION**

**Inter - Office Communications**

To: __DISCIPLINARY HEARING OFFICER__    Date: __3·24·17__

From: __auuuler__ CS    Subject: __WITNESS STATEMENT__

TIME: __12:25 pm__    CASE# __20170207590__
OFFICER: __Johnson B.__    RANK: __Warden__ SHIFT/CARD ASSGN: __1-11__
INMATE:/OFFENDER: _____    TDCJ# _____ HOUSING ASSIGN: _____

STATEMENT OF FACTS BY WITNESS:

during the investigation the ∆ ~~didn't~~
~~give any information~~ did admit in a written
stmt. to have engaged in a consensual
act. with Jame Brown. # ████████

Ex: B-046

```
USDS#040                    T.D.C.J.                      #0177057 16
EA - 2742         SERVICE INVESTIGATION WORK SHEET         08:34:30
```

CASE#: 201702075N0,   TDCJ # 01758617,   NAME: ORNELAS, JOHN JAVIER
CURRENT UNIT: EA,   HOUSING: C-2   07  B, CLASS: L3,   CUSTODY: 1A,   TYPE: S,
OFFENSE DATE: 030217, TIME: 10 : 15 AM, LOCATION:  EA MIS  MISCELLANEOUS
CHARGING OFFICER: STEEL, S. USPPM                    ,        SHIFT/CARD: 1/A,
OFFENSE CODES: A) 20 . 3,      B)         ,    C)      ,    D)   . ,
DESCRIPTORS:   A) SM   _no_ , B)   /   , C)   /   , D)   /   ,
PLEA:          A)         , B)         , C)      ,    D)
CLERK RCVD: 031617, SERVICE LAPSE DATE: 040117 ,   SERVICE DATE: 3.10.17
CS ASSIGNED: _auxiller CSI_           ,           SERVICE TIME: 9:10am

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

(A.) ACCUSED IN ANY FORM OF        E. ACCUSED HAS REQUESTED COUNSEL
     SEGREGATION _ad seg_              SUBSTITUTE
 B. EA BELOW 5.0  TO BELOW 73      F. ACCUSED HAS REQUESTED WITNESS WHO
 C. LITERACY IS QUESTIONABLE          CAN NOT ATTEND THE HEARING
 D. ACCUSED HAS DIFFICULTY UNDER-  (G.) COMPLEXITY OF CASE WARRANTS COUNSEL
     STANDING ENGLISH                  SUBSTITUTE

A. OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:    YES ✓ NO
B. CHARGES LISTED WERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                               RULES AND PROCEDURES:  YES ✓ NO
C. OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                               ALLEGED OFFENSES WERE VIOLATED:  YES ✓ NO
   IF NO, EXPLAIN: _na_

1. THE ACCUSED WAS INFORMED OF THE FOLLOWING RIGHTS:               YES  NO
   A. TO CALL AND QUESTION WITNESSES                                ✓
   B. TO PRESENT DOCUMENTARY EVIDENCE                               ✓
   C. TO BE REPRESENTED BY COUNSEL SUBSTITUTE                       ✓
   D. TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING      ✓
   E. THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  ✓
   F. THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING    ✓

2. THE ACCUSED REASONS AND/OR DEFENSE:
_See attached_

A. REQUESTED WITNESSES: _See attached_

B. REQUESTED DOCUMENTARY EVIDENCE: _none_

```
CS-10.11A                                         REVISED 10/02
```

Ex: B-047

TDCJ DISCIPLINARY REPORT AND HEARING RECORD 

CASE: 20170207590 TDCJNO: 01758617 NAME: ORNELAS, JUAN JAVIER        EA 10.3
UNIT: EA   HSNG: ___   ___ 672/110/OB: SEC DET LEVEL I            ID: 096
CLSS: L3  CUST: 1A  PRIMARY LANGUAGE: ENGLISH   LMHA RESTRICTIONS:  NONE
GRDE: MA / BN   OFF.DATE: 03/02/17  10:15 AM  LOCATION: EA MISCELLANEOUS
TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT EA OIG OFFICE, OFFENDER:  ORNELAS, JUAN
JAVIER, TDCJ-ID NO. 01758617, DID ENGAGE IN A CONSENSUAL ACT WITH JAMES BROWN
#1981212, BY ENGAGING IN HOMOSEXUAL CONDUCT, BY SELF ADMISSION IN A WRITTEN
STATEMENT.

CHARGING OFFICER: STEEL, S. USPPM                SHIFT/CARD: 1 H
TIME/DATE NOTIFIED: 9:10am 3.16.17 BY:(PRINT) _awalker CSI_    IF APPLICABLE INTERPRETER,
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES / NO? IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X _____   DATE: 3.16.17
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
AFFENDER WAIVER SIGNATURE: _____   DATE: _____

### HEARING INFORMATION

HEARING DATE: 4-18-17  TIME: 17.05  UNIT: EZ FOLDER  D  FILE  103 DSFILE 241882
COUNSEL SUBSTITUTE AT HEARING:  Smith   FOLDER ____ FILE ____ DSFILE ____
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) ⑦ transfer case from EA

OFFENDER STATEMENT: ____ NO Stmt

OFFENSE CODES:           20.3
OFFENDER PLEA: (G, NG, NONE) | NG |____|____|____|____|
FINDINGS:  (G, NG, DS)       | G  |____|____|____|____|
REDUCED TO MINOR(PRIOR TO DOCKET) ___ (DOCKET) ___ (HEARING) ___ BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: B officers report D written statement & written statement
by the offender

### PUNISHMENT

LOSS OF PRIV(DAYS) ____   REPRIMAND............ ___    SOLITARY(DAYS)....... ___
*RECREATION(DAYS) ____    EXTRA DUTY(HOURS)..... ___   REMAIN LINE 3........ ✓
*COMMISSARY(DAYS) 45   CONT.VISIT SUSP.THRU _/_/_    REDUC.CLASS FROM __ TO __
*PROPERTY(DAYS).. ____   CELL RESTR(DAYS)...... 15    GOOD TIME LOST(DAYS)..... ___
* UTS(DAYS).. _____ ___  SPECIAL CELL RESTR(DAYS).____ DAMAGES/FORFEIT. $ ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: This type of
behavior will not be tolerated.

