IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JUAN JAVIER ORNELAS #1758617 | § | |
| | § | |
| V. | § | W-18-CA-056-ADA |
| | § | |
| ALEXANDER HAMILTON | § | |

# ORDER

Before the Court are Plaintiff's Complaint (#1), Defendant's Motion for Summary Judgment (#52), and Plaintiff's responses (#54, 56, 57). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff asserts that Defendant Alexander Hamilton failed to protect him from assaults by other inmates. Plaintiff alleges Hamilton was an investigator for TDCJ at the Boyd Unit, where Plaintiff was housed. In April 2016, Plaintiff alleges he sent Hamilton several letters reporting that he was being physically and sexually abused by another prisoner. Plaintiff alleges that Hamilton ignored his letters. Plaintiff alleges he was repeatedly assaulted and raped throughout the month of April 2016. Plaintiff seeks $400,000 in compensatory damages and $200,000 in punitive damages.

1

## DISCUSSION AND ANALYSIS

A.  Factual Background

Plaintiff alleges that Defendant was responsible for investigating allegations of sexual abuse at the Boyd Unit, where Plaintiff was housed. In April 2016, Plaintiff alleges he sent letters to Defendant reporting that Plaintiff was being physically and sexually abused by another prisoner. Plaintiff contends that Defendant ignored the letters and failed to respond. On April 24, 2016, Plaintiff contends he was again assaulted. Plaintiff was given a disciplinary case for fighting. On May 3, 2016, however, he was found not guilty of fighting. Plaintiff contends he was returned to general population. Plaintiff also contends that Defendant continued to ignore Plaintiff's complaints. Eventually Plaintiff requested a unit transfer and was transferred to another unit in June 2016. Plaintiff argues that Defendant "caused me to be repeatedly physically and sexually abused" due to his failure to respond to Plaintiff's letters. Plaintiff admits that he did not file a proper or timely grievance, but attributes this to the expiration of the grievance deadline while Plaintiff was confined in a separate cell. Plaintiff also contends that when he requested grievance forms he was denied.

Following his unit transfer, Plaintiff contends that he filed at least three grievances, between June and Spetember 2016, regarding his previous abuse and Defendant's alleged misconduct, but that these grievances were not processed or investigated because they were untimely. Plaintiff was transferred again, and he contends that on November 10, 2016, at his new unit, he filed several additional

grievances regarding Defendant's conduct back in April, but these were unprocessed, again because they were untimely.

B.  Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." *Id.* at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

C. <u>Eleventh Amendment Immunity</u>

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Therefore, being sued in his official capacity for monetary damages, Defendant is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984).

D. <u>Exhaustion of Administrative Remedies</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court subsequently reviewed the 1996 provisions regarding exhaustion and concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court explained "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit elaborated, noting that district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (citations omitted).

As a general matter, courts typically use a standard according to which a grievance should give prison officials "fair notice" of the problem that will form the basis of the prisoner's suit. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)). When deciding whether a grievance is sufficiently detailed, "a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally.'" *Id.* (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Thus, a grievance should be considered sufficient for exhaustion purposes, if the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit. *Id.* at 516-17.

Here, Plaintiff claims that Defendant Hamilton was deliberately indifferent to his well-being and failed to protect him from sexual assault by another inmate in April

5

2016. A review of Plaintiff's grievance records from January 1, 2016 until July 31, 2016, reveals that he did not file any grievance concerning Defendant or any allegation whatsoever of sexual abuse. Def. Ex. A (#53). Consequently, Plaintiff's claims that Defendant Hamilton failed to protect him are unexhausted and must be dismissed.

E.   Failure to Protect

Plaintiff appears to contend that he was unable to exhaust because he was prevented from obtaining grievance forms. A prisoner is not required to exhaust remedies if remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1855–59 (2016). Even if the Court were to excuse Plaintiff's failure to exhaust, however, Plaintiff fails to allege sufficient facts to state a claim for failure to protect. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Baker v. McCollan*, 443 U.S. 137 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001)(quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983)).

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted). In order to establish a failure to protect claim pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) he was held in custody under conditions that posed a substantial risk of serious harm, and (2) that a prison official acted with deliberate indifference to the risk of harm. *Id.* at 834; *Neals v. Norwood*, 59

F.3d 530, 532 (5th Cir. 1995). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To establish deliberate indifference in the context of the Eighth Amendment, Plaintiff must show that Defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. *Farmer*, 511 U.S. at 837; *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Here there is no evidence that Defendant was aware of the threats to Plaintiff. Although Plaintiff contends he sent several letters to Defendant, there is no evidence whatsoever that Defendant ever saw those letters. Plaintiff asserts that Defendant "ignored" the letters, but there is no indication that Defendant deliberately ignored the letters, or was even aware of their content. Even assuming that Defendant was aware of Plaintiff's concerns, there is no allegation whatsoever that Defendant perceived of the risk and disregarded it. At most, Plaintiff alleges that Defendant should have perceived the risk and should have done something else to alleviate it, but this is insufficient to show deliberate indifference. *Domino*, 239 F.3d at 756 (citing *Farmer*, 511 U.S. at 838).

7

F.  No Personal Involvement

Finally, Plaintiff fails to show that Defendant was personally involved because Plaintiff fails to show Defendant ever received the letters Plaintiff alleges he was ignoring. To the extent that Plaintiff is alleging Defendant is liable due to his supervisory position, that claim fails. Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304. Plaintiff identifies no such policies and makes no allegations that Defendant Hamilton was personally involved.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (#52) is **GRANTED**.

It is further **ORDERED** that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

It is finally **ORDERED** that all other pending motions are **DISMISSED**.

**SIGNED** on July 9, 2019

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE