# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 28, 2021

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 19-50681   Ornelas v. Hamilton
                        USDC No. 6:18-CV-56

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Casey A. Sullivan, Deputy Clerk
                            504-310-7642

cc:
    Mr. Samuel P. Bragg
    Mr. William Francis Cole
    Mr. Christopher Lee Lindsey



**Certified as a true copy and issued as the mandate on Oct 28, 2021**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 6, 2021
Lyle W. Cayce
Clerk

_____

No. 19-50681

_____

JUAN JAVIER ORNELAS,

*Plaintiff—Appellant,*

versus

ALEXANDER HAMILTON, OFFICE OF INSPECTOR GENERAL,

*Defendant—Appellee.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-56

_____

Before OWEN, *Chief Judge*, and CLEMENT and DUNCAN, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 6, 2021
Lyle W. Cayce
Clerk

No. 19-50681

Juan Javier Ornelas,

*Plaintiff—Appellant*,

*versus*

Alexander Hamilton, Office of Inspector General,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-56

Before Owen, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.
Per Curiam:*

Juan Javier Ornelas, Texas prisoner # 01758617, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Alexander Hamilton, an investigator for the Texas Department of Criminal Justice's ("TDCJ") Office of the Inspector General. Ornelas alleged that another inmate physically and sexually abused him while confined at the Boyd Unit within

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the TDCJ. Despite allegedly reporting the abuse to Hamilton, Ornelas claims that Hamilton ignored his written complaints. As a result, the physical and sexual abuse purportedly continued. Hamilton moved for summary judgment, claiming that, among other things, Ornelas failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA").

The district court granted Hamilton's motion for summary judgment and dismissed Ornelas' § 1983 claim with prejudice, finding that Ornelas' claims were unexhausted, and, in any event, he had not alleged sufficient facts to state a claim for failure to protect. Ornelas timely appealed, asserting that the district court erred in: (1) finding that his claims were not exhausted; (2) finding that he did not allege sufficient facts to support his failure to protect claim; and (3) denying his motions to compel discovery and for the appointment of counsel. Ornelas also moved for the appointment of counsel on appeal, which we granted. We now affirm.

I.

We review a grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (quotation omitted). Summary judgment is proper where there is no genuine dispute regarding any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

II.

A prisoner who wishes to file a § 1983 lawsuit for damages against prison officials must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). To properly exhaust a claim, a prisoner must not only pursue all available avenues of relief but must also comply with all administrative remedies and procedural rules. *Woodford v.*

*Ngo*, 548 U.S. 81, 89–95 (2006). If a claim is not properly exhausted prior to the filing of the § 1983 complaint, it must be dismissed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam).

Hamilton concedes that "under current Fifth Circuit case law, any administrative-exhaustion argument was waived when prison officials considered, and rejected, Ornelas'[] grievance on the merits." *See* Appellee Supp. Br. at 11–12 (first citing ROA.236-37, 257-58; then citing *Gates v. Cook*, 376 F.3d 323, 331 n.6 (5th Cir. 2004); *Johnson*, 385 F.3d at 520; *Cortez v. Richardson*, 725 F. App'x 315, 315–16 (5th Cir. 2018) (per curiam); *Patterson v. Stanley*, 547 F. App'x 510, 512 (5th Cir. 2013) (per curiam)). Notwithstanding Hamilton's exhaustion concession, Ornelas still cannot prevail on appeal because he failed to allege sufficient facts to state a claim for failure to protect.

### III.

To state of claim of failure to protect, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F. 3d 322, 326 (5th Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

As the district court determined, there was no evidence or allegation that Hamilton was aware of facts from which he could infer that there was an excessive risk to Ornelas' safety. *See Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013) ("To act with deliberate indifference, a state actor must know of and disregard an excessive risk to the victim's health or safety." (cleaned up)). Though Ornelas alleges that he sent letters to Hamilton on April 1 and April 17, 2016, reporting the abuse, and asking for help, there is no evidence or allegation that Hamilton saw them. There is also no evidence or allegation

No. 19-50681

that Hamilton ever saw or received the grievances Ornelas eventually filed in 2017, after being transferred from the Boyd Unit.

To the extent that Ornelas argues that Hamilton should have perceived the risk to his health and safety given that Hamilton knew that Ornelas previously acted as an informant in an official prison investigation, that is insufficient to support a constitutional claim under the Eighth Amendment. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *see id.* at 840 (holding that "Eighth Amendment liability requires consciousness of a risk"); *cf. Johnson*, 385 F.3d at 524 ("The official's knowledge of the risk can be proven through circumstantial evidence, such as by showing that the risk was so obvious that the official must have known about it." (citation omitted)).

## IV.

Ornelas argues that the district court erred in dismissing his pending motion to compel discovery when it granted summary judgment. Ornelas does not explain how any discovery would have substantiated his allegations regarding his claim of failure to protect. Because Ornelas relies on vague assertions regarding the need for additional discovery, he has failed to show that the district court abused its discretion in denying his motion to compel. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

Ornelas further complains that the district court erred in denying his motion for the appointment of counsel. Ornelas' claim of failure to protect is not so complex as to require the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, Ornelas' filings in the district court indicate his grasp of the facts and relevant substantive and procedural legal issues and demonstrate that he can adequately investigate

No. 19-50681

and present his case. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). The district court did not abuse its discretion in refusing to appoint counsel for Ornelas. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.