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) NO NO / NA
DATE PLACED IN PRE-HEARING DETENTION: / N/A   HEARING LENGTH 3.54 (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: ____ Refused
_Capt Cook_                    _____          _Rehed_
HEARING OFFICER (PRINT)     WARDEN              REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM. B-048
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

SUBJECT: *State briefly the problem on which you desire assistance.*

Dear Ms. Klock

        I was told to send you an I-60 and request for you to sign me up for the Mental Health Therapeutic Diversion Program.

        I would really like to participate in this program because I want to receive all the help that I can get to remedy my depression. I am really desperate for help right now. Every day my depression worsens. You told me that I need to find something to do' so I did'. I found this MHTDP and I really want to do it.

Name: Juan Javier Ornelas    No: 01758617    Unit: Eastham

Living Quarters: C-2-7   G-2-10    Work Assignment: Ad. Seg

DISPOSITION: (Inmate will not write in this space)

appt 3/20/17

RECEIVED MAR 1 7 2017   SCANNED

W/KK

K Coconellaw

I-60 (Rev. 11-90)



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER
GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 00170 9154

UGI Recd Date: MAR 2 1 2017

HQ Recd Date: MAR 2 3 2017

Date Due: 4-30

Grievance Code: 008

Investigator ID#: _____

Extension Date: _____

Offender Name: Juan Javier Ornelas    TDCJ # 0758617

Unit: Eastham    Housing Assignment: C-2-7

Unit where incident occurred: Boyd Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).    I am dissatisfied with the response at Step 1 because...

Alexander Hamilton, a former OSIG inspector who was assigned to Boyd Unit in 2016, acted with a reckless disregard of my right to be free from sexual and physical assaults by another offender (James Brown TDCJ # 01981212) and refused to fully comply with the PREA Law and TDCJ's Safe Prisons/PREA Plan. His actions caused me to be repeatedly sexually and physically abused/assaulted, which caused me serious physical and mental injury, pain and suffering and violated my rights under the Eighth Amendment to the United States Constitution. Copies of I-60's sent to Alexander Hamilton requesting his assistance in April of 2016 were given to L. Haynes of Eastham Unit on 3/8/17. Alexander Hamilton was fired for (according to an investigator) some sort of sexual misconduct with a TDCJ staff member. I reported this issue to SCC on Telford Unit on 9/15/16 to: Warden Townsend, Case Manager Karen Norris and SCC member (Y.B.) who also refused to comply with the PREA Law and TDCJ's Safe Prisons/PREA Plan. Their actions caused a delay in the investigation into this issue and also a delay in my medical and mental treatment which caused me unnecessary serious physical and mental injury, pain and suffering that violated my rights. Other TDCJ Telford Unit employees who witnessed this illegal action and failed to correct that misconduct and encouraged the continuation of the misconduct and also refused to fully comply with the PREA Law and TDCJ's Safe Prisons/PREA Plan are the following: MHMR Manager, Lt. Clark, R. Walter, Facio and B. Howard. These

J-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G


COPY

EX: B-050

individuals also violated my rights by causing me pain, suffering, physical injury and emotional distress. Documentary evidence supporting these facts were given to S.Steel of Eastham Unit on 3/2/17 (I-60 to MHMR of Telford Unit) SEE Also: Grievance #2017008169 X SEE Also: see file written statement on 9/15/16.) L. Haynes and S.Steel of Eastham Unit then retaliated against me for reporting all of this with meritless disciplinary cases - violating my rights by causing me pain, suffering, physical and mental injury.

**Offender Signature:** *Juan Javier Arnelas*   **Date:** 3/19/17

**Grievance Response:**

Your allegation of this incident has been forwarded to the Office of the Inspector General. Based on their review of your grievance, they have assigned OIG case #1700002448.

**Signature Authority:** C. MARTINEZ      **Date:** APR 0 5 2017

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inapproprinte. *

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)



COPY   Appendix G

Ex. B-051

**CORRECTIONAL MANAGED CARE**
**OUTPATIENT MENTAL HEALTH SERVICES**

**Outpatient Clinical Interview (Psychologist/Psychotherapist)**

**Patient Name:** ORNELAS, JUAN J **TDCJ#:** 1758617    **Date:** 03/24/2017 13:34 **Facility:** EASTHAM (EA)
Information from clinical interview: pt. reports he is upset over "some bogus cases from those two in Safe Prisons".
Allowed him to vent his frustrations. Discussed stress management skills. he declined needing anger management
counseling. No distress noted. Denied s.hi.


O:  Mental Status Exam (may use decision tree)
MENTAL STATUS EXAM
       Appearance
          Age
             Appears Stated Age
          Stature
             Average Height
          Weight
             Average Weight
          Clothing
             Clean, Neat
          Grooming
             Normal
          Posture/Gait
             Normal
          Motor Activity
             Unremarkable
       Sensorium
          Attention
             Normal
          Concentration
             Normal
          Orientation
             Oriented X 4
          Recall/Memory
             Normal
       Relating
          Eye Contact
             Normal
          Facial Expression
             Happy
          Attitude Toward Examiner
             Cooperative
       Affect & Mood
          Affect
             Appropriate
          Mood
             Euthymic
       Speech & Thought
          Speech Flow
             Normal
          Thought Content
             Appropriate To Mood/Circumstances
          Preoccupations

Ex. B-052

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: _____

Date Received: ⓐ 05 05 17

Date Due: ⓒ 06/04/19

Grievance Code: ⓑ 400

Investigator ID #: 1-2468

Extension Date: _____

Date Retd to Offender: _____

**Offender Name:** Juan Javier Ornelas  **TDCJ #** 01758617

**Unit:** Estelle (H.S.)  **Housing Assignment:** H-224

**Unit where incident occurred:** Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Ad. Seg. Commissary Officer  When? 5-2-2017

What was their response? I don't know why you are on commissary restriction.

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I'm not sure whats going on here. All I know is that I was placed on commissary restriction without any due process at all. To my knowledge I have not been given any type of disciplinary case while assigned to Estelle High Security Unit. The only thing that I can think of that would cause all of this is 2 old major cases that I received on the Eastham Unit while assigned there. But those cases are "old" and I made it clear to Eastham Unit that I did indeed want to attend the disciplinary hearings on those cases and defend myself from those false allegations. I do not understand how I could be-denied my due process rights and railroaded this way. I want to know whats going on here. Why was I placed on commissary restriction without any due process? Another thing if a disciplinary hearing was held on me without me being there I am still supposed to receive some type of notice and an opportunity to appeal its results. I have not received any type of notice "at all". I received no Form I-47 MA Disciplinary Report and Hearing Record.

_____  05-05-17

---

I-127 Front (Revised 11-2010)  **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**  (OVER)

Appendix F

Ex: B-053

**Action Requested to resolve your Complaint.**

I want my due process rights: notice: and opportunity to appeal case that placed me on commissary restriction. 05 0517

**Offender Signature:** Juan Javier Orrelas    **Date:** 5-2-2017

**Grievance Response:**

**Signature Authority:** _____    **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☑ 1. Grievable time period has expired.  05 0517

☐ 2. Submission in excess of 1 every 7 days.  *

☐ 3. Originals not submitted.  *

☐ 4. Inappropriate/Excessive attachments.  *

☐ 5. No documented attempt at informal resolution.  *

☐ 6. No requested relief is stated.  *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language.  *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible.  *

☐ 11. Inappropriate.  *

**UGI Printed Name/Signature:** R. Lerma    05 0517

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

OFFICE USE ONLY

Initial Submission    UGI Initials: 1-2193

Grievance #:  2017131999

Screening Criteria Used:  01   499

Date Rec'd from Offender:  05 0517

Date Returned to Offender:  05 0517

**2nd Submission**    UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**    UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Rec'd from Offender: _____

Date Returned to Offender: _____

Appendix F

EX: B-054



**TRANS PRIDE
INITIATIVE**

Texas Department of Criminal Justice
Ombudsman Coordinator
P.O. Box 99
Huntsville, Texas 77342-0099

June 12th, 2017

re: request for safekeeping, Juanita(Juan Javier) Ornelas, TDCJ #1758617

To the Texas Department of Criminal Justice Ombudsman Coordinator:

I am writing on behalf of a transgender woman, Ms. Ornelas, Texas Department of Criminal Justice (TDCJ) number #1758617, currently incarcerated at the Estelle Unit.

As per request by Gigi Jamison of UTMB Quality Services, and as coordinated by Ms. Jamison with the Ombudsman Office in a telephone call on February 11, 2016, I am directing this to your office for distribution to the proper TDCJ offices. This letter should be forwarded to the PREA Ombudsman.

Ms. Ornelas is temporarily housed at Estelle Unit because she is undergoing physical therapy for her right hand and wrist. She is unsure, but she feels as if she will be transferred back to Eastham after the physical therapy is complete. She is worried that Eastham Unit is unsafe for her due to threats she has received and instances of sexual abuse she has experienced in the past. The following paragraphs will explain her past experiences that have lead us to believe that she is in need of safekeeping.

**Rape on April 24th, 2016 and subsequent problems at Boyd Unit**

While on the Boyd Unit, Ms. Ornelas was sexually abused multiple times by another incarcerated person named James Brown. After continually harassing and intimidating her, he coerced her into sex with threats that he would tell people she was an informant for the Office of the Inspector General. On the occasions she would refuse to give in to these threats, he punched her in the back of the head. She allegedly reported this to O.I.G. Alexander Hamilton and asked for help, but she was ignored.

This sexual abuse went on for a time, culminating in forced anal rape on April 24th, 2016. Mr. Brown reportedly punched her in the head then forced himself onto her. She informed Alexander Hamilton about this once again, claiming that she was bleeding and in pain, but was ignored once again. Later, she reports experiencing retaliation for reporting the abuse to the O.I.G. Alexander Hamilton.

---

Trans Pride Initiative       P.O. Box 3982, Dallas, Texas 75208 | 214·449·1439       tpride.org

*Reducing Stigma, Building Confidence*

EX: B-055



# TRANS PRIDE INITIATIVE

The Boyd Unit's administration allegedly received reports that Ms. Ornelas' life was in danger, and for that reason they placed her in Administrative Segregation. It seems as if she was asked by the administration to file an OPI. Instead of referring to the threats they have received, they told her to reference the assault that occurred on April 24th, 2016. She complied with these instructions, and also requested a transfer as well as to be given safekeeping status during this time.  She was denied safekeeping status, but was transferred to Telford and then to Eastham.

## Subsequent events at Eastham

It seems as if Eastham Unit conducted an investigation into her sexual abuse at Boyd Unit. Despite this investigation, apparently she reports some PREA violations at Eastham. She reports filing either formal or informal complaints about these violations at Eastham, and later experiencing retaliation for that.

Because of these events, we feel that Ms. Ornelas shouldn't be transferred back to Eastham on release from her medial treatment at Estelle, and that she meets the qualifications for safekeeping. We highly recommend that she be transferred to a unit other than Eastham once she leaves Estelle unit, or that she should be designated for safekeeping status.

We look forward to receiving communication from your office that this issue is being addressed.

Sincerely,

Tyler Freeland
Trans Pride Initiative

---

Trans Pride Initiative        P.O. Box 3982, Dallas, Texas 75208 | 214·449·1439          tpride.org

*Reducing Stigma, Building Confidence*

Ex: B-056



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER
GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2017187649

Date Received: AUG 1 1 2017

Date Due: 09/20/17

Grievance Code: 209

Investigator ID #: JH780 2168

Extension Date: _____

Date Retd to Offender: SEP 0 7 2017

Offender Name: Juan Javier Ornelas  TDCJ # 01758617

Unit: Estelle (H.S.) Housing Assignment: H-204

Unit where incident occurred: Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? SCC                    When? 8-10-2017

What was their response? You are going to stay in seg for a long time.

What action was taken? Held in ad. seg illegally.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Appealing SCC's decision made on 8-10-2017. I was told that I am now being held in ad.seg due to being "sexually assaultive". I am "not" sexually assaultive! I have never threatened or assaulted anyone sexually or in any other way. SCC mentioned disciplinary case # 20170207590 to support their decision. That case is "not" a sexual assault case, and it was written in retaliation of me reporting violations of the PREA Law and sexual abuse done "to me". "I was the one who was sexually assaulted"! All of this is currently being investigated by the O.I.G. case # 1700002448. This is completely outrageous!!!

Now I have been asked to give SCC 6 months in ad.-seg. I did that. Then I was asked to give them 1 year. I did that. I have now been in ad.seg for a total of 1 year and 3 months.

I have just completed months of physical therapy in which I physically interacted with medical staff in close proximity to other inmates (G.P.) while wearing no restraints and without causing any type of threat or danger to them or security. This shows that I am no threat to staff, inmates or security.

To say that I am "sexually assaultive" is a false statement. And to place that statement on state

AUG 1 1 2017

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Ex: B-057

documents is false. Any state documents. And to use such false statements / documents as tools to restrain me in my liberty in extreme conditions is a violation of my state and federal constitutional rights. I do not willingly accept these actions and therefore respectfully appeal SCC's decision.

AUG 1 1 2017

(2) Attachments (documentary evidence / pertinent info). Filed in preparation of litigation and LGBT media release.

AUG 1 1 2017

＊Note: Please return my attachments - thank you.

**Action Requested to resolve your Complaint:**

Requesting: a thorough investigation into this legal matter, a 90 day special review and release from ad. seg.

**Offender Signature:** _Juan Javier Ornelas_   **Date:** 8-10-2017

**Grievance Response:**

Your complaint has been noted by this office. According to Classification, you were placed into Administrative Segregation (Ad-seg) due to a weapon. In regards to the disciplinary of sexual misconduct, it states consensual act by self admission. Your custody level LEVEL 1 mandates you are housed in Ad-seg. It was State Classification decision on 08/11/2017 that you remain in Ad-seg for these reasons. No further action is warranted by this office.

WARDEN PRESTWOOD

**Signature Authority:** _____   **Date:** 5/1/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      ＊Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. ＊
- [ ] 3. Originals not submitted. ＊
- [ ] 4. Inappropriate/Excessive attachments. ＊
- [ ] 5. No documented attempt at informal resolution. ＊
- [ ] 6. No requested relief is stated. ＊
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. ＊
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. ＊
- [ ] 11. Inappropriate. ＊

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

EX: B-058

**TRANS PRIDE
INITIATIVE**

Texas Department of Criminal Justice
Ombudsman Coordinator
P.O. Box 99
Huntsville, Texas 77342-0099

September 2, 2017

re: request to investigate retaliation, remove false charges, and provide safekeeping housing,
 Juanita (Juan Javier) Ornelas, TDCJ #1758617

To the Texas Department of Criminal Justice Ombudsman Coordinator:

I am writing on behalf of a transgender woman, Ms. Juanita Ornelas, Texas Department of
Criminal Justice (TDCJ) number #1758617, currently incarcerated at the Estelle Unit.

As per prior request, I am directing this to your office for distribution to the proper TDCJ
offices. This letter should be forwarded to the PREA Ombudsman and to the State Classification
Committee. Trans Pride Initiative (TPI) will forward the letter ourselves to the Office of the
General Counsel.

## Issue Summary

In 2016, Ms. Ornelas tried to report sexual harassment and sexual abuse against her on Boyd
Unit. Her reports were ignored, and as a result, Ms. Ornelas was physically assaulted on April
24. Instead of providing protection, it appears that officers at Boyd and at subsequent units have
retaliated against Ms. Ornelas by re-victimizing her with false cases and interfering with her
access to legal remedies. Further, it now appears that the abuse is not only being considered
"consensual," but there is an effort to blame her for the abuse against her. A summary time line
is presented here, with details in the Issue Discussion.

- April 2016, Ms. Ornelas was repeatedly sexual abused by James Brown; reported to
  Boyd Unit Office of the Inspector General (OIG); no investigation conducted.

- April 24, 2016, Ms. Ornelas was physically assaulted by James Brown for refusing sexual
  abuse; assault reported to Boyd Safe Prisons.

- May 16, 2016, Ms. Ornelas was placed in protective custody due to threats against her
  life at Boyd Unit. Her cell and person searched, nothing of note found.

- May 17, 2017, Ms. Ornelas' former cell was searched again a day later, after others had
  access to the cell, and a weapon was found; Ms. Ornelas was charged with weapon
  possession.

---

Ex. B-05A

- September 15, 2016, Ms. Ornelas, then at Telford Unit, felt safe enough to report sexual abuse again; no action was taken. She continued to try to address false weapons possession charge and get attention to the sexual abuse issue.

- November 2016, Ms. Ornelas discussed issues with Eastham mental health staff Kimberly Klock and decided to continue to try to address the sexual abuse issue. Her grievances were ignored until late January 2017.

- February 8, 2017, approximately 10 months after first reporting, Safe Prisons interviewed Ms. Ornelas about the sexual abuse, but instead of investigating, filed a consensual sex case against Ms. Ornelas.

- February 28, 2017, OIG investigator admitted OIG failed to act properly in 2016 and the investigator stated he would investigate the case.

- March 2, 2017, Safe Prisons interviewed Ms. Ornelas again, informing her that the earlier Safe Prisons investigation was not done properly; they stated that the issue would be addressed. Instead, and unknown to Ms. Ornelas, the investigator wrote another consensual sex case against Ms. Ornelas.

- Without informing Ms. Ornelas, the hearing was held for the March 2 consensual sex case. Ms. Ornelas ws not allowed to make a statement or participate in the hearing. She was found guilty. She discovered the case on July 24, after being denied commissary.

- On August 10, 2017, the State Classification Committee (SCC) informed Ms. Ornelas she is on file as "sexually assaultive." Ms. Ornelas does not know why this is being claimed; SCC provided no meaningful details.

## Request for Redress

This appears to be an issue of retaliation against Ms. Ornelas for reporting a sexual assault, prohibited under PREA guidelines and TDCJ policy. This serves not only to deny Ms. Ornelas of her basic human rights, but also interferes with TDCJ prevention efforts addressing sexual harassment, sexual abuse, and other violence. To address the issue, we are requesting the following actions.

- Investigation of the disciplinary cases against Ms. Ornelas since April 2016 as retaliatory treatment.

- Provide Ms. Ornelas with documentation that justifies the assessment of "sexually assaultive" or remove that assessment from her record.

- Remove the false weapons charge and false consensual sex cases from her record.

- Provide safekeeping housing.

Ex. B-060



# TRANS PRIDE
# INITIATIVE

## Discussion of the Issues

We previously wrote to the Office of the Ombudsman concerning Ms. Ornelas (our letter dated June 12, 2017) to request safekeeping status. We have since looked more closely at the issues Ms. Ornelas has reported, and we believe this history represents egregious abuses by TDCJ staff and administration, and that the injustices she is experiencing are increasingly interfering with her rights to address inhumane treatment. Our initial request, assigned Inquiry Number 05-6439-01, appears to have prompted no substantive investigation or response; the Office of the Ombudsman dismissed the issues by simply stating that Ms. Ornelas' "current custody status and housing assignment are appropriate."

We believe that represents negligence in recognizing the actual facts of the issue. This subsequent letter is not an amendment of or supplement to the June 12 letter, this is a separate report of what appears to be gross negligence on the part of TDCJ by failing to investigate sexual abuse, by attempting to cover up that failure, and by punishing the victim for reporting her experience of sexual abuse.

### Sexual Abuse Against Ms. Ornelas in 2016

In early 2016, an incarcerated individual named James Brown[1] began sexually harassing Ms. Ornelas at the Boyd Unit. The harassment included unwelcome sexual advances and requests for sexual favors, and it was accompanied by intimidation and attempts to coerce Ms. Ornelas into providing sex in exchange for protection against violence Mr. Brown could foster. Mr. Brown stood at about 6'4" and significantly outweighed Ms. Ornelas, who stands at about 5'9". Knowing that unit staff were unlikely to protect her if reported, Ms. Ornelas eventually conceded to the coerced oral sex for her own safety.

When Ms. Ornelas was moved to a different wing, the harassment and forced sex stopped until Mr. Brown was moved into the same wing and again tried to coerce her into providing sex. After her initial refusals, Mr. Brown began threatening to spread rumors that Ms. Ornelas was informing on contraband trafficking. She then agreed to the coerced oral sex forced by Mr. Brown, but also informed the unit OIG investigator, identified as a Mr. Hamilton, of the abuse in an attempt to seek protection. The OIG investigator did not address the situation and appears to have provided no attempt to protect her; Ms. Ornelas continued to experience sexual harassment and sexual abuse from Mr. Brown repeatedly during April 2016.

Then on April 24, 2016, Mr. Brown assaulted Ms. Ornelas. This was witnessed by several officers and incarcerated persons, and reportedly was documented in Disciplinary Case 20160253174.

---

1.  Brown was later identified by Eastham Unit Safe Prisons/PREA Manager S. Steel as having TDCJ Number 1981212. An August 29 search of the TDCJ online records indicates no incarcerated person with this number in the system at this time. We do not know if Ms. Steel's identification is correct or not.





**TRANS PRIDE INITIATIVE**

### Subsequent Threats, Initial Retaliation

On May 16, 2016, Ms. Ornelas reports that she was told by ranking officers at Boyd Unit that her life was in danger. She was removed from general population and placed in protective custody by a gang intelligence officer named Benny Boykin.

Mr. Boykin then instructed Ms. Ornelas to complete an Offender Protection Investigation (OPI) form and to state therein that her safety was in danger due to reporting the April 24 attack by Mr. Brown. Ms. Ornelas completed the form as instructed. She also disclosed that there were rumors that she had informed on persons running contraband. As stated above, Mr. Brown had used threats of spreading such rumors to force Ms. Ornelas to engage in oral sex.[2]

The following day, May 17, 2016, Ms. Ornelas was given Disciplinary Case 20160281695 for possession of a weapon. Although her cell and her body had been searched May 16 with no results, Mr. Boykin claimed to have found the weapon during a search the following day, after other persons had ample opportunity to access her cell.

Ms. Ornelas appealed the guilty hearing decision through Step 2 (see Grievance Number 2016146930), rightfully questioning how the weapon—found not in her possession but in a cell a day after she was removed from that cell, and after the initial search revealed no weapon— could constitute "a preponderance of evidence" that a weapon was in her possession. Instead, this appears to be insufficient/improper evidence to support a finding of guilt.[3] Subsequently, Ms. Ornelas tried to seek legal recourse for the wrongful finding, but she was repeatedly denied legal visits, potentially interfering with Ms. Ornelas' right of access to courts.

### Transfer to Telford Unit

On or about June 13, 2016, Ms. Ornelas was transferred to Telford Unit. On September 15, 2016, she was seen by the SCC, which was reviewing her placement in administrative segregation. At this point, Ms. Ornelas felt she could disclose the sexual abuse by Mr. Brown and the OIG's failure to investigate, and discussed the issues and the committee review meeting. The SCC appears to have taken no action to investigate the issue, and left Ms. Ornelas in administrative segregation.

---

2.   Ms. Ornelas reports that she did not disclose at that time that Mr. Brown had been sexually abusing her because OIG investigator Hamilton had ignored that information, and because she was afraid disclosing it to Boyd staff would further endanger her safety. Officers often disclose such reports but provide no protection from assailants or their associates, which greatly increases the risk of violence against persons reporting sexual abuse. This behavior by TDCJ staff discourages reporting of sexual harassment and sexual abuse.

3.   TDCJ defines "preponderance of evidence" as "evidence of greater weight or more convincing than the evidence which is offered in opposition to it, that is, evidence which as a whole shows that the fact sought to be proven is more probable than not." There appear to be ample reasons for Ms. Ornelas' safety to have been at risk, either through direct attack/assault or through being set up for a false case. These include the prior assault by Mr. Brown, the disciplinary case against Mr. Brown and supported by Ms. Ornelas, and the claims of there being a threat against her safety according to Boyd Unit staff. These weighed with the fact that Ms. Ornelas does not have a recent history of any violent behavior or weapons possession cases indicate the assumed possession of the weapon is circumstantial at best, but certainly not a "preponderance of evidence."

Trans Pride Initiative     P.O. Box 3982, Dallas, Texas 75208 | 214-449-1439            tpride.org



Ex. B-002



## TRANS PRIDE INITIATIVE

On September 22, 2016, Ms. Ornelas reports that she met with a Telford Unit mental health counselor and expressed her depression and frustration at TDCJ's refusal to address either the false weapons charge or the sexual abuse.

### Transfer to Eastham Unit, Subsequent Retaliatory Actions

On or about November 10, 2016, Ms. Ornelas was transferred to the Eastham Unit. She once again confided in the unit mental health personnel (Kimberly Klock), reporting the sexual abuse by Mr. Brown. Ms. Ornelas reports she then filed several I-60s to try to get some attention to the issue, but none had any response until January 21, 2017, when Grievance Number 2017079154 was addressed.

In response to Grievance Number 2017079154, Safe Prisons officer Ms. L. Haynes conducted an OPI investigation on February 8, 2017. Although the sexual abuse was initially reported in April 2016, was reported again in June 2016, and was reported multiple times from November 2016 through January 2017, this appears to constitute the first time that the agency has opened an investigation.

However, instead of a proper investigation, Ms. Ornelas reports that Ms. Haynes tried to blame Ms. Ornelas for the abuse she suffered. Ms. Haynes is reported to have noted that she could not find James Brown in the system.[4] To reinforce Ms. Haynes' false accusation, she cited Ms. Ornelas with Disciplinary Case 20170190784. It appears that this was for making a false statement or consensual sex, but TPI has not seen this report yet.

Then on February 28, 2017, OIG investigator Ben Gardner interviewed Ms. Ornelas about the sexual abuse documented in Grievance Number 2017079154. Mr. Gardner is reported to have apologized for OIG investigator Hamilton's failure to follow TDCJ policy, and stated he would investigate the sexual abuse. We have no further information about whether it was investigated.

Officer Ms. S. Steel, who like Ms. Haynes represented the Eastham Safe Prisons/PREA office, interviewed Ms. Ornelas for a new OPI on March 2, 2017. Ms. Steel is reported to have told Ms. Ornelas that Ms. Haynes had not conducted the initial interview properly, but Ms. Steel continued to try to cast blame on Ms. Ornelas for the sexual abuse against her. However, Ms. Steel, reported that she would "write up the investigation."

On March 6, 2017, Ms. Ornelas was informed that Grievance Number 2017079154 was found "unsubstantiated." As an indication of underlying reasons for the dismissal of the grievance, Ms. Ornelas reports that she was criticized by administration at Eastham—Ms. Haynes, Ms. Steel, and Assistant Warden Johnson all criticized her for reporting the abuse to OIG's Mr. Hamilton instead of TDCJ staff. To discouraging such reporting is not only a clear violation of PREA regulations that state she can report to any party with which she feels comfortable, it also clearly undermines TDCJ's alleged "zero tolerance" for sexual harassment and sexual abuse.

---

4.  Note that there are currently about 24 James Browns in the system, and that a short time after this statement from Ms. Haynes, the specific James Brown alleged to have assaulted Ms. Ornelas was identified by TDCJ number 1981212.

Ex. B-063



TRANS PRIDE
INITIATIVE

In March or April, Ms. Ornelas was transferred to Estelle Unit, where she is currently housed.

### Victim Blaming: Consensual Sex Case and Procedural Violations at Hearing

It appears that by "write up the investigation," Ms. Steel actually meant she would write a disciplinary case, now identified as Disciplinary Case 20170207590. Ms. Ornelas did not know the case had been written up until July 24, 2017.

The copy of that case report indicates that on March 2, 2017, Ms. Ornelas "did engage in a consensual act with James Brown #1981212, by engaging in homosexual conduct, by self admission in a written statement."

Such a disciplinary case serves no purpose except to blame a survivor of sexual abuse for the actions of her abuser. Ms. Ornelas would have nothing to gain creating a false report of sexual abuse because Mr. Brown is no longer in TDCJ custody, so reporting the action is not likely to get her moved or result in any action against Mr. Brown due to the length of time that has passed because the OIG failed to investigate the initial report. The only reasons for filing such a disciplinary case are 1) as retaliation for reporting sexual abuse to OIG, and 2) to discourage future reports of sexual abuse.

The hearing for Disciplinary Case 20170207590, which took place April 18, 2017, shows that Ms. Ornelas indicated she did wish to attend the hearing, although she does not recall even being informed of the disciplinary case—it is assumed her "response" was completed without Ms. Ornelas' participation. A person named "Smith" was apparently the counsel substitute at the hearing, and the hearing record indicates Ms. Ornelas had no statement, but due to the history of these issues and her advocacy for her rights around this issue, it is highly unlikely that she would have made no statement on her own behalf. The hearing is noted to have taken less than four minutes. She was found guilty of a case because she reported a sexual assault, and appears to have not even been provided the opportunity to make a statement about the case.

On July 24, 2017, Ms. Ornelas reported to us that she had just that morning received the hearing record for Disciplinary Case 20170207590, which she had to purchase from the Law Library. She only learned that something had happened when she was told she was restricted from commissary purchases. She has tried to file a grievance about the issue, only to be told that the grievable time period had expired. However, this seems to be contrary to the rule in AD-03.82 that she has 15 days from when she "became aware or should have become aware of the incident or problem." Granted, she should have been aware of it long before—but that was due to TDCJ staff's failure to follow proper procedure and inform her, not due to any negligence on her part.

### Victim Blaming Becomes False "Sexually Assaultive" Claim

On August 10, 2017, Ms. Ornelas saw SCC for another administrative segregation review hearing. She was told that she would remain in administrative segregation into next year (Form I-189 indicates until February 2017, but we assume that is in error and should be 2018). That was



Ex. B-064



**TRANS PRIDE INITIATIVE**

not so much a surprise due to the highly problematic disposition of Disciplinary Case 20170207590, but it is certainly problematic that in addition to keeping her in administrative segregation due to false charges, SCC is now claiming she is "sexually assaultive," which apparently means that her efforts to report a sexual abuse against her have resulted not just in being misrepresented as consensual sex, but also to misrepresent her as the assailant.

Ms. Ornelas has filed a grievance against this, and TPI fully supports her actions to address the egregious behavior of TDCJ staff.

## Conclusion

As stated in our Request for Redress, the treatment Ms. Ornelas has experienced appears to indicate protracted and deliberate retaliation for reporting a sexual abuse.

**The history of this abusive behavior appears to violate multiple provisions in PREA regulations,** including at a minimum §§115.11, 115.31, 115.34, 115.62, 115.67, 115.73.

**This history of abusive behavior appears to violate multiple TDCJ policies,** including at a minimum policies in:

- The "Safe Prisons/PREA Plan" covering
  - Negligence by the Unit Safe Prisons/PREA Manager at Eastham Unit,
  - Failure to follow Immediate Response protocol,
  - Failure to to appropriately follow policy in Obtaining Information from Offenders,
  - Neglect of duties related to Reporting Allegations,
  - Failure to ensure Protection from Retaliation, and
  - Failure to provide appropriate Investigations.
- Policy PD-22, "General Rules of Conduct and Disciplinary Action Guidelines for Employees," for Substandard Duty Performance, Falsification of Records, and Denial of Uniform Access to Courts.
- Policy BP-03.81, "Rules Governing Offender Access to the Courts, Counsel, and Public Officials," for interfering with access to legal visits and possibly failure to provide requested materials.

Once again, we are requesting that this denial of Ms. Ornelas' basic human and constitutional rights—and TDCJ's failure to have an effective policy to prevent sexual harassment, sexual abuse, and other violence—be in part addressed by taking the following actions.

- Investigate the disciplinary cases against Ms. Ornelas since April 2016 as retaliatory treatment.
- Provide Ms. Ornelas with documentation that justifies the assessment of "sexually assaultive" or remove that assessment from her record.

Ex: B-065



**TRANS PRIDE
INITIATIVE**

- Remove the false weapons charge and false consensual sex cases from her record.
- Provide safekeeping housing.

We look forward to receiving communication from your office that these issues are being appropriately addressed instead of continuing to blame the survivor of sexual abuse.

Sincerely,

Nell Gaither, President
Trans Pride Initiative

cc:   Office of the General Counsel
      Austin Community Law Center

Trans Pride Initiative      P.O. Box 3982, Dallas, Texas 75208 | 214·449·1439      tpride.org

*Reducing Stigma, Building Confidence*      *page 8 of 8*

Ex: B-0606

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

### SAFE PRISONS/PREA PROGRAM

#### Offender Notification Brochure

**Date:** 09/06/2017

**To:** Ornelas, Juan Javier #1758617

**Subject:** OIG Case #1700002448 / Incident # I-02319-02-17

On 2/27/2017, you made an allegation of sexual assault, which prompted a criminal investigation. That allegation resulted in the opening of a criminal case by the Office of the Inspector General (OIG).

The alleged suspect is Brown, James.

According to information received from the OIG, it has been determined that the allegations are **Unsubstantiated.**

This document serves as your final notification if the above criminal case was determined unsubstantiated or unfounded. Following a substantiated case, you will only receive subsequent notification(s) following the suspect assailant indictment or conviction on the related charge. If you need assistance understanding the information contained in this brochure, you may contact the Safe Prisons/PREA Manager on your unit.

Lorena Steinbecker
Safe Prisons/PREA Program Manager

Cc: File

Ex. B-067

# Texas Board of Criminal Justice

*Our mission is to provide public safety, promote positive change in offender behavior,
reintegrate offenders into society, and assist victims of crime.*

**Dale Wainwright**
**Chairman**

October 17, 2017

ORNELAS, Juan #1758617
Estelle Unit
264 FM 3478
Huntsville, Texas  77320-3320

RE:  SA-200506439-00003

Offender Ornelas,

This letter is in response to correspondence received on October 03, 2017, from Trans Pride
Initiative, Nell Gaither; in the Texas Department of Criminal Justice (TDCJ) Ombudsman Office
regarding allegations of you being sexually abused by an offender at the Boyd Unit.  The
information was forwarded to the PREA Ombudsman Office for investigation.

The TDCJ has zero tolerance for sexual abuse and sexual harassment and requires all allegations
of sexual abuse and sexual harassment to be thoroughly investigated.  The PREA Ombudsman
Office is responsible for the oversight of administrative investigations concerning allegations of
sexual abuse and sexual harassment. We fully review each administrative investigation and the
unit's response to allegations of sexual abuse and sexual harassment.   In addition, allegations of
sexual abuse we receive are referred to the TDCJ – Office of the Inspector General (OIG) for
possible criminal investigation.  If you have any questions regarding an OIG case, you may contact
the OIG at P.O. Box 4003, Huntsville, Texas 77342.

The PREA Ombudsman Office conducted a review of the unit's administrative investigative
reports regarding the allegation of sexual abuse, to include statements.  We found the investigation
was conducted appropriately and in accordance with TDCJ policies and procedures. Records
indicate all allegations have been previously reported and investigated.

The PREA Ombudsman Office completed the investigative review on October 17, 2017, and
determined the allegation of sexual abuse to be unsubstantiated.  Please note that "unsubstantiated"
means there was insufficient evidence to make a final determination whether or not the incident
occurred.

Additionally, there are many factors considered by the TDCJ in the placement of an offender in
Safekeeping housing.  The State Classification Committee (SCC) ultimately makes the final
determination.  The PREA Ombudsman Office does not make the determination for placement.

Ex. B-068

Based on the information we reviewed, the PREA Ombudsman Office has closed this inquiry request and no further action will be taken at this time.

Sincerely,

*Teresa Hosea*

Teresa Hosea,
Program Specialist I
PREA Ombudsman Office

cc: File

Ex. B-069



**Texas Department of Criminal Justice**

# STEP 1    **OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2018072450

Date Received: 011818

Date Due: 02/27/2018

Grievance Code: 3D2

Investigator ID #: I2015

Extension Date: _____

Date Retd to Offender: 0 2 FEB 2018

Offender Name: Juan Javier Ornelas  TDCJ # 01758617

Unit: Estelle (H.S.)  Housing Assignment: H-204

Unit where incident occurred: Estelle (H.S.)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Disciplinary Captain Benson (I-60) When? 1-9-18

What was their response? No response

What action was taken? Ignored my I-60 / request                              011818

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On (1-9-18) I sent an I-60 to the Disciplinary Captain requesting the (FINDINGS) on my disciplinary case # 20170190784' and I never received a response of any kind.  011818
This is not an appeal. I am requesting this information because it is relevant evidence to my legal case # 4:17-cv-03861.  011818
I was not allowed to attend the disciplinary hearing for this disciplinary case' and I never received a copy of Form I-47MA for this case' so I dont know anything about it FINDINGS.
I tried to purchase a copy of this Form I-47MA several months ago through the Open Records Act / Law Library' but I never received it. So Im assuming that they did not have it in their computer under my file.  011818
I believe that I was found "Not Guilty" in this disciplinary case because it was a bogus case. If so' this case is in the "Unit Disciplinary Archive File."  011818
GR-106 states: quote: pg 18) Information regarding not guilty findings shall only be used for legal or grievance issues. end of quote.  011818
With that said' I have a legitimate request and need for this information. If you will not give me a copy of this Form I-47MA, please just give me its FINDINGS, (Guilty-or-Not Guilty). There is no legitimate reason for any TDCJ official to deny me this information. I have the right to know if I  011818

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

Ex: B-070

have been found guilty -or- not' of any disciplinary case written on me. ☺11818

Note: This case was written by Leontyne Haynes of the Eastham Unit on 2-28-17. I believe the case was transferred here to Estelle (H.S.) in April 2017.

☺11818

**Action Requested to resolve your Complaint.** Requesting the FINDINGS for disciplinary case # 20170190784

**Offender Signature:** Juan Gavier Ornelas        **Date:** 1-18-18

**Grievance Response:**

Your complaint has been noted by this office.  Captain Vincent states that he spoke with you on 01/24/18 and your issue regarding the disciplinary case has been taken care of.  Your grievance has been resolved accordingly.  No further action is warranted at this time.


                                        Warden Lacox



**Signature Authority:** _____        **Date:** 2/1/18

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority:_____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

I-127 Back (Revised 11-2010)

Appendix F

EX: B-071

RESUBMISSION

**Texas Department of Criminal Justice**

# STEP 2

OFFENDER
GRIEVANCE FORM

OFFICE USE ONLY

Offender Name: **Ornelas, Juan**   TDCJ # **1758617**

Unit: **E2**   Housing Assignment: **H204**

Unit where incident occurred: **E2**

Grievance #: **2018072450**

UGI Recd Date: **03.15.18**

HQ Recd Date: **MAR 23 2018**

Date Due: **04.24**

Grievance Code: **302**

Investigator ID #: **I 1364**

Extension Date: **6/3/18**

JUN 0 4 2018

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

This issue has not been resolved. On 1-18-18 I spoke with Counsel Substitute Ms. Bailey and she told me that Disciplinary Case #20170190784 is not in any of the Unit's Disciplinary Records/Files. She showed me her computer screen displaying my disciplinary record and this case is not there. If I was found Not Guilty then this case should be in the Unit's Disciplinary Archive File where according to GR-106 it is to be maintained for 2 years. Why is it not there (?) On 1-24-18 I spoke to Captain Benson and Ms. Bailey again about case #20170190784 and case #20170207590 and they told me that they are not at liberty to give me copies of anything. I asked if I could at least inspect (see/read) them there and they said no and that I must go through Open Records to access them. Ive tried to obtain these documents through Open Records and the only thing that they sent me was I-47MA Form for case #20170207590. I received nothing for case #20170190784. Where are all the other documents (I-47MA, I-210 and documentary evidence) for these cases (?) These cases were ran without me being present and I never received anything. Ive tried to obtain these documents through various channels but Ive been repeatedly denied them. Why (?) According to GR-106 I

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    **(OVER)**

Appendix G

Ex: B-072

have the right to access these documents for grievance or legal issues. I have a legal issue' 4:17-cv-03861 on the officers who wrote these cases. If there is no conspiracy, collusion or cover-up going on then why is everyone keeping all of these documents from me (?)

Offender Signature: ___FEB 0 9 2018___ _Juan Javier Ornelas_ Date: _____

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. The case was dismissed prior to the hearing. Based on the facts available at this time, no further action is warranted by this office.

Offender Signature                                                Date

Grievance Response:

MATT GROSS
ASSISTANT REGION DIRECTOR

Signature Authority: _____ Date: _5-17-18_

**Returned because:    *Resubmit this form when corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☒ 3. Originals not submitted. * _signature needed_

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: D. HURLEY, PS III _DHurley_
REGION I OFFENDER GRIEVANCE      FEB 0 9 2018

Signature Authority:

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

I-128 Back (Revised 11-2010)      ☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

**OFFICE USE ONLY**

Initial Submission           CGO Initials: DH

Date UGI Rec'd: _02·06·18_

Date CGO Rec'd: _FEB 0 9 2018_

(check one) _X_ Screened ____ Improperly Submitted

Comments: _no signature_

Date Returned to Offender: _3-7-18_

**2nd Submission**           CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**           CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**Appendix G**

Ex. B-013

Juan Javier Ornelas # 01758607
Estelle (H.S.) Unit
2664 FM 3478 Rd.
Huntsville, Tx. 77320

W-18-CV-056
Legal Mail

Clerk, U.S. District Court
Western District Of Texas
800 Franklin Avenue Room 380
Waco, Tx. 76701

16 13.1

PRIORITY
MAIL ★

**PRIORITY★**
**MAIL★**
®

DATE OF DELIVERY SPECIFIED *

USPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

PICKUP AVAILABLE
Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**FROM:** Ornelas, Juan
TDCS # 1756619
Estelle unit
264 FM 3478
Huntsville, TX 77320

**TO:** Clerk U.S. District Court
Western District of Texas
800 Franklin Avenue Room 380
Waco, TX 76701

ckaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.